**EXHIBIT F**

OCT-13-2006  10:14AM  FROM-                                    T-429  P.003  F-710
OCT-11-2006  05:34PM  FROM-
CT 10 2006  2:44 PM FR WASSERMAN COMDEN CASS81 4098 TO    134822939      P.09

COPY

1   MELISSA M. HARNETT (Bar No. 164309; mharnett@wcclaw.com)
    WASSERMAN, COMDEN & CASSELMAN, L.L.P.
2   5567 Reseda Boulevard, Suite 330
    Post Office Box 7033
3   Tarzana, California 91357-7033
    Telephone: (818) 705-6800 • (323) 872-0995
4   Facsimile: (818) 345-0162

5   THE GARCIA LAW FIRM
    Stephen M. Garcia, State Bar No. 123338
6   Serina M. Hinson, State Bar No. 228255
    David M. Medby, State Bar No. 227401
7   One World Trade Center, Suite 1950
    Long Beach, California 90831
8   Telephone: (562) 216-5270
    Facsimile: (562) 216-5271

9
    Attorneys for BRUCE SCHILLER, and
10  VARIOUS PARTIES

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 10 2006

John A. Clarke, Executive Officer/Clerk
By_____ Deputy
Ex-Gilles

FILE BY FAX

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12              IN AND FOR THE COUNTY OF LOS ANGELES

13

14  BRUCE SCHILLER, an individual and on         CASE NO. BC360076
15  Behalf of all Others Similarly Situated,
                                                 CLASS ACTION
16                  Plaintiffs,
                                                 COMPLAINT FOR:
17          vs.
                                                 1) VIOLATION OF CONSUMERS
18  PLANTRONICS INC., a Delaware                 LEGAL REMEDIES ACT,
    corporation, and DOES 1-50,                  (CAL. CIV. CODE § 1750 et seq.);
19
                    Defendants.                  2) VIOLATION OF UNFAIR
20                                               COMPETITION LAW,
                                                 (CAL. B & P CODE § 17200 et seq.);
21
                                                 3) UNTRUE AND MISLEADING
22                                               ADVERTISING
                                                 (CAL. B & P CODE § 17500, et seq.)
23
                                                 4) UNJUST ENRICHMENT
24
                                                 5) BREACH OF EXPRESS
25                                               WARRANTY
26                                               6) BREACH OF IMPLIED
                                                 WARRANTY
27
                                                 JURY TRIAL DEMANDED
28

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1    Plaintiff BRUCE SCHILLER ("Plaintiff"), individually and on behalf of others

2   similarly situated, brings this action against Defendant PLANTRONICS INC. and DOES 1

3   through 50 (jointly "Defendants"), demanding a trial by jury, as follows:

4

5                                      **VENUE**

6

7        1.      Venue is proper in this Court pursuant to California Code of Civil Procedure

8   § 395(b), in that this action arises from an offer or provision of goods intended primarily

9   for personal use.  Plaintiff resided in the County of Los Angeles at the time that the

10   purchases of the goods at issue were made, and continues to live in the County of Los

11   Angeles at the present time.  Plaintiff purchased the goods at issue in the County of Los

12   Angeles.  At all relevant times, Defendants marketed and sold Bluetooth headset devices to

13   purchasers in California, including but not limited to, in the County of Los Angeles.

14

15        2.      This Court has subject matter jurisdiction over this Class and the

16   representative action pursuant to Bus. & Prof. Code § 17200, et seq. ("UCL"); Bus. &

17   Prof. Code § 17500, et seq.; Civ. Code § 1750, et seq.; Code of Civil Procedure § 382, and

18   other provisions of the California Codes.

19

20                                  **THE PARTIES**

21

22        3.     Individual and representative plaintiff Bruce Schiller is a resident of the

23   County of Los Angeles, State of California.

24

25        4.      Plaintiffs are informed and believe and on that basis allege that Defendant

26   Plantronics Inc. ("Plantronics") is a Delaware corporation, with its principal place of

27   business in California, registered to do business, and doing business, in the state of

28   California.

783382.1                                     2

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 51357-7033

5.      Plantronics is authorized to do business in California, has sufficient

minimum contacts with California, and/or otherwise intentionally avails itself of the

markets in California through the promotion, marketing and sale of its products in

California, to render the exercise of jurisdiction by this Court permissible under traditional

notions of fair play and substantial justice.

6.      The true names and capacities, whether individual, corporate, associate or

otherwise of defendants DOES 1 through 50, inclusive, and each of their roles in this case,

are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names

pursuant to Code of Civil Procedure § 474. Plaintiffs further allege that each of said

fictitiously named defendants is in some manner responsible for the acts and occurrences

set forth herein. Plaintiffs will amend this Complaint to show their true names and

capacities when the same is ascertained, as well as the manner in which each fictitiously

named defendant is responsible.

7.      Plaintiffs are informed and believe, and thereon allege that at all times

mentioned, that Defendants are each the partners, joint venturers, alter egos, and/or co-

conspirators of each other. At all times mentioned, there existed such a unity of interest in

ownership and interests between each of the Defendants that any separateness ceased to

exist between them. The exercise of complete dominance and control over the other

entities and their properties, rights and interests, rendered such entities as mere shells and

instrumentalities of each other Defendant.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.      This action arises from Defendants' marketing, manufacture, and distribution

of devices known as "Bluetooth Headsets" which permit wearers to utilize a mobile phone

without holding the phone next to the face and without the necessity of wires connecting

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

763382.1

3

1  the phone to the headset.

