**EXHIBIT H**

THE GARCIA LAW FIRM
Stephen M. Garcia, State Bar No. 123338
sgarcia@lawgarcia.com
Sarian M. Hinson, State Bar No. 228255
shinson@lawgarcia.com
One World Trade Center, Suite 1950
Long Beach, California 90831
Telephone: (562) 216-5270
Facsimile: (562) 216-5271

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
Melissa M. Harnett, State Bar No. 164309
mharnett@wcclaw.com
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone: (818) 705-6800 • (323) 872-0995
Facsimile: (818) 345-0162

Attorneys for Plaintiff
LORI RAINES, individually and on behalf of a class of others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

LORI RAINES, an Individual; and on
Behalf of all Others Similarly Situated,

          Plaintiffs,

     vs.

PLANTRONICS INC., a Delaware
corporation, and DOES 1-10, et al.,

          Defendants.

CV. 06 6708 PA (JCx)

CASE NO.

**CLASS ACTION**

**COMPLAINT FOR:**

1) **VIOLATION OF CONSUMERS
LEGAL REMEDIES ACT,**
(CAL. CIV. CODE § 1750 et seq.);

2) **VIOLATION OF UNFAIR
COMPETITION LAW,**
(CAL. B & P CODE § 17200 et seq.);

3) **UNTRUE AND MISLEADING
ADVERTISING**
(CAL. B & P CODE § 17500, et seq.)

4) **UNJUST ENRICHMENT**

5) **BREACH OF EXPRESS
WARRANTY**

6) **BREACH OF IMPLIED
WARRANTY**

**JURY TRIAL DEMANDED**

1
Complaint
M:\Bluetooth, In Re\Pleadings\Plantronics Complaint Fed.doc

1    Plaintiff LORI RAINES ("Plaintiff"), individually and on behalf of others

2    similarly situated, brings this action against Defendants PLANTRONICS INC., a

3    Delaware corporation, and DOES 1-10, et al. (jointly "Defendants"), demanding a

4    trial by jury, as follows:

5

6                          **JURISDICTION AND VENUE**

7

8        1.    This Court has original jurisdiction over this class action pursuant to 28

9    U.S.C. § 1332(d)(Class Action Fairness Act), in that the matter in controversy

10   exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are at

11   least 100 members of the proposed class, and at least one member of the class is a

12   citizen of a different state than Defendants.

13

14       2.    This Court has general and specific personal jurisdiction over each of

15   the named Defendants.  Each of the Defendants was engaged in unfair business

16   practices directed at and/or causing injury to persons residing, located or doing

17   business in the United States.

18

19       3.    Plaintiffs are informed and believe that Defendants each are authorized

20   to do business in California, have sufficient minimum contacts with California,

21   and/or otherwise intentionally avail themselves of the markets in California through

22   the promotion, marketing and sale in California of Bluetooth headsets, to render the

23   exercise of jurisdiction by this Court permissible under traditional notions of fair play

24   and substantial justice.

25

26       4.    Venue in this Court is proper under 28 U.S.C. § 1391(b) and (c),

27   because Defendants have transacted business, maintained offices, or are otherwise

28   found within this district, and many of Defendants' unlawful acts giving rise to

---

1    Plaintiffs' claims occurred, and a substantial portion of the affected interstate trade

2    and commerce described below has been carried out, in this district in the Los

3    Angeles area.

4

5        5.    Venue also is proper in this Court pursuant to California Code of Civil

6    Procedure § 395(a), in that this action arises from an offer or provision of services

7    intended primarily for personal use.  Plaintiff resided in the County of Los Angeles at

8    the time that the purchase at issue was made, and continues to live in the County of

9    Los Angeles at the present time.  Plaintiffs purchased the product at issue in the

10   County of Los Angeles.

11

12       6.    The business activities of Defendants at issue in this Complaint were

13   within the flow of and substantially affected interstate trade and commerce.  There

14   has been a continuous and uninterrupted flow of activities in interstate commerce

15   throughout the class period.

16

17                                **THE PARTIES**

18

19       7.    Individual and representative plaintiff Lori Raines is a resident of the

20   County of Los Angeles, State of California.

21

22       8.    Plaintiff is informed and believes and on that basis alleges that

23   Defendant Plantronics Inc. ("Plantronics") is a Delaware corporation, with its

24   principal place of business in California, registered to do business, and doing

25   business, in the state of California.

26

27       9.    Plantronics is authorized to do business in California, has sufficient

28   minimum contacts with California, and/or otherwise intentionally avails itself of the

                                        3
                                     Complaint
     M:\Bluetooth, In Re\Pleadings\Plantronics Complaint Fed.doc

1  markets in California through the promotion, marketing and sale of its products in

2  California, to render the exercise of jurisdiction by this Court permissible under

3  traditional notions of fair play and substantial justice.

4

5       10.   The true names and capacities, whether individual, corporate, associate

6  or otherwise of defendants DOES 1 through 10, inclusive, and each of their roles in

7  this case, are unknown to Plaintiffs, who therefore sue said defendants by such

8  fictitious names pursuant to Code of Civil Procedure § 474, F.R.Civ.P. 19 and L.R.