2

3      9.     Plantronics has manufactured and distributed many different models of

4  Bluetooth Headsets, including the Discovery 655 , Discovery 645 , Discovery 640 ,

5  Discovery 640E , Voyager 510 , Explorer 350 , Explorer 340 , and Explorer 330

6  (collectively the "Headsets").  On the packaging of these Headsets, Plantronics has made

7  false representations, omissions and concealments to purchasing consumers in order to

8  induce the consumers to purchase the product.  Each Headset is sold with affirmative

9  representations that it can be used for extensive time periods, yet the packaging lacks any

10  warnings regarding the noise induced hearing loss, a condition which has no cure or

11  treatment, which can be expected to result from use of the Headsets in most environments

12  over that period of time.

13

14      10.     Use of Bluetooth headsets is becoming increasingly popular among the

15  consuming public because of the ease and convenience associated with the technology.

16  According to the Insight Research Corporation ("IRC"), "[n]early 65 percent of

17  Americans, or 195 million people, are expected to be mobile phone subscribers by the

18  close of 2005."  IRC has also reported that "[a]s users become more used to the

19  convenience of cellular, long distance and local usage is shifting from wireline to cellular.

20  The average wireline residential toll minutes of use (MOUs) have been dropping at a

21  compounded rate of 15 percent since 2000, while wireless interstate MOUs per user grew

22  at a compounded rate of nearly 40 percent during the same period. According to one FCC

23  study, on the wireless side, the percentage of interstate residential minutes has increased

24  from 16 percent to 26 percent of all wireless minutes."  As more and more people switch

25  from using landlines to using mobile phones in order to accommodate their

26  telecommunication needs, more and more consumers are spending hours per day on the

27  mobile phone.  Such increased usage is particularly dramatic with respect to individuals

28  using a mobile phone for business purposes.

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 350
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

783382.1

4

11.    As explained by the National Institute on Deafness and Other Communication Disorders (NIDOCD) (www.nidcd.nih.gov/health/hearing/noise.asp), "[h]earing is a series of events in which the ear converts sound waves into electrical signals that are sent to the brain and interpreted as sound. The ear has three main parts: the outer, middle, and inner ear. Sound waves enter through the outer ear and reach the middle ear where they cause the eardrum to vibrate." Noise induced hearing loss "can be caused by . . repeated exposure to sounds at various loudness levels over an extended period of time."

12.    "The vibrations are transmitted through three tiny bones in the middle ear, called the ossicles. These three bones are named the malleus, incus, and stapes (and are also known as the hammer, anvil, and stirrup). The eardrum and ossicles amplify the vibrations and carry them to the inner ear. The stirrup transmits the amplified vibrations through the oval window and into the fluid that fills the inner ear. The vibrations move through fluid in the snail-shaped hearing part of the inner ear (cochlea) that contains the hair cells. The fluid in the cochlea moves the top portion of the hair cells, called the hair bundle, which initiates the changes that lead to the production of nerve impulses. These nerve impulses are carried to the brain, where they are interpreted as sound. Different sounds move the hair bundles in different ways, thus allowing the brain to distinguish one sound from another, such as vowels from consonants."

13.    Plaintiff is informed and believes that noise induced hearing loss is the slow loss of hearing caused by too much noise. Hearing loss happens when too much noise hurts the hair cells in the inner ear. Noise induced hearing loss is one of the most common causes of nerve deafness. Noise induced hearing loss lasts forever. There is no treatment, no medicine, no surgery, and no device which can correct hearing once damaged by noise.

14.    Plaintiff is informed and believes that noise induced hearing loss can happen gradually over time and does not cause pain. As such, one is not aware that noise induced

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1 hearing loss is occurring until it is too late. Because noise induced hearing loss is an

2 insidiously developing hearing impairment, damage occurs prior to the point at which it is

3 perceived.

4

5    15.    Noise induced hearing loss can also result because an individual has become

6 accustomed to a particular sound level. As the individual gradually suffers hearing loss, in

7 an effort to compensate for the decrease in ability to hear, the individual unwittingly

8 increases the volume of a device in order to hear the sound produced and thereby

9 compounds the injury.

10

11    16.    Another organization, Dangerous Decibels, a public health partnership for

12 the prevention of noise induced hearing loss, advises the public that "[a] dangerous sound

13 is anything that is 85 dB (sound pressure level - SPL) or higher." The organization further

14 explains that "[o]f the roughly 40 million Americans suffering from hearing loss, 10

15 million can be attributed to noise-induced hearing loss (NIHL). NIHL can be caused by a

16 one-time exposure to loud sound as well as by repeated exposure to sounds at various

17 loudness levels over an extended period of time."

18

19    17.    Exposure to a time weighted average decibel level by itself can cause harm.

20 One knowledgeable organization, the National Institute for Occupational Safety and

21 Health (NIOSH), has offered the view that exposure to sound averaging at 85 decibels for

22 more than 8 hours a day by itself presents a risk of hearing loss. According to NIOSH,

23 each three decibel volume increase reduces the safe exposure time by half, which reflects

24 the logarithmic nature of the decibel scale. For example, if a Headset set on the higher

25 volume level produces decibel levels of 91 decibels, noise induced hearing loss statistically

26 develops if the Headset is used for more than two hours a day. At 94 decibels, noise

27 induced hearing loss statistically develops if the Headset is used for more than one hour a

28 day. At 102 decibels, irreversible damage statistically develops if the Headset is used for

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

783382.1

OCT-13-2006  10:15AM  FROM-

T-420  P:008/051  F-710

1  more than 7 ½ minutes per day.