9  19-1. Plaintiff further alleges that each of said fictitiously named defendants is in

10  some manner responsible for the acts and occurrences set forth herein. Plaintiff will

11  amend this Complaint to show their true names and capacities when the same is

12  ascertained, as well as the manner in which each fictitiously named defendant is

13  responsible.

14

15       11.   Plaintiffs are informed and believe, and thereon allege that at all times

16  mentioned, that Defendants are each the partners, joint venturers, alter egos, and/or

17  co-conspirators of each other. At all times mentioned, there existed such a unity of

18  interest in ownership and interests between each of the Defendants that any

19  separateness ceased to exist between them. The exercise of complete dominance and

20  control over the other entities and their properties, rights and interests, rendered such

21  entities as mere shells and instrumentalities of each other Defendant.

22

23  ## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

24

25       12.   This action arises from Defendants' marketing, manufacture, and

26  distribution of devices known as "Bluetooth Headsets" which permit wearers to

27  utilize a mobile phone without holding the phone next to the face and without the

28  necessity of wires connecting the phone to the headset.

---

4

13.     Plantronics has manufactured and distributed many different models of Bluetooth Headsets, including the Discovery 655 , Discovery 645 , Discovery 640 , Discovery 640E , Voyager 510 , Explorer 350 , Explorer 340 , and Explorer 330 (collectively the "Headsets").  On the packaging of these Headsets, Plantronics has made false representations, omissions and concealments to purchasing consumers in order to induce the consumers to purchase the product.  Each Headset is sold with affirmative representations that it can be used for extensive time periods, yet the packaging lacks any warnings regarding the noise induced hearing loss, a condition which has no cure or treatment, which can be expected to result from use of the Headsets in most environments over that period of time.

14.     Use of Bluetooth headsets is becoming increasingly popular among the consuming public because of the ease and convenience associated with the technology.  According to the Insight Research Corporation ("IRC"), "[n]early 65 percent of Americans, or 195 million people, are expected to be mobile phone subscribers by the close of 2005."  IRC has also reported that "[a]s users become more used to the convenience of cellular, long distance and local usage is shifting from wireline to cellular. The average wireline residential toll minutes of use (MOUs) have been dropping at a compounded rate of 15 percent since 2000, while wireless interstate MOUs per user grew at a compounded rate of nearly 40 percent during the same period. According to one FCC study, on the wireless side, the percentage of interstate residential minutes has increased from 16 percent to 26 percent of all wireless minutes."  As more and more people switch from using landlines to using mobile phones in order to accommodate their telecommunication needs, more and more consumers are spending hours per day on the mobile phone. Such increased usage is particularly dramatic with respect to individuals using a mobile phone for business purposes.

15.    As explained by the National Institute on Deafness and Other Communication Disorders (NIDOCD) www.nidcd.nih.gov/health/hearing/noise.asp), "[h]earing is a series of events in which the ear converts sound waves into electrical signals that are sent to the brain and interpreted as sound. The ear has three main parts: the outer, middle, and inner ear. Sound waves enter through the outer ear and reach the middle ear where they cause the eardrum to vibrate." Noise induced hearing loss "can be caused by . . . repeated exposure to sounds at various loudness levels over an extended period of time."

16.    "The vibrations are transmitted through three tiny bones in the middle ear, called the ossicles. These three bones are named the malleus, incus, and stapes (and are also known as the hammer, anvil, and stirrup). The eardrum and ossicles amplify the vibrations and carry them to the inner ear. The stirrup transmits the amplified vibrations through the oval window and into the fluid that fills the inner ear. The vibrations move through fluid in the snail-shaped hearing part of the inner ear (cochlea) that contains the hair cells. The fluid in the cochlea moves the top portion of the hair cells, called the hair bundle, which initiates the changes that lead to the production of nerve impulses. These nerve impulses are carried to the brain, where they are interpreted as sound. Different sounds move the hair bundles in different ways, thus allowing the brain to distinguish one sound from another, such as vowels from consonants."

17.    Plaintiff is informed and believes that noise induced hearing loss is the slow loss of hearing caused by too much noise. Hearing loss happens when too much noise hurts the hair cells in the inner ear. Noise induced hearing loss is one of the most common causes of nerve deafness. Noise induced hearing loss lasts forever. There is no treatment, no medicine, no surgery, and no device which can correct hearing once damaged by noise.

6

Complaint

18.    Plaintiff is informed and believes that noise induced hearing loss can happen gradually over time and does not cause pain.  As such, one is not aware that noise induced hearing loss is occurring until it is too late.  Because noise induced hearing loss is an insidiously developing hearing impairment, damage occurs prior to the point at which it is perceived.

19.    Noise induced hearing loss can also result because an individual has become accustomed to a particular sound level.  As the individual gradually suffers hearing loss, in an effort to compensate for the decrease in ability to hear, the individual unwittingly increases the volume of a device in order to hear the sound produced and thereby compounds the injury.