2

3       18.     Plantronics' Headsets have volume controls which produce sounds exceeding

4  85 decibels, with sound often peaking in excess of 100 decibels. According to the

5  standards promulgated by such organizations as NIOSH and Dangerous Decibels, a

6  consumer statistically develops NIHL if exposed to such sounds for less than 15 minutes a

7  day. Further, the consumer cannot determine, without resorting to scientific testing, the

8  decibel level of the sound being emitted from the Headset.

9

10       19.     The packaging on the Headsets advises that the Headsets can be used for

11  "extended talk time." The various models indicate talk time of 3 hours, 6 hours, 8 hours, 9

12  hours, 10 hours, and even 15 hours. However, the representations as to permissible talk

13  times are false, as a consumer cannot safely use the Headsets for the talk times

14  represented. Plaintiffs and the Class members relied upon these representations made by

15  Defendants in determining whether to purchase the Headsets at the high price charged for

16  the devices.

17

18       20.     Millions of consumers have had their hearing put at risk by Plantronics'

19  conduct. Plaintiff and the class members detrimentally relied upon the affirmative

20  misrepresentations, omissions and concealments made by Defendants regarding the

21  permissible use of the product. Plaintiff and the class members further relied upon

22  Defendants' skill and judgment to furnish suitable goods which would not cause harm to

23  the consumer, and to warn the consumer of any information known by Defendants, or

24  which should reasonably have been known by Defendants, relating to the safe operation of

25  the product.

26

27       21.     Defendants sold the Headsets with a booklet setting forth "important safety

28  and operational information" relating to use of the Headsets. However, Defendants

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

783382.1

7

1    omitted and concealed from consumers any safety information pertaining to the Headsets'

2    propensity for causing noise induced hearing loss. Defendants also omitted and concealed

3    from the consuming public information advising that the Headsets produced noise at

4    decibel levels exceeding 85 db, and even exceeding 100 db.

5

6        22.    The same misrepresentations, omissions and concealments were made in the

7    product packaging to each consumer who purchased the product. Plaintiff and the class

8    members relied upon the misrepresentations, omissions and concealments in purchasing

9    the Headsets.

10

11       23.    Because the Headset transmits sound to only one ear, extraneous sound from

12   the environment is simultaneously being heard by the Headset user from the other ear.

13   Such ambient sound makes it more difficult for the Headset user to isolate and hear the

14   sound being transmitted over the Headset. The Headset user is thus required to maximize

15   the volume of the Headset in order to overcome the extraneous noise being heard in the

16   other ear.

17

18       24.    Plaintiff purchased and used a Headset manufactured and distributed by

19   Defendants. Plaintiff was not aware that the Headset was emitting sounds in excess of safe

20   decibel levels which thereby required the time the product could safely be used to be

21   greatly minimized. Plaintiff would not have purchased the Headset, including at the price

22   charged, if Defendants had disclosed the truth.

23

24       25.    The design, manufacture, distribution and sale by Defendants of the Headsets

25   without adequate warning labels that the Headsets produce decibel levels harmful to the

26   human ear constitutes deceptive and unlawful business practices. As a result of

27   Defendants' conduct, numerous consumers have paid for an unsafe product which they

28   falsely were led to believe could be safely used for extended periods of time.

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

26.    Despite the information provided by Plantronics in its "safety booklet," Plantronics fails to divulge the decibel output of the device and the potential for noise induced hearing loss if the Headset is used at a loud setting for more than a safe number of hours per day. The exclusion of such information from the safety information in the booklet wrongly implies that the Headset is safe at its maximum volume for the hours of talk time permitted by the Headset. The safety book falsely represents to consumers that the "important" information provided in the booklet permits the "safe and efficient operation" of the Headset. This representation is false, as important safety information has been excluded from the booklet. Plaintiffs and the Class members relied upon such misrepresentations, omissions and concealments to their detriment.

27.    Plantronics affirmatively represented that the Headsets are warranted to be free from "defects in materials and workmanship." This representation was and is false. The Headsets are defective and cannot safely be used for their intended purpose. The materials and workmanship of the product cause the product to produce unsafe decibel levels under normal consumer usage.

28.    Plaintiff is informed and believes that the Headsets can be used to listen to music or television downloaded onto mobile phones. Because of these new uses for the mobile phone, the time over which the Headsets are used is increased significantly. The decibel levels of the music or television also exceeds 85 decibel levels, and may even reach levels capable of producing hearing loss from a single exposure to the load sound emitted.

29.    Other manufacturers of music listening devices, such as Apple with respect to its iPod, include a warning so that consumers are aware of the potential for hearing damage. For example, the iPod is sold with the following warning:

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

783312.1

9

CLASS ACTION COMPLAINT: DEMAND FOR JURY TRIAL

Avoid Hearing Damage

Warning: Permanent hearing loss may occur if earphones or headphones are used at high volume. You can adapt over time to a higher volume of sound, which may sound normal but can be damaging to your hearing. Set your iPod's volume to a safe level before that happens. If you experience ringing in your ears, reduce the volume or discontinue use of your iPod.