20.    Another organization, Dangerous Decibels, a public health partnership for the prevention of noise induced hearing loss, advises the public that "[a] dangerous sound is anything that is 85 dB (sound pressure level - SPL) or higher." The organization further explains that "[o]f the roughly 40 million Americans suffering from hearing loss, 10 million can be attributed to noise-induced hearing loss (NIHL). NIHL can be caused by a one-time exposure to loud sound as well as by repeated exposure to sounds at various loudness levels over an extended period of time."

21.    Exposure to a time weighted average decibel level by itself can cause harm.  One knowledgeable organization, the National Institute for Occupational Safety and Health (NIOSH), has offered the view that exposure to sound averaging at 85 decibels for more than 8 hours a day by itself presents a risk of hearing loss. According to NIOSH, each three decibel volume increase reduces the safe exposure time by half, which reflects the logarithmic nature of the decibel scale.  For example, if a Headset set on the higher volume level produces decibel levels of 91 decibels,

7

Complaint

1   noise induced hearing loss statistically develops if the Headset is used for more than

2   two hours a day. At 94 decibels, noise induced hearing loss statistically develops if

3   the Headset is used for more than one hour a day. At 102 decibels, irreversible

4   damage statistically develops if the Headset is used for more than 7 ½ minutes per

5   day.

6

7       22.   Plantronics' Headsets have volume controls which produce sounds

8   exceeding 85 decibels, with sound often peaking in excess of 100 decibels.

9   According to the standards promulgated by such organizations as NIOSH and

10  Dangerous Decibels, a consumer statistically develops NIHL if exposed to such

11  sounds for less than 15 minutes a day. Further, the consumer cannot determine,

12  without resorting to scientific testing, the decibel level of the sound being emitted

13  from the Headset.

14

15      23.   The packaging on the Headsets advises that the Headsets can be used

16  for "extended talk time." The various models indicate talk time of 3 hours, 6 hours, 8

17  hours, 9 hours, 10 hours, and even 15 hours. However, the representations as to

18  permissible talk times are false, as a consumer cannot safely use the Headsets for the

19  talk times represented. Plaintiffs and the Class members relied upon these

20  representations made by Defendants in determining whether to purchase the Headsets

21  at the high price charged for the devices.

22

23      24.   Millions of consumers have had their hearing put at risk by Plantronics'

24  conduct. Plaintiff and the class members detrimentally relied upon the affirmative

25  misrepresentations, omissions and concealments made by Defendants regarding the

26  permissible use of the product. Plaintiff and the class members further relied upon

27  Defendants' skill and judgment to furnish suitable goods which would not cause harm

28  to the consumer, and to warn the consumer of any information known by Defendants,

1   or which should reasonably have been known by Defendants, relating to the safe

2   operation of the product.

3

4        25.    Defendants sold the Headsets with a booklet setting forth "important

5   safety and operational information" relating to use of the Headsets. However,

6   Defendants omitted and concealed from consumers any safety information pertaining

7   to the Headsets' propensity for causing noise induced hearing loss. Defendants also

8   omitted and concealed from the consuming public information advising that the

9   Headsets produced noise at decibel levels exceeding 85 db, and even exceeding 100

10  db.

11

12       26.    The same misrepresentations, omissions and concealments were made

13  in the product packaging to each consumer who purchased the product. Plaintiff and

14  the class members relied upon the misrepresentations, omissions and concealments in

15  purchasing the Headsets.

16

17       27.    Because the Headset transmits sound to only one ear, extraneous sound

18  from the environment is simultaneously being heard by the Headset user from the

19  other ear. Such ambient sound makes it more difficult for the Headset user to isolate

20  and hear the sound being transmitted over the Headset. The Headset user is thus

21  required to maximize the volume of the Headset in order to overcome the extraneous

22  noise being heard in the other ear.

23

24       28.    Plaintiff purchased and used a Headset manufactured and distributed by

25  Defendants. Plaintiff was not aware that the Headset was emitting sounds in excess

26  of safe decibel levels which thereby required the time the product could safely be

27  used to be greatly minimized. Plaintiff would not have purchased the Headset,

28  including at the price charged, if Defendants had disclosed the truth.

29.    The design, manufacture, distribution and sale by Defendants of the Headsets without adequate warning labels that the Headsets produce decibel levels harmful to the human ear constitutes deceptive and unlawful business practices. As a result of Defendants' conduct, numerous consumers have paid for an unsafe product which they falsely were led to believe could be safely used for extended periods of time.

30.    Despite the information provided by Plantronics in its "safety booklet," Plantronics fails to divulge the decibel output of the device and the potential for noise induced hearing loss if the Headset is used at a loud setting for more than a safe number of hours per day. The exclusion of such information from the safety information in the booklet wrongly implies that the Headset is safe at its maximum volume for the hours of talk time permitted by the Headset. The safety book falsely represents to consumers that the "important" information provided in the booklet permits the "safe and efficient operation" of the Headset. This representation is false, as important safety information has been excluded from the booklet. Plaintiffs and the Class members relied upon such misrepresentations, omissions and concealments to their detriment.

31.    Plantronics affirmatively represented that the Headsets are warranted to be free from "defects in materials and workmanship." This representation was and is false. The Headsets are defective and cannot safely be used for their intended purpose. The materials and workmanship of the product cause the product to produce unsafe decibel levels under normal consumer usage.