The Headsets manufactured, distributed and sold by Defendants, which contain no such warnings, thus fail to follow industry standards for music listening devices.

30. Plaintiff seeks, on behalf of himself and the Class as defined below, injunctive relief, product repair, restitution, damages, and all other appropriate relief. Defendants misrepresented the time period over which consumers could safely use the Headsets. In marketing and advertising the Headsets, Defendants also concealed and omitted material information as to the capacity for the Headsets to cause hearing loss. Plaintiff and the Class members thus: (1) cannot safely use the Headsets for the length of time for which the Headsets were advertised as usable; or (2) must turn the volume of the Headsets so low as to render the Headsets unusable in most environments, thereby drastically limiting and/or eliminating the usability of the product. Had Plaintiff and the Class they seek to represent known the true facts, they would not have purchased them or would have purchased them only at a lesser price. Plaintiff, and the Class Members, thus lost money as a result of the misrepresentations, omissions and concealments by Defendants. In doing the acts herein alleged and purposefully risking the health and safety of millions of consumers in order to increase sales and profits, Defendants, and each of them, acted with oppression, fraud or malice, and Plaintiff and the Class members are entitled to punitive damages.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action both on behalf of himself, and as a class action

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  on behalf of the following Class (the "Class"):

2

3           All consumers who, within the four years prior to the filing of

4           this Complaint ("Class Period"), purchased a Bluetooth

5           Headset device manufactured by Defendant and who resided in

6           California.

7

8  Said definition may be further defined by additional pleadings, evidentiary hearings, a

9  class certification hearing, and order of this Court.

10

11       32.    Although Plaintiff does not know the exact number of the members of the

12  Class, since such information is within the exclusive control of Defendants, Plaintiff

13  believes that due to the nature of the commerce involved, the number of members of the

14  Class are sufficiently numerous, most likely thousands of purchasers, that joinder of all

15  Class members is impracticable.

16

17       33.    The claims of Plaintiff are typical of the Class claims.  Plaintiff purchased a

18  Headset manufactured by Plantronics within the Class Period.  The unsafe Headset was

19  unfairly and falsely marketed by Defendants, with the same misrepresentations, omissions

20  and concealments made as to Plaintiff and the Class members.  All Class members

21  purchased the Product within the Class Period.

22

23       34.    Numerous questions of law and fact are common to the Class, which

24  predominate over any individual issues.  Questions of law and fact which are common to

25  the Class include, without limitation:

26

27           a.    Whether Defendants represented to consumers that the

28                 Headsets had a characteristic, use, benefit or quality that

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

783352.1

11

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

permitted a consumer to use the Headsets for an extended
amount of time;

b.    Whether the Headsets in fact have a characteristic, use, benefit
or quality that prevents a consumer from safely using the
Headsets for an extended amount of time;

c.    Whether use of the Headsets expose users to dangerous levels
of sound;

d.    Whether Defendants failed to fairly, accurately and sufficiently
warn of the unsafe characteristics of the Headsets;

e.    Whether Defendant knowingly concealed the danger of using
the Headsets;

f.    Whether Defendants truthfully advertised that the Headsets
could safely be used for over 8 hours of time;

g.    Whether Defendants violated express and implied warranty
statutes;

h.    Whether Defendants were unjustly enriched;

i.    The nature and extent of damages and other remedies to which
the conduct of Defendants entitle the Class members;

j.    Whether the distribution of the Headsets to the consuming

1        public constitutes an illegal nuisance.

2

3        35.    Defendants engaged in a common course of conduct involving similar or

4    identical unsafe designs, statutory violations, and misrepresentations. Individual

5    questions, if any, pale by comparison to the numerous questions that dominate this

6    litigation. The claims at issue herein do not seek damages for physical injury which has

7    already occurred to the Class members, and thus individualized determination as to

8    causation related to bodily injury already suffered will not be required. The monetary

9    damages sustained by the Class members arise from a common nucleus of operative facts

10   involving the Defendants' misconduct.

11

12       36.    Plaintiff will fairly and adequately represent the interests of the Class in that

13   Plaintiff, a California resident, is a typical purchaser of the Headsets. Plaintiff's interests

14   do not conflict with the interests of the other Class members that he seeks to represent.

15   Furthermore, Plaintiff has retained competent counsel experienced in class action

16   litigation. Plaintiff's counsel will fairly and adequately protect the interests of the Class.

17

18       37.    This class action is superior to the alternatives, if any, for the fair and

19   efficient adjudication of this controversy. The Class is readily definable. A class action

20   will enable claims to be handled in an orderly and expeditious manner. A class action will

21   save time and expense and will ensure uniformity of decisions.

22

23       38.    The relief sought per individual member of the Class is small given the

24   burden and expense of individual prosecution of the potentially extensive litigation

25   necessitated by the conduct of Defendants. Furthermore, it would be virtually impossible

26   for the Class members to seek redress on an individual basis. Even if the Class members

27   themselves could afford such individual litigation, the court system could not.

28

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 320
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 81357-7033

763382.1                          13

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 390
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

39.    The Class members have been monetarily damaged and suffered injury in fact as a result of Defendants' misconduct in that each member purchased an unsafe Headset which the member would not have purchased if the true facts as to the product's safety and limitations had been revealed by Defendants. The Class members would not have purchased the Headsets and/or paid as much had they known the truth about the product.