32.    Plaintiff is informed and believes that the Headsets can be used to listen to music or television downloaded onto mobile phones. Because of these new uses for the mobile phone, the time over which the Headsets are used is increased

---

10

Complaint

1    significantly.  The decibel levels of the music or television also exceeds 85 decibel

2    levels, and may even reach levels capable of producing hearing loss from a single

3    exposure to the load sound emitted.

4

5    33.    Other manufacturers of music listening devices, such as Apple with

6    respect to its iPod, include a warning so that consumers are aware of the potential for

7    hearing damage.  For example, the iPod is sold with the following warning:

8

9        Avoid Hearing Damage

10       Warning: Permanent hearing loss may occur if earphones or
         headphones are used at high volume.  You can adapt over time
         to a higher volume of sound, which may sound normal but can

11       be damaging to your hearing.  Set your iPod's volume to a safe
         level   before that happens.  If you experience ringing in your

12       ears, reduce the volume or discontinue use of your iPod.

13   The Headsets manufactured, distributed and sold by Defendants, which contain no

14   such warnings, thus fail to follow industry standards for music listening devices.

15   34.    Plaintiff seeks, on behalf of himself and the Class as defined below,

16   injunctive relief, product repair, restitution, damages, and all other appropriate relief.

17   Defendants misrepresented the time period over which consumers could safely use

18   the Headsets.  In marketing and advertising the Headsets, Defendants also concealed

19   and omitted material information as to the capacity for the Headsets to cause hearing

20   loss.  Plaintiff and the Class members thus: (1) cannot safely use the Headsets for the

21   length of time for which the Headsets were advertised as usable; or (2) must turn the

22   volume of the Headsets so low as to render the Headsets unusable in most

23   environments, thereby drastically limiting and/or eliminating the usability of the

24   product.  Had Plaintiff and the Class they seek to represent known the true facts, they

25   would not have purchased them or would have purchased them only at a lesser price.

26   Plaintiff, and the Class Members, lost money as a result of the misrepresentations,

27   omissions and concealments by Defendants.  In doing the acts herein alleged and

28

Complaint
M:\Bluetooth, In Re\Pleadings\Plantronics Complaint Fed.doc

1    purposefully risking the health and safety of millions of consumers in order to

2    increase sales and profits, Defendants, and each of them, acted with oppression, fraud

3    or malice, and Plaintiff and the Class members are entitled to punitive damages.

4
5                              **CLASS ACTION ALLEGATIONS**

6          35.    Plaintiff brings this action both on behalf of himself, and as a class

7    action   on behalf of the following Class (the "Class"):

8
9                    All consumers who, within the four years prior to the
                     filing of this Complaint ("Class Period"), purchased a
10                   Bluetooth Headset device manufactured by Defendant.

11
12   Said definition may be further defined by additional pleadings, evidentiary hearings,

13   a class certification hearing, and order of this Court.

14
15         36.    Although Plaintiff does not know the exact number of the members of

16   the Class, since such information is within the exclusive control of Defendants,

17   Plaintiff believes that due to the nature of the commerce involved, the number of

18   members of the Class are sufficiently numerous, most likely thousands of purchasers,

19   that joinder of all Class members is impracticable.

20
21         37.    The claims of Plaintiff are typical of the Class claims.  Plaintiff

22   purchased a Headset manufactured by Plantronics within the Class Period.  The

23   unsafe Headset was unfairly and falsely marketed by Defendants, with the same

24   misrepresentations, omissions and concealments made as to Plaintiff and the Class

25   members.  All Class members purchased the Product within the Class Period.

26
27         38.    Numerous questions of law and fact are common to the Class, which

28   predominate over any individual issues.  Questions of law and fact which are

                                         12
                                      Complaint
     M:\Bluetooth, In Re\Pleadings\Plantronics Complaint Fed.doc

1    common to the Class include, without limitation:

2

3         a.  Whether Defendants represented to consumers that the

4             Headsets had a characteristic, use, benefit or quality that

5             permitted a consumer to use the Headsets for an extended

6             amount of time;

7

8         b.  Whether the Headsets in fact have a characteristic, use,

9             benefit or quality that prevents a consumer from safely using

10            the Headsets for an extended amount of time;

11

12        c.  Whether use of the Headsets expose users to dangerous

13            levels of sound;

14

15        d.  Whether Defendants failed to fairly, accurately and

16            sufficiently warn of the unsafe characteristics of the

17            Headsets;

18

19        e.  Whether Defendant knowingly concealed the danger of using

20            the Headsets;

21

22        f.  Whether Defendants truthfully advertised that the Headsets

23            could safely be used for over 8 hours of time;

24

25        g.  Whether Defendants violated express and implied warranty

26            statutes;

27

28        h.  Whether Defendants were unjustly enriched;

   i. The nature and extent of damages and other remedies to

     which the conduct of Defendants entitle the Class members;

   j. Whether the distribution of the Headsets to the consuming

     public constitutes an illegal nuisance.