40.    Individual litigation of the legal and factual issues raised by the conduct of Defendants would increase delay and expense to all parties and to the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale and comprehensive supervision by a single court. Given the similar nature of the Class members' claims and the law applicable thereto, the Court and the parties will easily be able to manage a class action.

41.    Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants.

42.    Injunctive relief is appropriate as to the Class as a whole because Defendants have acted or refused to act on grounds generally applicable to the Class.

## CALIFORNIA C.C.P. § 382 COMMON OR GENERAL INTEREST ALLEGATIONS

43.    In addition to asserting class action claims in this action, Plaintiff asserts claims on behalf of the common or general interest and sue for the benefit of all because the parties are numerous, and it is impracticable to bring them all before the court. Plaintiff seeks to require Defendants to disgorge and restore all monies wrongfully

1  obtained. A common or general interest action is necessary and appropriate because

2  Defendants have engaged and continue to engage in the wrongful acts described herein as

3  a general business practice.

4

5  ### FIRST CAUSE OF ACTION

6  ### VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT,

7  ### (CAL. CIV. CODE § 1750 et seq.)

8

9  44.    Plaintiff incorporates by reference all the above allegations as if fully set

10  forth herein.

11

12  45.    Plaintiff and members of the Class are individuals who have purchased

13  goods (i.e., the Headsets) for personal, family or household purposes. This cause of action

14  is being asserted on behalf of a sub-class of all persons who purchased a Headset within

15  three years of the filing of this action.

16

17  46.    Defendants have represented that the Headsets have characteristics, uses,

18  benefits, or qualities that they do not have, in violation of Civil Code § 1770(a)(5).

19  Defendants also represented that the Headsets had a particular standard or quality that they

20  do not have in violation of Civil Code § 1 770(a)(7).

21

22  47.    Plaintiff and the members of the Class have each been directly and

23  proximately injured by the conduct of Defendants, and such injury includes payment for

24  the unsafe Headsets.

25

26  48.    In accordance with California Civil Code § 1780 (a), Plaintiff and the

27  members of the Class seek only injunctive relief as to Defendants' violation of the CLRA.

28  Pursuant to the provisions of Civil Code section 1782, on October 9, 2006, Plaintiff sent by

WASSERMAN, COMD. & CASSELMAN, L.L.P.
5567 REGEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 81327-7033

783382.1

15

1    certified letter to Plantronics a demand that it adequately correct, repair, replace or

2    otherwise rectify the deceptive practices described in this Complaint for the entire Class,

3    pursuant to Civil Code section 1770.  In accordance with Civil Code § 1782 (a) & (d),

4    Plaintiff will subsequently amend this Class Action Complaint without leave of Court to

5    include a request for damages if Defendants fail to adequately correct, repair replace or

6    otherwise rectify the deceptive practices, described in this Complaint and the certified

7    letter, for the entire Class.

8

9        49.    The Court should enjoin the Defendants from any further sales, marketing or

10   advertisement of the Headsets which contain the misrepresentations detailed herein as to

11   the standard, characteristics, uses, benefits, and/or qualities of the Headsets.  The Court

12   should enjoin Defendants from any further sales, marketing or advertisement of the

13   Headsets without a warning as to the potential for noise induced hearing loss.  The Court

14   should further enjoin Defendants from any further sales of the Headsets until Defendant

15   redesigns the Headsets in a manner which ensures that the volume emitted by the Headsets

16   does not exceed 85 decibels or, in the alternative, which provides the consumer with the

17   ability to determine the decibel level of the sound being emitted by the Headset.

18

19       50.    Plaintiff engaged counsel to prosecute this action and is entitled to recover

20   costs and reasonable attorney's fees according to proof at trial.

21

22              **SECOND CAUSE OF ACTION**

23         **VIOLATION OF UNFAIR COMPETITION LAW,**

24              **(CAL. B & P CODE § 17200 et seq.)**

25

26       51.    Plaintiff incorporate by reference all the above allegations as if fully set forth

27   herein, except for paragraphs 44 through 50.

28

WASSERMAN, COMDEN & CASELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

783382.1

16

52.    Plaintiff brings this cause of action on behalf of himself and on behalf of the Class. Plaintiff and the Class members have suffered injury in fact and lost money or property as a result of unfair competition by Defendants, as Plaintiff and the Class members paid the purchase price for an unsafe product which would not have been purchased if Defendants had not made misrepresentations and concealed or omitted material information as to the safety of the product and its limitations. Plaintiff and the Class members relied upon Defendants to disclose all pertinent safety information and the limitations on the safe usage of the product. Plaintiff and the Class members have further suffered injury in fact having been subjected to a nuisance, as defined by California Civil Code, section 3479, and as to which they were subjected by virtue of money innocently paid in purchasing a product injurious to health so as to interfere with the comfortable enjoyment of life.