  39. Defendants engaged in a common course of conduct involving similar or identical unsafe designs, statutory violations, and misrepresentations. Individual questions, if any, pale by comparison to the numerous questions that dominate this litigation. The claims at issue herein do not seek damages for physical injury which has already occurred to the Class members, and thus individualized determination as to causation related to bodily injury already suffered will not be required. The monetary damages sustained by the Class members arise from a common nucleus of operative facts involving the Defendants' misconduct.

  40. Plaintiff will fairly and adequately represent the interests of the Class in that Plaintiff, a California resident, is a typical purchaser of the Headsets. Plaintiff's interests do not conflict with the interests of the other Class members that she seeks to represent. Furthermore, Plaintiff has retained competent counsel experienced in class action litigation. Plaintiff's counsel will fairly and adequately protect the interests of the Class.

  41. This class action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy. The Class is readily definable. A class action will enable claims to be handled in an orderly and expeditious manner. A class action will save time and expense and will ensure uniformity of decisions.

  42. The relief sought per individual member of the Class is small given the

14

1   burden and expense of individual prosecution of the potentially extensive litigation

2   necessitated by the conduct of Defendants.  Furthermore, it would be virtually

3   impossible for the Class members to seek redress on an individual basis.  Even if the

4   Class members themselves could afford such individual litigation, the court system

5   could not.

6

7       43.    The Class members have been monetarily damaged and suffered injury

8   in fact as a result of Defendants' misconduct in that each member purchased an

9   unsafe Headset which the member would not have purchased if the true facts as to the

10  product's safety and limitations had been revealed by Defendants.  The Class

11  members would not have purchased the Headsets and/or paid as much had they

12  known the truth about the product.

13

14      44.    Individual litigation of the legal and factual issues raised by the conduct

15  of Defendants would increase delay and expense to all parties and to the court

16  system.  The class action device presents far fewer management difficulties and

17  provides the benefits of a single, uniform adjudication, economies of scale and

18  comprehensive supervision by a single court.  Given the similar nature of the Class

19  members' claims and the law applicable thereto, the Court and the parties will easily

20  be able to manage a class action.

21

22      45.    Prosecution of separate actions by individual Class members would

23  create the risk of inconsistent or varying adjudications, establishing incompatible

24  standards of conduct for the Defendants.

25

26      46.    Injunctive relief is appropriate as to the Class as a whole because

27  Defendants have acted or refused to act on grounds generally applicable to the Class.

28

## CALIFORNIA C.C.P. § 382 COMMON OR GENERAL INTEREST ALLEGATIONS

47.    In addition to asserting class action claims in this action, Plaintiff asserts claims on behalf of the common or general interest and sues for the benefit of all because the parties are numerous, and it is impracticable to bring them all before the court.  Plaintiff seeks to require Defendants to disgorge and restore all monies wrongfully obtained.  A common or general interest action is necessary and appropriate because Defendants have engaged and continue to engage in the wrongful acts described herein as a general business practice.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT (CAL. CIV. CODE § 1750 et seq.)

48.    Plaintiff incorporates by reference all the above allegations as if fully set forth herein.

49.    Plaintiff and members of the Class are individuals who have purchased goods (i.e., the Headsets) for personal, family or household purposes.  This cause of action is being asserted on behalf of a sub-class of all persons who purchased a Headset within three years of the filing of this action.

50.    Defendants have represented that the Headsets have characteristics, uses, benefits, or qualities that they do not have, in violation of Civil Code § 1770(a)(5). Defendants also represented that the Headsets had a particular standard or quality that they do not have in violation of Civil Code § 1770(a)(7).

51.    Plaintiff and the members of the Class have each been directly and proximately injured by the conduct of Defendants, and such injury includes payment

16

Complaint

M:\Bluetooth, In Re\Pleadings\Plantronics Complaint Fed.doc

1    for the unsafe Headsets.

2

3        52.    In accordance with California Civil Code § 1780 (a), Plaintiff and the

4    members of the Class seek only injunctive relief as to Defendants' violation of the

5    CLRA. Pursuant to the provisions of Civil Code section 1782, on October 9, 2006,

6    Plaintiff sent by certified letter to Plantronics a demand that it adequately correct,

7    repair, replace or otherwise rectify the deceptive practices described in this

8    Complaint for the entire Class, pursuant to Civil Code section 1770. In accordance

9    with Civil Code § 1782 (a) & (d), Plaintiff will subsequently amend this Class Action

10   Complaint without leave of Court to include a request for damages if Defendants fail

11   to adequately correct, repair replace or otherwise rectify the deceptive practices,

12   described in this Complaint and the certified letter, for the entire Class.

13

14       53.    The Court should enjoin the Defendants from any further sales,

15   marketing or advertisement of the Headsets which contain the misrepresentations

16   detailed herein as to the standard, characteristics, uses, benefits, and/or qualities of

17   the Headsets. The Court should enjoin Defendants from any further sales, marketing

18   or advertisement of the Headsets without a warning as to the potential for noise

19   induced hearing loss. The Court should further enjoin Defendants from any further

20   sales of the Headsets until Defendant redesigns the Headsets in a manner which

21   ensures that the volume emitted by the Headsets does not exceed 85 decibels or, in

22   the alternative, which provides the consumer with the ability to determine the decibel

23   level of the sound being emitted by the Headset.