53.    The actions of Defendants, as complained herein, constitute unfair, deceptive and unlawful practices committed in violation of the Unfair Competition Act. Plaintiff is informed and believe that the conduct of Defendants violated the Unfair Competition Act because:

        a.    Defendants were aware, or upon reasonable investigation should have been aware, of the risks presented by the use of the Headsets;

        b.    Defendants purposefully and knowingly failed to adequately warn the consumer of the safety risk presented by use of the Headset;

        c.    Defendants advertised and marketed the Headsets with a representation that the Headsets could be used in excess of the

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 230
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

number of hours which would be safe, even though Defendants
were aware or should have been aware that such use could be
unsafe;

d.     Defendants failed to include in the safety information provided
       with the Headsets any mention of the potential for noise
       induced hearing loss, even though such a warning had been
       issued by competitors;

e.     Defendants concealed, omitted and/or suppressed
       information as to the decibel levels emitted by the Headsets
       and the corresponding time limitations for use;

f.     Defendants have unlawfully violated regulations limiting
       exposure to certain decibel levels over certain periods of time;

g.     The Headsets, and Defendants' sale thereof to a considerable
       number of persons, constitutes a nuisance because the Headsets
       are injurious to health and/or interfere with the comfortable
       enjoyment of life, in violation of California Civil Code § 3479;

h.     Defendants' conduct violates maxims of jurisprudence,
       including Civil Code §§ 3514, 3520, 3523.

54.    Plaintiff is informed and believes that Defendants are aware, or should be
aware, of the risk of hearing loss posed by the Headsets, but Defendants chose to market
and sell the Headsets without adequate warning or modifications because such warnings or
modifications could have had an adverse impact on the sale of the Headsets and the

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

763382.1

18

1  revenue flowing to Defendants.

2

3       55.    Plaintiff and the Class members have suffered damages as a result of the

4  conduct of Defendants, because Plaintiff and the Class members were misled into

5  purchasing a product which was not safe and which was not what Defendants advertised

6  the product to be.

7

8       56.    Plaintiff is informed and believes that all of the conduct alleged herein

9  occurs and continues to occur in Defendants' business.  The conduct of Defendants is part

10  of a pattern or generalized course of conduct repeated on thousands of occasions daily.

11

12       57.    Plaintiff requests that this Court enter such orders or judgments as may be

13  necessary to restore to any person in interest any money which may have been acquired by

14  means of such unfair practices as provided in Bus. & Prof. Code § 17203, and for such

15  other relief as set forth below.

16

17       58.    Plaintiff is informed and believes that the continuing sales of the Headsets to

18  the unsuspecting public, without warnings and any mechanism by which the public may

19  protect its hearing, exposes the consuming public in an ongoing danger of noise induced

20  hearing loss, an irreparable and devastating loss.  Because the noise induced hearing loss at

21  issue herein is a silent condition (i.e., one is unaware that it is occurring as it evolves and

22  until it is too late) that progressively occurs over time, everyday the consuming public uses

23  the product, consumers continue down the path of noise induced hearing loss,

24  incrementally but permanently affecting and/or jeopardizing one's long-term ability to

25  hear.  With every additional sale of the product, this path becomes increasingly congested.

26  Plaintiff requests that this Court enter a temporary restraining order, a preliminary

27  injunction, and a permanent injunction enjoining Defendants, and their agents, servants,

28  employees and all persons acting under or in concert with them, to cease and desist from

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 350
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

783382.1                                        19

1  the following acts:

2

3          a.  Selling, marketing or advertising the Headsets without a

4             warning advising the consumer as to the product's potential for

5             causing noise induced hearing loss;

6

7          b.  Selling, marketing or advertising the Headsets without a

8             mechanism by which the user can determine the decibel levels

9             being emitted by the Headsets and thereby be made aware of

10            the safe time limits for use of the Headsets at the higher

11            volume settings;

12

13          c.  Any other conduct which the Court determines warranted so as

14             to prevent the commission of unfair competition by

15             Defendants.

16

17      59.  Plaintiff, on behalf of himself, the Class, and on behalf of the common or

18  general interest, seeks an order of this Court awarding restitution, injunctive relief and all

19  other relief allowed under § 17200, *et seq.*, plus interest, attorneys' fees and costs pursuant

20  to, *inter alia*, C.C.P. § 1021.5. Plaintiff engaged counsel to prosecute this action and is

21  entitled to recover costs and reasonable attorney's fees according to proof at trial. This

22  case will result in the enforcement of an important right affecting the public interest, a

23  significant benefit (pecuniary or nonpecuniary) will be conferred on a large class of

24  persons (thousands if not tens of thousands or more), the necessity and financial burden of

25  private enforcement are such as to make the award appropriate (the product costs less than

26  $200, which is minimal in comparison to the financial burden of litigating this important

27  action, made necessary by virtue of Plantronics' refusal to protect the public's hearing); and

28  such fees should not in the interest of justice be paid out of the recovery, if any (as the cost

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

703121

OCT-13-2006  10:18AM  FROM-

T-420  P.023/051  F-710

1  of litigation by itself may exceed the monetary amounts paid by way of restitution).

2

3        60.    Plaintiff meets the standing requirements of C.C.P. § 382 to bring this cause

4  of action because, among other reasons, the question is one of a common or general

5  interest, is a question of many persons and/or the parties are numerous and it is

6  impracticable to bring them all before the Court.  Further, Plaintiff has standing to bring

7  this action as Plaintiff suffered injury in fact and monetary damages as a result of

8  Defendants' conduct.

9

10                        **THIRD CAUSE OF ACTION**

11                  **UNTRUE AND MISLEADING ADVERTISING**

12                      **(CAL B & P CODE § 17500, et seq.)**

13

14        61.    Plaintiff incorporate by reference all the above allegations as if fully set forth

15  herein, except for paragraphs 44 through 50.