24

25       54.    Plaintiff engaged counsel to prosecute this action and is entitled to

26   recover costs and reasonable attorney's fees according to proof at trial.

27

28

Complaint
M:\Bluetooth, In Re\Pleadings\Plantronics Complaint Fed.doc

## SECOND CAUSE OF ACTION

### VIOLATION OF UNFAIR COMPETITION LAW
### (CAL. B & P CODE § 17200 et seq.)

55.    Plaintiff incorporates by reference all the above allegations as if fully set forth herein, except for paragraphs 47 through 53.

56.    Plaintiff brings this cause of action on behalf of himself and on behalf of the Class. Plaintiff and the Class members have suffered injury in fact and lost money or property as a result of unfair competition by Defendants, as Plaintiff and the Class members paid the purchase price for an unsafe product which would not have been purchased if Defendants had not made misrepresentations and concealed or omitted material information as to the safety of the product and its limitations. Plaintiff and the Class members relied upon Defendants to disclose all pertinent safety information and the limitations on the safe usage of the product. Plaintiff and the Class members have further suffered injury in fact having been subjected to a nuisance, as defined by California Civil Code, section 3479, and as to which they were subjected by virtue of money innocently paid in purchasing a product injurious to health so as to interfere with the comfortable enjoyment of life.

57.    The actions of Defendants, as complained herein, constitute unfair, deceptive and unlawful practices committed in violation of the Unfair Competition Act. Plaintiff is informed and believe that the conduct of Defendants violated the Unfair Competition Act because:

        a.    Defendants were aware, or upon reasonable investigation should have been aware, of the risks presented by the use of the Headsets;

b. Defendants purposefully and knowingly failed to adequately warn the consumer of the safety risk presented by use of the Headset;

c. Defendants advertised and marketed the Headsets with a representation that the Headsets could be used in excess of the number of hours which would be safe, even though Defendants were aware or should have been aware that such use could be unsafe;

d. Defendants failed to include in the safety information provided with the Headsets any mention of the potential for noise induced hearing loss, even though such a warning had been issued by competitors;

e. Defendants concealed, omitted and/or suppressed information as to the decibel levels emitted by the Headsets and the corresponding time limitations for use;

f. Defendants have unlawfully violated regulations limiting exposure to certain decibel levels over certain periods of time;

g. The Headsets, and Defendants' sale thereof to a considerable number of persons, constitutes a nuisance because the Headsets are injurious to health and/or interfere with the comfortable enjoyment of life, in violation of California Civil Code § 3479;

1        h. Defendants' conduct violates maxims of jurisprudence,

2              including Civil Code §§ 3514, 3520, 3523.

3

4    58.    Plaintiff is informed and believes that Defendants are aware, or should

5    be aware, of the risk of hearing loss posed by the Headsets, but Defendants chose to

6    market and sell the Headsets without adequate warning or modifications because

7    such warnings or modifications could have had an adverse impact on the sale of the

8    Headsets and the revenue flowing to Defendants.

9

10   59.    Plaintiff and the Class members have suffered damages as a result of

11   the conduct of Defendants, because Plaintiff and the Class members were misled into

12   purchasing a product which was not safe and which was not what Defendants

13   advertised the product to be.

14

15   60.    Plaintiff is informed and believes that all of the conduct alleged herein

16   occurs and continues to occur in Defendants' business. The conduct of Defendants is

17   part of a pattern or generalized course of conduct repeated on thousands of occasions

18   daily.

19

20   61.    Plaintiff requests that this Court enter such orders or judgments as may

21   be necessary to restore to any person in interest any money which may have been

22   acquired by means of such unfair practices as provided in Bus. & Prof. Code §

23   17203, and for such other relief as set forth below.

24

25   62.    Plaintiff is informed and believes that the continuing sales of the

26   Headsets to the unsuspecting public, without warnings and any mechanism by which

27   the public may protect its hearing, exposes the consuming public in an ongoing

28   danger of noise induced hearing loss, an irreparable and devastating loss. Because

Complaint
M:\Bluetooth, In Re\Pleadings\Plantronics Complaint Fed.doc

1   the noise induced hearing loss at issue herein is a silent condition (i.e., one is unaware

2   that it is occurring as it evolves and until it is too late) that progressively occurs over

3   time, everyday the consuming public uses the product, consumers continue down the

4   path of noise induced hearing loss, incrementally but permanently affecting and/or

5   jeopardizing one's long-term ability to hear. With every additional sale of the

6   product, this path becomes increasingly congested. Plaintiff requests that this Court

7   enter a temporary restraining order, a preliminary injunction, and a permanent

8   injunction enjoining Defendants, and their agents, servants, employees and all

9   persons acting under or in concert with them, to cease and desist from the following

10  acts:

11

12          a.  Selling, marketing or advertising the Headsets without a

13              warning advising the consumer as to the product's potential

14              for causing noise induced hearing loss;