16

17        62.    Plaintiff brings this cause of action on behalf of himself, on behalf of the

18  Class, and on behalf of the common or general interest.  Plaintiff has suffered injury in fact

19  and lost money or property as a result of Defendants' violations of Bus. & Prof. Code §

20  17500. et seq.

21

22        63.    Plaintiff is informed and believes that Defendants made representations

23  disseminated to the public as to the uses of the Headsets in advertisements, product

24  descriptions and other sales materials, while also concealing and/or omitting relevant

25  information which would have qualified such affirmative representations.  These

26  representations, omissions and concealments were made to induce the public to purchase

27  the Headsets. The representations were false.  The information omitted and concealed

28  should have been disseminated.

WASSERMAN, COMDEN & CASELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

78333Z.1

64.   Defendants were aware, or by the exercise of reasonable case should have been aware, that the representations were untrue or misleading. Defendants also were aware, or by the exercise of reasonable case should have been aware, that the concealments and omissions should have been disseminated in the advertising.

65.   Plaintiff has been harmed. Plaintiff, on behalf of himself, on behalf of the Class, and on behalf of the common or general interest, seeks restitution, injunctive relief and all other relief allowable under § 17500, *et seq.*

66.   Pursuant to Bus. & Prof. Code § 17535, Plaintiff and members of the Class are entitled to remedies as set forth below.

67.   Plaintiff meets the standing requirements of C.C.P. § 382 to bring this cause of action because, among other reasons, the question is one of a common or general interest, is a question of many persons and/or the parties are numerous and it is impracticable to bring them all before the Court.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

68.   Plaintiff incorporates by reference all the above allegations as if fully set forth herein, except for paragraphs 44 through 50.

69.   Defendants have benefited and been unjustly enriched by the above-alleged conduct. Defendants knowingly sold the Headsets to Plaintiff and members of the Class based upon misrepresentations as to uses which the product did not possess and concealment and omission of information which should have been disseminated.

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

70.    Defendants have knowledge of this benefit, and have voluntarily accepted and retained this benefit.

71.    The circumstances as described herein are such that it would be inequitable for Defendants to retain these ill-gotten benefits without paying the value thereof to Plaintiff and the Class members.

72.    Plaintiff and the Class are entitled to the amount of Defendants' ill-gotten gains, including interest, resulting from its unlawful, unjust and inequitable conduct as described above.

## FIFTH CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTY

#### (Cal. Civil Code § 1792.2 et seq.)

73.    Plaintiff incorporates by reference all the above allegations as if fully set forth herein, except for paragraphs 44 through 50.

74.    This claim is asserted on behalf of a sub-class of all persons whose express warranty is still in effect, i.e., Class members who purchased a headset within one year of the filing of this action.

75.    Defendants expressly warranted that their products were free of defects in materials and workmanship.

76.    Defendants' Headsets are defective in materials and/or workmanship.

77.    Plaintiff and the Class members have incurred damages as described herein

WASSERMAN, COMDEN & CASELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

783382.1

1    as a direct and proximate result of the defective Headsets and Defendants' violation of the

2    provisions of the Cal. Civ. Code § 1791.2, *et seq*, in that Plaintiff and the Class have paid

3    the purchase price for a product which cannot be safely used for the purpose and length of

4    time for which it was marketed and sold. Plaintiff, on behalf of himself and the Class

5    members, has requested that Defendants correct or repair the defects and Defendants have

6    refused. Plaintiff and the Class Members are entitled to refund of the purchase price of the

7    Product, consequential and incidental damages, costs and expenses, including attorney's

8    fees.

9

10                              **SIXTH CAUSE OF ACTION**

11                          **BREACH OF IMPLIED WARRANTY**

12                            **(Cal. Civil Code § 1790 et seq.)**

13

14         78.    Plaintiff incorporates by reference all the above allegations as if fully set

15    forth herein, except for paragraphs 44 through 50.

16

17         79.    This claim is asserted on behalf of a subclass of all purchasers of the

18    Headsets who purchased it within one year of the filing of this Complaint.

19

20         80.    The Headsets are consumer goods as defined in Cal. Civil Code § 1791.

21

22         81.    The Headsets were sold with the implied warranty of merchantability in that

23    they would pass without objection in the trade, are fit for the ordinary purpose for which

24    they are used, are adequately contained, packaged, and labeled, and conform to the

25    promises or affirmations of fact made on the container and label. The Headsets do not

26    meet any of the foregoing criteria.

27

28         82.    The Headsets were sold with the implied warranty of fitness in that

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

783382.1

24

1  Defendants had reason to know of the particular purpose for which the Headsets were

2  required (i.e., to listen safely to communications, music and television via mobile phones)

3  and Plaintiff and the Class members relied upon Defendants' skill and judgment to furnish

4  suitable goods.  The Headsets are not suitable for the purpose for which they are required,

5  as Plaintiff and the Class members have no ability to determine the decibel levels being

6  emitted from the devices and the corresponding safe time during which Plaintiff and the

7  Class members may listen to the sound being emitted at such levels.

8

9       83.    The defect in the Headsets existed prior to the delivery of the Headsets to

10  Plaintiff and the Class members.

11

12       84.    Plaintiff and the Class members have incurred damages as described herein

13  as a direct and proximate result of the defective design of the Headsets and Defendants'

14  breach of the implied warranties, in that Plaintiff and the Class have paid the purchase

15  price for a product which cannot be safely used for the purpose and length of time for

16  which it was marketed and sold.  Plaintiff, on behalf of himself and the Class members,

17  has requested that Defendants correct or repair the defects and Defendants have refused.