15

16          b.  Selling, marketing or advertising the Headsets without a

17              mechanism by which the user can determine the decibel

18              levels being emitted by the Headsets and thereby be made

19              aware of the safe time limits for use of the Headsets at the

20              higher volume settings;

21

22          c.  Any other conduct which the Court determines warranted so

23              as to prevent the commission of unfair competition by

24              Defendants.

25

26      63.     Plaintiff, on behalf of himself, the Class, and on behalf of the common

27  or general interest, seeks an order of this Court awarding restitution, injunctive relief

28  and all other relief allowed under § 17200, *et seq.*, plus interest, attorneys' fees and

21

Complaint

1   costs pursuant to, *inter alia*, C.C.P. § 1021.5. Plaintiff engaged counsel to prosecute

2   this action and is entitled to recover costs and reasonable attorney's fees according to

3   proof at trial. This case will result in the enforcement of an important right affecting

4   the public interest, a significant benefit (pecuniary or nonpecuniary) will be conferred

5   on a large class of persons (thousands if not tens of thousands or more), the necessity

6   and financial burden of private enforcement are such as to make the award

7   appropriate (the product costs less than $200, which is minimal in comparison to the

8   financial burden of litigating this important action, made necessary by virtue of

9   Plantronics' refusal to protect the public's hearing); and such fees should not in the

10  interest of justice be paid out of the recovery, if any (as the cost of litigation by itself

11  may exceed the monetary amounts paid by way of restitution).

13       64.    Plaintiff meets the standing requirements of C.C.P. § 382 to bring this

14  cause of action because, among other reasons, the question is one of a common or

15  general interest, is a question of many persons and/or the parties are numerous and it

16  is impracticable to bring them all before the Court. Further, Plaintiff has standing to

17  bring this action as Plaintiff suffered injury in fact and monetary damages as a result

18  of Defendants' conduct.

## THIRD CAUSE OF ACTION

### UNTRUE AND MISLEADING ADVERTISING
### (CAL. B & P CODE § 17500, et seq.)

22       65.    Plaintiff incorporates by reference all the above allegations as if fully

23  set forth herein, except for paragraphs 47 through 53.

25       66.    Plaintiff brings this cause of action on behalf of himself, on behalf of

26  the Class, and on behalf of the common or general interest. Plaintiff has suffered

27  injury in fact and lost money or property as a result of Defendants' violations of Bus.

28  & Prof. Code § 17500. *et seq.*

22

Complaint

67.     Plaintiff is informed and believes that Defendants made representations disseminated to the public as to the uses of the Headsets in advertisements, product descriptions and other sales materials, while also concealing and/or omitting relevant information which would have qualified such affirmative representations. These representations, omissions and concealments were made to induce the public to purchase the Headsets. The representations were false. The information omitted and concealed should have been disseminated.

68.     Defendants were aware, or by the exercise of reasonable case should have been aware, that the representations were untrue or misleading. Defendants also were aware, or by the exercise of reasonable case should have been aware, that the concealments and omissions should have been disseminated in the advertising.

69.     Plaintiff has been harmed. Plaintiff, on behalf of himself, on behalf of the Class, and on behalf of the common or general interest, seeks restitution, injunctive relief and all other relief allowable under § 17500, *et seq.*

70.     Pursuant to Bus. & Prof. Code § 17535, Plaintiff and members of the Class are entitled to remedies as set forth below.

71.     Plaintiff meets the standing requirements of C.C.P. § 382 to bring this cause of action because, among other reasons, the question is one of a common or general interest, is a question of many persons and/or the parties are numerous and it is impracticable to bring them all before the Court.

///
///
///

Complaint
M:\Bluetooth, In Re\Pleadings\Plantronics Complaint Fed.doc

## FOURTH CAUSE OF ACTION

### UNJUST ENRICHMENT

72.    Plaintiff incorporates by reference all the above allegations as if fully set forth herein, except for paragraphs 47 through 53.

73.    Defendants have benefited and been unjustly enriched by the above-alleged conduct.  Defendants knowingly sold the Headsets to Plaintiff and members of the Class based upon misrepresentations as to uses which the product did not possess and concealment and omission of information which should have been disseminated.

74.    Defendants have knowledge of this benefit, and have voluntarily accepted and retained this benefit.

75.    The circumstances as described herein are such that it would be inequitable for Defendants to retain these ill-gotten benefits without paying the value thereof to Plaintiff and the Class members.

76.    Plaintiff and the Class are entitled to the amount of Defendants' ill-gotten gains, including interest, resulting from its unlawful, unjust and inequitable conduct as described above.

## FIFTH CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTY
#### (Cal. Civil Code § 1792.2 et seq.)

77.    Plaintiff incorporates by reference all the above allegations as if fully set forth herein, except for paragraphs 47 through 53.

78.    This claim is asserted on behalf of a sub-class of all persons whose

Complaint
M:\Bluetooth, In Re\Pleadings\Plantronics Complaint Fed.doc

1  express warranty is still in effect, i.e., Class members who purchased a headset within

2  one year of the filing of this action.

3

4      79.    Defendants expressly warranted that their products were free of defects

5  in materials and workmanship.