18  Plaintiff and the Class Members are entitled to refund of the purchase price of the Product,

19  consequential and incidental damages, costs and expenses, including attorney's fees.

20

21                              **PRAYER FOR RELIEF**

22

23       WHEREFORE, Plaintiff, on behalf of himself and as representative of all other

24  persons similarly situated, prays for judgment against the Defendants, as follows:

25

26       a.     An Order certifying the Class and any appropriate sub-class

27              thereof, and appointing Plaintiff Bruce Schiller and his

28              counsel to represent the Class;

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 350
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

783382.1

25



b.   As to the Fourth through Sixth Causes of Action, for an award of general damages according to proof;

c.   As to the Fourth through Sixth Causes of Action, for an award of special damages according to proof;

d.   As to the Fourth through Sixth Causes of Action, for an award of punitive damages in an amount sufficient to deter and make an example of Defendants;

e.   As to the Second through Sixth Causes of action, for an award of restitution in an amount according to proof;

f.   As to all causes of action, for a temporary restraining order, a preliminary injunction and a permanent injunction enjoining Defendants, and their agents, servants, employees and all persons acting under or in concert with them, to cease and desist from the following acts:

(i)   Selling, marketing or advertising the Headsets without a detailed warning advising the consumer as to the potential for noise induced hearing loss and the known risk of harm associated with exposure, even for brief intervals, to sound at high decibel levels;

(ii)   Selling, marketing or advertising the Headsets without a mechanism by which the user can readily and easily determine the decibel levels being emitted by the

WASSERMAN, COR.    N & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 81357-7033

783382.1

26

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 290
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

Headsets and thereby be made aware of the safe time limits (if any) for use of the Headsets at the higher volume settings;

(iii)  Any other conduct which the Court determines warranted so as to prevent the commission of unfair competition by Defendants.

g.  As to the Fourth through Sixth Causes of Action, for an order of disgorgement;

h.  For costs incurred herein;

i.  For prejudgment interest;

j.  For reasonable attorneys' fees;

k.  For all general, special, and equitable relief to which the Plaintiffs and the members of the Class are entitled by law.

DATED: October 1(( , 2006

WASSERMAN, COMDEN & CASSELMAN, L.L.P.

By: _____
    MELISSA M. HARNETT
    Attorneys for Bruce Schiller and the Putative Class

783382.1

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED: October 10, 2006               WASSERMAN, COMDEN &
                                      CASSELMAN, L.L.P.

                                      By: _____
                                          MELISSA M. HARNETT
                                      Attorneys for Michael Jones, Christopher Freeman,
                                      and the Putative Class

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1   MELISSA M. HARNETT (Bar No. 164309; mharnett@wcclaw.com)
    WASSERMAN, COMDEN & CASSELMAN, L.L.P.
2   5567 Reseda Boulevard, Suite 330
    Post Office Box 7033
3   Tarzana, California 91357-7033
    Telephone: (818) 705-6800 • (323) 872-0995
4   Facsimile: (818) 345-0162

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 10 2006

John A. Clarke, Executive Officer/Clerk
By_____ Deputy
     D. Elliss

5   THE GARCIA LAW FIRM
6   Stephen M. Garcia, State Bar No. 123338
    Sarina M. Hinson, State Bar No. 228255
    David M. Medby, State Bar No. 227401
7   One World Trade Center, Suite 1950
    Long Beach, California 90831
8   Telephone: (562) 216-5270
    Facsimile: (562) 216-5271

9

10   Attorneys for BRUCE SCHILLER, and
     VARIOUS PARTIES

**FILE BY FAX**

11       SUPERIOR COURT OF THE STATE OF CALIFORNIA

12         IN AND FOR THE COUNTY OF LOS ANGELES

13

14   BRUCE SCHILLER, an individual and on      CASE NO. _____
     Behalf of all Others Similarly Situated,
15                     BC360076

                             **PLAINTIFF BRUCE SCHILLER'S**
16        Plaintiffs,                  **AFFIDAVIT PER CIVIL CODE**
                             **SECTION 1780(e)**
17       vs.

18   PLANTRONICS INC., a Delaware
    corporation, and DOES 1-50,
19
        Defendants.
20

21

22

23

24

25

26

27

28

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

OCT-13-2006 10:19AM FROM-

OCT-10-2006 14:26 FROM:MAJOR     JL MUST M SEMENTER     T-428 P.032/051 F-710
OCT 09 2006 3:29 PM FR     SSERMAN COMDEN CHSSEL 4098 1     16009J001

## AFFIDAVIT

I, BRUCE SCHILLER, declare and affirm as follows:

1.    I am an individual consumer who purchased a Plantronics Bluetooth Headset for my personal use in or about the Summer of 2006. At the time of the transaction, I was located in Los Angeles, California. At the time of transactions, I lived in the county of Los Angeles. I continue to live in the county of Los Angeles.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 10 day of October, 2006, at Los Angeles, California.

_____
BRUCE SCHILLER

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

783143.1

AFFIDAVIT PER CIVIL CODE SECTION 1780(c)