6

7      80.    Defendants' Headsets are defective in materials and/or workmanship.

8

9      81.    Plaintiff and the Class members have incurred damages as described

10  herein as a direct and proximate result of the defective Headsets and Defendants'

11  violation of the provisions of the Cal. Civ. Code § 1791.2, *et seq*, in that Plaintiff and

12  the Class have paid the purchase price for a product which cannot be safely used for

13  the purpose and length of time for which it was marketed and sold. Plaintiff, on

14  behalf of himself and the Class members, has requested that Defendants correct or

15  repair the defects and Defendants have refused. Plaintiff and the Class Members are

16  entitled to refund of the purchase price of the Product, consequential and incidental

17  damages, costs and expenses, including attorney's fees.

18

19          **SIXTH CAUSE OF ACTION**

20          **BREACH OF IMPLIED WARRANTY**
        **(Cal. Civil Code § 1790 et seq.)**

21      82.    Plaintiff incorporates by reference all the above allegations as if fully

22  set forth herein, except for paragraphs 47 through 53.

23

24      83.    This claim is asserted on behalf of a subclass of all purchasers of the

25  Headsets who purchased it within one year of the filing of this Complaint.

26

27      84.    The Headsets are consumer goods as defined in Cal. Civil Code § 1791.

28

Complaint
M:\Bluetooth, In Re\Pleadings\Plantronics Complaint Fed.doc

85. The Headsets were sold with the implied warranty of merchantability in that they would pass without objection in the trade, are fit for the ordinary purpose for which they are used, are adequately contained, packaged, and labeled, and conform to the promises or affirmations of fact made on the container and label. The Headsets do not meet any of the foregoing criteria.

86. The Headsets were sold with the implied warranty of fitness in that Defendants had reason to know of the particular purpose for which the Headsets were required (i.e., to listen safely to communications, music and television via mobile phones) and Plaintiff and the Class members relied upon Defendants' skill and judgment to furnish suitable goods. The Headsets are not suitable for the purpose for which they are required, as Plaintiff and the Class members have no ability to determine the decibel levels being emitted from the devices and the corresponding safe time during which Plaintiff and the Class members may listen to the sound being emitted at such levels.

87. The defect in the Headsets existed prior to the delivery of the Headsets to Plaintiff and the Class members.

88. Plaintiff and the Class members have incurred damages as described herein as a direct and proximate result of the defective design of the Headsets and Defendants' breach of the implied warranties, in that Plaintiff and the Class have paid the purchase price for a product which cannot be safely used for the purpose and length of time for which it was marketed and sold. Plaintiff, on behalf of himself and the Class members, has requested that Defendants correct or repair the defects and Defendants have refused. Plaintiff and the Class Members are entitled to refund of the purchase price of the Product, consequential and incidental damages, costs and expenses, including attorney's fees.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and as representative of all other persons similarly situated, prays for judgment against the Defendants, as follows:

1. An Order certifying the Class and any appropriate sub-class thereof, and appointing Plaintiff Lori Raines and her counsel to represent the Class;

2. As to the Fourth through Sixth Causes of Action, for an award of general damages according to proof;

3. As to the Fourth through Sixth Causes of Action, for an award of special damages according to proof;

4. As to the Fourth through Sixth Causes of Action, for an award of punitive damages in an amount sufficient to deter and make an example of Defendants;

5. As to the Second through Sixth Causes of action, for an award of restitution in an amount according to proof;

6. As to all causes of action, for a temporary restraining order, a preliminary injunction and a permanent injunction enjoining Defendants, and their agents, servants, employees and all persons acting under or in concert with them, to cease and desist from the following acts:

- Selling, marketing or advertising the Headsets without a detailed warning advising the consumer as to the potential for noise induced hearing loss and the known risk of harm associated with exposure, even for brief intervals, to sound at high decibel levels;

- Selling, marketing or advertising the Headsets without a mechanism by which the user can readily

1   and easily determine the decibel levels being

2   emitted by the Headsets and thereby be made aware

3   of the safe time limits (if any) for use of the

4   Headsets at the higher volume settings;

5   •   Any other conduct which the Court determines

6   warranted so as to prevent the commission of unfair

7   competition by Defendants.

8       7.   As to the Fourth through Sixth Causes of Action, for an order of

9   disgorgement;

10      8.   For costs incurred herein;

11      9.   For prejudgment interest;

12      10.  For reasonable attorneys' fees;

13      11.  For all general, special, and equitable relief to which the

14  Plaintiffs and the members of the Class are entitled by law.

15  Dated: October 19, 2006                    THE GARCIA LAW FIRM

16

17                                      By: _____

18                                          Stephen M. Garcia
                                            Sarina M. Hinson
19                                          Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

---

28

Complaint

M:\Bluetooth, In Re\Pleadings\Plantronics Complaint Fed.doc

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED: October 19, 2006          **THE GARCIA LAW FIRM**

By: _____
          Stephen M. Garcia
          Sarina M. Hinson
          Attorneys for Plaintiff

29

Complaint

M:\Bluetooth, In Re\Pleadings\Plantronics Complaint Fed.doc