

1   DEAN A. PAPPAS (SBN 115140)
    LAURA L. REIDENBACH (SBN 158335)
2   ROPERS, MAJESKI, KOHN & BENTLEY
    1001 Marshall Street, Suite 300
3   Redwood City, CA  94063
    Telephone:   (650) 364-8200
4   Facsimile:    (650) 780-1701
    E-mail: dpappas@rmkb.com
5   E-mail: lreidenbach@rmkb.com

6   Attorneys for Defendant
    ATLANTIC MUTUAL INSURANCE COMPANY

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  PLANTRONICS, INC.,                    CASE NO.  C 07-06038PVT

13              Plaintiff,                **DEFENDANT ATLANTIC MUTUAL
                                          INSURANCE COMPANY'S NOTICE OF
14  v.                                    MOTION AND MOTION TO DISMISS
                                          PURSUANT TO FEDERAL RULES OF
15  AMERICAN HOME ASSURANCE               CIVIL PROCEDURE SECTION 12(b)(6);
    COMPANY, a New York corporation;      MEMORANDUM OF POINTS AND
16  THE INSURANCE COMPANY OF THE          AUTHORITIES AND [PROPOSED]
    STATE OF PENNSYLVANIA, a              ORDER**
17  Pennsylvania corporation; ATLANTIC
    MUTUAL INSURANCE COMPANY, a           **Date:        March 18, 2008**
18  New York corporation                  **Time:        10:00 a.m.
                                          Courtroom:  5**
19              Defendants.               **Judge: Magistrate Judge Patricia V. Trumbull**

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

DEFENDANT PLANTRONICS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUA C 07-06038PVT

1

## TABLE OF CONTENTS

2
                                                                                    **Page**

3    I.       INTRODUCTION .................................................................................... 2

4    II.      SUMMARY OF FACTS ......................................................................... 2

         A.    The Atlantic Mutual Policy ........................................................... 2

5        B.    The Underlying Putative Class Action Lawsuits ......................... 4

6    III.     ARGUMENT .......................................................................................... 4

7        A.    Plantronics Has Failed To State Any Claim Against Atlantic Mutual ................. 4

         B.    The Atlantic Mutual Policy Does Not Provide Coverage ....................... 5

8             1.   Plantronics Cannot Be Legally Obligated To Pay Damages Because
9                  of "Bodily Injury" ................................................................. 5

              2.   Economic Injury Is Not "Property Damage" ............................ 9

10            3.   Repair or Replacement of the Bluetooth Headsets is Excluded.............. 10

11            4.   The Underlying Lawsuits Do Not Allege A "Personal Or
                   Advertising Injury" Offense............................................. 11

12   IV.      CONCLUSION ..................................................................................... 12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1

# TABLE OF AUTHORITIES

2

## FEDERAL CASES

3

*Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc.*, (9th Cir. 1978) 583 F.2d
4      426 ) ................................................................................................ 5

*Balistreri v. Pacifica Police Dept.* (9th Cir. 1988) 901 F.2d 696 ...................................... 4
5

*Clegg v. Cult Awareness Network* (9th Cir. 1994))18 F.3d 752 ) ...................................... 5
6

*(Durning v. First Boston Corp.* (9th Cir. 1987) 815 F.2d 1265 .......................................... 5
7

*Steckman v. Hart Brewing, Inc.* (9th Cir.1998) 143 F.3d 1293 ......................................... 5
8

## STATE CASES

9

*Bank of the West v. Superior Court* (1992) 2 Cal. 4th 1254 ....................................... 7, 10
10

*Chatton v. National Union Fire Insurance Co., supra*, 10 Cal. App. 4th at 854-855 ......... 7
11

*Cutler-Orosi Unified School District v. Tulare County School etc. Authority*
12      (1994) 31 Cal. App. 4th 617. ........................................................................ 10

*Economy Lumber Co. v. Insurance Co. of North America* (1984) 157 Cal. App. 3d
13      641 ................................................................................................ 11
14

*Fibreboard Corp. v. Hartford Accident & Indem. Co.* (1993) 16 Cal. App. 4th 492 ....... 12
15

*Fresno Economy Import Used Cars, Inc. v. United States Fid. & Guar. Co.* (1977)
16      76 Cal. App. 3d 272 ............................................................................... 9, 10

*Gray v. Zurich Insurance Co.* (1966) 65 Cal. 2d 263. ...................................... 2
17

*(Gunderson v. Fire Insurance Exchange* (1995) 37 Cal. App. 4th 1106 ........................... 9
18

*Hurley Construction Co. v. State Farm Fire & Casualty Co.* (1992) 10 Cal. App.
19      4th 533 ............................................................................................ 9
20

*Palmer v. Truck Ins. Exchange* (1999) 21 Cal. 4th 1109 ) .................................... 12
21

*Scalf v. D. B. Log Homes, Inc.* (2005) 128 Cal. App. 4th 1510 ) .......................... 7
22

*Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.
23      App. 4th 847 ) .................................................................................... 11
24

*Valerio v. Andrew Youngquist Construction* (2002) 103 Cal. App. 4th 1264 ................... 7
25

*Waller v. Truck Ins. Exch.* (1995) 11 Cal. 4th 1 ) ......................................... 2
26

## FEDERAL STATUTES

27

Fed. R. Civ. P. 8(a)(2) ....................................................................... 4

28

RC1/5050933.3/BS

-ii-

DEFENDANT ATLANTIC MUTUAL'S NOTICE OF MOTION AND MOTION TO DISMISS - C 07-06038PVT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 18, 2008, at the hour of 10:00 a.m., in Courtroom 5 of the above-entitled Court, located at 280 South First Street, San Jose, California, the Honorable Patricia V. Trumbull, presiding, defendant Atlantic Mutual Insurance Company ("Atlantic Mutual") will move to dismiss the Complaint filed herein on the grounds that it fails to state facts constituting a claim for relief against Plantronics, Inc. under Federal Rule of Civil Procedure 12(b).

Said motion will be based on the attached Memorandum of Points and Authorities and such other papers and pleadings as may be on file in this action.

Dated: February 4, 2008                     ROPERS, MAJESKI, KOHN & BENTLEY

                                            By:    /s/
                                            DEAN A. PAPPAS
                                            LAURA L. REIDENBACH
                                            Attorneys for Defendant
                                            ATLANTIC MUTUAL INSURANCE
                                            COMPANY

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/5050933.3/BS

- 1 -

DEFENDANT ATLANTIC MUTUAL'S NOTICE OF MOTION AND MOTION TO DISMISS - C 07-06038PVT

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.
## INTRODUCTION

3

4    This is an action for declaratory relief and breach of contract filed by an insured,

5    Plantronics, against Atlantic Mutual and other insurers seeking a determination of a duty to

6    defend and a duty to indemnity the insured with respect several underlying class action lawsuits.

7    Examination of the Plantronic's Complaint including the exhibits thereto, however, reveals that

8    the Complaint fails to state facts constituting a claim for relief.  Atlantic Mutual, therefore, brings

9    this Motion to Dismiss pursuant to Rule 12(b)(6) since the facts stated in the Complaint establish

10    that there is no potential for application of the coverages provided in the Atlantic Mutual policy

11    for the damages or remedies sought in the underlying class action lawsuits.

12

## II.
## SUMMARY OF FACTS

13

14    Plaintiff claims the allegations made in the underlying actions give rise to the potential for

15    coverage under the Atlantic Mutual policy.  In order to determine whether an insured has made a

16    claim for covered damages, the court must compare the underlying complaints with the terms of

17    the policy. (*Waller v. Truck Ins. Exch.* (1995) 11 Cal.4th 1, 18)  An insurer must defend a suit

18    which *potentially* seeks damages within the coverage of the policy; the corollary of this rule holds

19    that the insurer need not defend if the third party complaint can by no conceivable theory raise a

20    single issue which could bring it within the policy coverage. (*Gray v. Zurich Insurance Co.*

21    (1966) 65 Cal.2d 263.)  Analysis of the underlying putative class action complaints reveal that

22    none of the claims give rise to the potential for coverage under the Atlantic Mutual policy.

23    **A.    The Atlantic Mutual Policy**

24    Atlantic Mutual issued a Commercial General Liability policy, No. 761-00-67-45-0000, to

25    named insured Plantronics, Inc., effective from June 30, 2002 to June 30, 2003, providing $1

26    million per occurrence/$2 million general aggregate limits. (Exhibit "E" to Plaintiff's

27    Complaint.)

28    The policy includes Commercial General Liability Coverage.  The policy includes the

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1   promises to "pay those sums that the insured becomes legally obligated to pay as damages

2   because of 'bodily injury' or 'property damage' to which this insurance applies" (Exhibit "E" to

3   Complaint, p. 6 (Coverage A - Bodily Injury and Property Damage Liability)) and to "pay those

4   sums that the insured becomes legally obligated to pay as damages because of 'personal and

5   advertising injury' to which this insurance applies." (Exhibit "E" to Complaint, p. 9 (Coverage B

6   – Personal and Advertising Liability).)   Atlantic Mutual also agreed to "defend the insured

7   against any 'suit' seeking those damages." (Exhibit "E" to Complaint, pp. 6, 9.)  A "suit" is

8   defined as a civil proceeding in which damages because of "bodily injury," "property damage,"

9   "personal and advertising injury" to which the insurance applies, are alleged.  (Exhibit "E" to

10  Complaint, p. 18.)

11        The policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a

12  person, including mental anguish or death resulting from any of these at any time." (Exhibit "E"

13  to Complaint, p. 24.)  The policy defines "property damage" as "physical injury to tangible

14  property" or "loss of use of tangible property that is not physically injured." (Exhibit "E" to

15  Complaint, p. 18.)  "Personal and advertising injury" is specifically defined to mean injury arising

16  out of one or more of the following offenses:

17            a. False arrest, detention or imprisonment;

18            b. Malicious prosecution;

19            c. The wrongful eviction from, wrongful entry into, or invasion of the right

20               of private occupancy of a room, dwelling or premises that a person

21               occupies, committed by or on behalf of its owner, landlord or lessor;

22            d. Oral or written publication, in any manner, of material that slanders or

23               libels a person or organization or disparages a person's or organization's

24               goods, products, or services;

25            e. Oral or written publication, in any manner, of material that violates a

26               person's right of privacy;

27            f. The use of another's advertising idea in your "advertisement"; or

28            g. Infringing upon another's copyright, trade dress or slogan in your

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/5050933.3/BS

- 3 -

DEFENDANT ATLANTIC MUTUAL'S NOTICE OF MOTION AND MOTION TO DISMISS - C 07-06038PVT

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    "advertisement." (Exhibit "E" to Complaint, pp. 17-18.)

2    **B.    The Underlying Putative Class Action Lawsuits**

3    The underlying putative class action lawsuits are identified in the complaint as *Schiller et*

4    *al. v. Plantronics, Inc.; Edwards, et al. v. Plantronics, Inc.; Raines et al. v. Plantronics, Inc.;*

5    *Wars, et al. v. Plantronics, Inc.; Cook et al. v. Plantronics, Inc.; Pierce et al. v. Plantronics, Inc.;*

6    and *In re Bluetooth Headset Products Liability Litigation.* (Complaint 2:28-3:24; Exhibits F, G,

7    H, I, J, K, L and M to Complaint.)

8    The underlying suits do not seek the payment of damages because of any of the types of

9    injuries to which the Atlantic Mutual policy potentially applies. The underlying suits arise from

10    Plantronics' marketing, manufacture, and distribution of devices commonly known as "Bluetooth

11    Headsets" which permit the use of a mobile phone without the necessity of holding the phone

12    next to the face and without the necessity of wires connecting the phone to the Headset. The

13    underlying suits allege that the Headsets can cause hearing loss and the packaging lacks any

14    warning regarding the noise induced hearing loss. However, each of the underlying lawsuits

15    expressly states that that the claimants *do not seek damages for physical injury*. The putative

16    class members claim that the Bluetooth Headsets were defectively designed and unfairly

17    marketed. The putative class members claim that the defective design of the Bluetooth Headsets

18    constitutes a breach of warranty entitling them to a refund of the purchase price of the product.

19                                    **III.**
20                              **ARGUMENT**

21    **A.    Plantronics Has Failed To State Any Claim Against Atlantic Mutual**

22    A motion for failure to state a claim upon which relief can be granted "shall be made

23    before pleading if a further pleading is permitted." Federal Rule of Civil Procedure 12(b)(6) must

24    be read in conjunction with Rule 8(a), which states that "a pleading which sets forth a claim for

25    relief" shall contain "a short and plain statement of the claim showing that pleader is entitled to

26    relief." (Fed. R. Civ. P. 8(a)(2).) A court should dismiss a claim where there is either a "lack of a

27    cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

28    theory." (*Balistreri v. Pacifica Police Dept.* (9th Cir. 1988) 901 F.2d 696, 699.)

RCI/5050933.3/BS                                    - 4 -

1       If a complaint is accompanied by attached documents, the court is not limited by the

2 allegations contained in the complaint. (*Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc.*,

3 (9th Cir. 1978) 583 F.2d 426, 429)  Such documents are "a part of the pleading for all purposes."

4 (Fed. R. Civ. P.10(c).)

5       The court may disregard allegations contradicted by the complaint's attached exhibits.

6 (*Durning v. First Boston Corp.* (9th Cir. 1987) 815 F.2d 1265, 1267; *Steckman v. Hart Brewing,*

7 *Inc.* (9th Cir.1998) 143 F.3d 1293, 1295)  Moreover, the court is not required to accept legal

8 conclusions cast in the form of factual allegations if those conclusions cannot reasonably be

9 drawn from the facts alleged. (*Clegg v. Cult Awareness Network* (9th Cir. 1994)18 F.3d 752)

10 **B.**    **The Atlantic Mutual Policy Does Not Provide Coverage**

11       The complaint against Atlantic Mutual alleges that the underlying putative class action

12 lawsuits concern the use of "Bluetooth Headsets" marketed, manufactured and distributed by

13 Plantronics and that the allegations made in the underlying actions give rise to the potential for

14 coverage under the Atlantic Mutual policy.  (Complaint ¶¶ 11 and 12.)  However, the facts as set

15 forth in the exhibits to the Complaint reveal that underlying suits do not seek the payment of

16 damages because of a loss to which the Atlantic Mutual policy potentially applies.  (Exhibits E, F,

17 G, H, I, J, K, L and M to Complaint)

18     **1.**    **Plantronics Cannot Be Legally Obligated To Pay Damages Because of**
            **"Bodily Injury"**

19

20       The Atlantic Mutual policy only applies to damages Plantronics is legally obligated to pay

21 because of "bodily injury", "property damage", or "personal and advertising injury" to which the

insurance applies. (Exhibit "E" to Complaint, pp. 6, 9.)  The policy specifically defines "bodily

22 injury" as "bodily injury, sickness or disease sustained by a person, including mental anguish or

23 death resulting from any of these at any time." (Exhibit "E" to Complaint, p. 16.)

24

25       Although the named plaintiffs and putative class members allege potential hearing loss,

26 each of the lawsuits expressly states that that the claimants do not seek damages for physical

injury.

27      • In *Schiller*, the complaint alleges, "The claims at issue herein do not seek damages

28

- 5 -

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    for physical injury which has already occurred to the Class members, and thus

2    individualized determination as to causation related to bodily injury already

3    suffered will not be required." (Exhibit F to Complaint at ¶ 35.)

4       •  In *Edwards*, the complaint alleges, "The claims at issue herein do not seek

5    damages for physical injury which has already occurred to the Class members, and

6    thus individualized determination as to causation related to bodily injury already

7    suffered will not be required." (Exhibit G to Complaint at ¶ 37.)

8       •  In *Raines*, the complaint alleges, "The claims at issue herein do not seek damages

9    for physical injury which has already occurred to the Class members, and thus

10   individualized determination as to causation related to bodily injury already

11   suffered will not be required." (Exhibit H to Complaint at ¶ 39.)

12      •  In *Wars*, the complaint alleges, "The claims at issue herein do not seek damages

13   for physical injury which has already occurred to the Class members, and thus

14   individualized determination as to causation related to bodily injury already

15   suffered will not be required." (Exhibit I to Complaint at ¶ 26.)

16      •  In *Cook*, the complaint alleges, "The claims at issue herein do not seek damages

17   for physical injury which has already occurred to the Class members, and thus

18   individualized determination as to causation related to bodily injury already

19   suffered will not be required." (Exhibit J to Complaint at ¶ 37.)

20      •  In *Pierce*, the complaint alleges, "The claims at issue herein do not seek damages

21   for physical injury which has already occurred to the Class members, and thus

22   individualized determination as to causation related to bodily injury already

23   suffered will not be required." (Exhibit K to Complaint at ¶ 37.)

24      •  The *In re: Bluetooth Headset Products Liability Litigation* complaint alleges, "The

25   claims at issue herein seek damages for economic injury and do not seek damages

26   for physical injury which has already occurred to the Class members. Specifically

27   excluded from the relief sought in this proceeding are damages for personal injury

28   claims. Thus, individualized determination as to causation related to bodily injury

1    already suffered will not be required." (Exhibit L to Complaint at ¶ 62f)  The *In*

2    *re: Bluetooth Headset Products Liability Litigation* amended complaint repeats the

3    allegations, "The claims at issue herein seek damages for economic injury and do

4    not seek damages for physical injury which has already occurred to the Class

5    members.  Specifically excluded from the relief sought in this proceeding are

6    damages for personal injury claims.  Thus, individualized determination as to

7    causation related to bodily injury already suffered will not be required." (Exhibit

8    M to Complaint at ¶ 62g.)

9    Accordingly, Plantronics will not be legally obligated to pay damages because of any alleged

10    physical bodily injury.

11        It is well-settled that the term "bodily injury" as defined in the policy encompasses

12    physical injuries to the body and the consequences thereof.  In *Chatton v. National Union Fire*

13    *Ins. Co.* ((1992) 10 Cal.App.4th 846, 854), the court noted that the cases overwhelmingly hold

14    that the phrase "bodily injury, sickness or disease" is plain and unambiguous and that coverage

15    under the bodily injury clause is limited to physical injury to the body.  "Bodily injury" as

16    commonly understood imports harm arising from corporeal contact and "bodily" refers to an

17    organism of flesh and blood and is not satisfied by anything short of physical injury. (*Chatton v.*

18    *Nat'l Union Fire Ins. Co., supra,* 10 Cal. App. 4th at 854-855.)

19        The fact that the putative class members may have actually suffered bodily injury is not

20    determinative as to whether the obligations under the Atlantic Mutual policy have been triggered.

21    By disclaiming such covered claims, Plantronics cannot become *legally obligated to pay damages*

22    because of bodily injury.  Notably, statements disclaiming damages for physical injury contained

23    in pleadings constitute binding judicial admissions.  A judicial admission is an admission of fact

24    by a party that is treated as a waiver of proof, in that the admission is taken to establish the fact

25    conclusively. (*Valerio v. Andrew Youngquist Construction* (2002) 103 Cal.App.4th 1264, 1271-

26    1272.) Similarly, concessions made in pleadings are judicial admissions. (*Scalf v. D. B. Log*

27    *Homes, Inc.* (2005) 128 Cal.App.4th 1510, 1522)  Therefore, the disclaimers made by the putative

28    class members preclude any potential for application of "bodily injury" liability coverage under

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

DEFENDANT ATLANTIC MUTUAL'S NOTICE OF MOTION AND MOTION TO DISMISS - C 07-06038PVT

1    the Atlantic Mutual policy.

2        For example, in *Samsung Electronics America, Inc. v. Federal Insurance Company*

3    ((Tex.App. 2006) 202 S.W.3d 372), the Court of Appeals of Texas considered this same issue in

4    very similar circumstances.  The insured was the defendant in several class action complaints

5    asserting claims arising out of the contention that cell phones emit harmful radio frequency

6    radiation that potentially injures the user.  An underling class action complaint (the *Dahlgren*

7    complaint) expressly disclaimed any damages for physical bodily injury arising from the use of

8    the cell phones.  (*Id.* at 383.)  The underlying complaint stated, "This action does not assert

9    personal injury claims, such as claims related to the harmful physical effects that result from any

10    class member's use of [cell phones] . . . ." (*Id.* at 383.)  The court found that where an underlying

11    complaint expressly disclaimed damages for bodily injury, there was no duty to defend the

12    lawsuit since it did not assert facts which, if true, would provide coverage under the "bodily

13    injury" liability coverage.  (*Id.* at 383.)

14        Atlantic Mutual anticipates that plaintiff will assert that the opinion of U.S. District Court

15    in *Dobrin v. Allstate Ins. Co.* ((1995) 897 F. Supp. 442), supports the denial of this motion.  It

16    does not.  In *Dobrin*, Allstate learned in a deposition of the counsel that filed the underlying

17    action against the insured that the complaint had been drafted in an effort to assert claims that

18    would not trigger coverage for the insured.  The court found, however, that the facts stated in the

19    complaint did seek damages for a claim potentially covered by the policy.  (*Id.* at 444.)  The court

20    concluded that the insured could not rely on the extrinsic information about the intent of the

21    drafter of the complaint since facts supporting a potential for application of the policy were

22    alleged in the complaint.  (*Id.* at 444.)  In contrast, this motion does not involve any extrinsic

23    evidence.  The underlying complaints establish in clear, unequivocal statements that the

24    underlying plaintiffs are not seeking damages because of "bodily injury."

25        Furthermore, although it is conceivable that the putative class members could attempt to

26    amend their complaints to allege such damages, California courts have expressly recognized that

27    an insured may not trigger the duty to defend by speculating about extraneous "facts" regarding

28    potential liability or ways in which the claimant might amend its complaint at some future date.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    (*Gunderson v. Fire Insurance Exchange* (1995) 37 Cal.App.4th 1106; *Hurley Construction Co. v.*

2    *State Farm Fire & Casualty Co.* (1992) 10 Cal.App.4th 533, 538.)  In summary, because each of

3    the putative class action lawsuits disavows any claims for physical injury, no coverage can be

4    triggered under the "bodily injury" coverage included in the Atlantic Mutual policy.

5         **2.     Economic Injury Is Not "Property Damage"**

6         The policy defines "property damage" as "physical injury to tangible property" or "loss of

7    use of tangible property that is not physically injured." ."  (Exhibit "E" to Complaint, p. 18.)  The

8    putative class members allege that had they known that the Bluetooth Headsets had the capacity

9    to cause hearing loss, "they would not have purchased them or would have purchased them for a

10   lesser price."  The putative class members describe their damages as the loss of money, monetary

11   damages and economic injury.  (Exhibits F at ¶ 30; G at ¶ 32; H at ¶ 34; I at ¶s 18, 26 and 33; J at

12   ¶ 32; K at ¶ 32; L at ¶ 62 f and i; M at ¶ 62 g and j to Complaint.)  The focus of coverage for

13   property damage is the property itself, and does not include intangible economic losses or

14   nonperformance of contractual obligations. (*Golden Eagle Ins. Corp. v. Cen-Fed, Ltd.* (2007) 148

15   Cal. App. 4th 976, 987-988.)  A suit seeking recovery for injuries to intangible economic interests

16   is not a suit of the nature and kind covered by a general liability policy.  (*Montrose Chemical*

17   *Corp. v. Superior Court* (1993) 6 Cal.4th 287, 303.)  Strictly economic losses, like loss of the

18   anticipated benefit of a bargain or the loss of an investment, are not considered "property

19   damage" for liability insurance purposes.  (*Waller v. Truck Ins. Exchange* (1995) 11 Cal.4th 1,

20   26-27; also *Giddings v. Industrial Indemnity Co.* (1980) 112 Cal.App.3d 213, 219.)

21        The underlying putative class members claim that the defective design of the Bluetooth

22   Headsets constitutes a breach of warranty entitling them to a refund of the purchase price of the

23   product.  In *Fresno Economy Import Used Cars, Inc. v. United States Fid. & Guar. Co.* (1977) 76

24   Cal.App.3d 272), the court held that claims against the insured dealer arising from the lease and

25   sale of cars allegedly in breach of implied warranties and express representations as to their

26   condition were not "property damage" claims.  The court explained: "There are no allegations

27   suggesting that appellant's representations caused injury or damage to the automobiles.  To the

28   contrary, the damage was to the plaintiffs' pecuniary interests—the out-of-pocket loss caused by

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Redwood City*

RCI/5050933.3/BS                                 - 9 -

1  the fact that plaintiffs did not receive full value for the money paid for the purchase and lease of

2  the automobiles. Such loss of anticipated value does not constitute an 'injury to or destruction of

3  tangible personal property' as defined in the policy." (*Id.* at p. 279.)

4         Notably, each of the putative class action lawsuits also seeks injunctive relief and

5  restoration of all monies wrongfully obtained. The costs associated in complying with an

6  injunction are not "damages" covered under the policy. (*Cutler-Orosi Unified School District*

7  *v. Tulare County School etc. Authority* (1994) 31 Cal.App.4th 617.) Likewise, it is well

8  established that one may not insure against the risk of being ordered to return money or property

9  that has been wrongfully acquired. Such orders do not award "damages" as that term is used in

10 insurance policies. (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1268-1269.)

11     **3.**    **Repair or Replacement of the Bluetooth Headsets is Excluded**

12        The putative class members seek repair or replacement of the defective Bluetooth

13 Headsets. (Exhibits F at ¶ 30; G at ¶ 32; H at ¶ 34; I at ¶ 34; J at ¶ 32; K at ¶ 32; L at ¶¶ 72, 73

14 and 74 to Complaint) Even if we were to assume, for the sake of argument, that the complaints

15 seek "damages because property damage," exclusions in the policy would negate any potential for

16 application of the policy. The Atlantic Mutual does not apply to

17         **k.**    **Damage to Your Product**

18            "Property damage" to "your product" arising out of it or any part of
19            it.

20         **m.**    **Damage to Impaired Property to Property Not Physically
Injured**

21            "Property damage" to "impaired property" or property that has not
22            been physically injured, arising out of:

23         **(1)**    A defect, deficiency, inadequacy or dangerous condition in
              "your product" or "your work"; . . .
24               (Exhibit "E" to Complaint, Exclusions k. and m., p. 9.)

25 "Your product" is defined to include any goods or products manufactured, sold, handled,

26 distributed or disposed of by Plantronics and includes warranties or representations made at any

27 time with respect to the fitness, quality, durability, performances or use of such product and the

28 providing of or failure to provide warnings or instructions. (Exhibit "E" to Complaint, pp. 18-

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

19.) The courts, in interpreting liability insurance policies, have consistently differentiated between damage to the product of the insured and damage to other property caused by that product. (*Economy Lumber Co. v. Insurance Co. of North America* (1984) 157 Cal.App.3d 641, 649.) The underlying putative class action complaints do not seek damage having any relationship to other property; i.e., property other than the insured's product, the Bluetooth Headsets. These exclusions reflect the principle that the risk of replacing or repairing the insured's defective work or product is a commercial risk that is not passed on to the liability insurer. (*Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 866) The putative class members claim that the Bluetooth Headsets were defectively designed and unfairly marketed. Because the Bluetooth Headsets are products manufactured by Plantronics, any conceivable claim for "property damage" arising from the putative class members' claims for product repair or replacement is excluded by the terms of the Atlantic Mutual policy.

4. **The Underlying Lawsuits Do Not Allege A "Personal Or Advertising Injury" Offense**

The Atlantic Mutual policy includes coverage for damages because of "personal and advertising injury." The term "personal and advertising injury" is specifically defined to mean injury arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services;

e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

f. The use of another's advertising idea in your "advertisement"; or

g. Infringing upon another's copyright, trade dress or slogan in your "advertisement." (Exhibit "E" to Complaint, pp. 17-18.)

"Personal and advertising injury" coverage applies to injury which arise out of the commission of certain enumerated acts or offenses. (See 3 Cal. Insurance Law & Practice (1992) § 49.51[1], pp. 49-111-49-112; *Fibreboard Corp. v. Hartford Accident & Indem. Co.* (1993) 16 Cal. App. 4th 492, 511) Coverage for personal and advertising injury is strictly limited to the commission of the offenses specified in the policy. (See *Palmer v. Truck Ins. Exchange* (1999) 21 Cal.4th 1109, 988) Coverage thus is triggered by the offense, not the injury or damage which a plaintiff suffers. Without facts alleged against the insured supporting the potential for an assessment of damages because of the commission of one of these enumerated offenses, no coverage exists under the personal and advertising injury coverage.

The putative class members do not seek the recovery of damages arising out the alleged commission of any of the offenses included in the definition of "personal and advertising injury". Accordingly, no coverage exists for personal and advertising injury liability under the Atlantic Mutual policy.

## IV. CONCLUSION

Atlantic Mutual's Motion to Dismiss the complaint must be granted because none of the claims alleged in the underlying putative class action lawsuits potentially trigger coverage under the Atlantic Mutual policy. The putative class members disavow any claims for damages because of "bodily injury" and there are no claims for damages because of "property damage" or "personal and advertising injury" as those terms are defined in the policy. The claims for injunctive relief and claims seeking return of the purchase price are not claims for "damages" under the policy. Any conceivable claims for damage to the Bluetooth Headsets themselves are specifically excluded from coverage. No discovery or further proceedings are necessary in this matter. Since the underlying putative class action lawsuits do not seek damages covered under the Atlantic Mutual policy as a matter of law, Atlantic Mutual's motion to dismiss must be granted.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RCl/5050933.3/BS

DEFENDANT ATLANTIC MUTUAL'S NOTICE OF MOTION AND MOTION TO DISMISS - C 07-06038PVT

Dated: February 4, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By:＿＿＿ /s/ ＿＿＿＿＿＿＿＿＿＿＿＿
DEAN A. PAPPAS
LAURA L. REIDENBACH
Attorneys for Defendant
ATLANTIC MUTUAL INSURANCE
COMPANY

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1  DEAN A. PAPPAS (SBN 115140)
   LAURA L. REIDENBACH (SBN 158335)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   1001 Marshall Street, Suite 300
3  Redwood City, CA  94063
   Telephone:    (650) 364-8200
4  Facsimile:    (650) 780-1701
   E-mail:  dpappas@rmkb.com
5  E-mail:  lreidenbach@rmkb.com

6  Attorneys for Defendant
   ATLANTIC MUTUAL INSURANCE COMPANY
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12  PLANTRONICS, INC.,                    CASE NO.  C 07-06038PVT

13              Plaintiff,                **[PROPOSED] ORDER**

14  v.                                    **Date: March 18, 2008**
                                          **Time: 10:00 a.m.**
15  AMERICAN HOME ASSURANCE               **Courtroom: 5**
    COMPANY, a New York corporation;      **Judge: Patricia V. Trumbull**
16  THE INSURANCE COMPANY OF THE
    STATE OF PENNSYLVANIA, a
17  Pennsylvania corporation; ATLANTIC
    MUTUAL INSURANCE COMPANY, a
18  New York corporation

19              Defendants.

20

21      This action came for hearing before the Court, on March 18, 2008, the

22  Honorable Patricia V. Trumbull, District Magistrate Judge presiding, on a motion to

23  dismiss pursuant to Rule 12(b)(6), and the evidence presented having been fully

24  considered, the issues having been duly heard and a decision having been duly

25  rendered,

26      IT IS ORDERD AND ADJUDGED that the plaintiff, Plantronics, Inc. takes

27  nothing, that the action be dismissed on the merits and that defendant Atlantic

28  Mutual Insurance Company recovers costs.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/5050948.1/BS                    - 1 -                    [PROPOSED] ORDER  C 07-06038PVT

1

2    Dated: _____

3                                        Patricia V. Trumbull
                                         JUDGE OF THE UNITED STATES DISTRICT
4                                        COURT, NORTHERN DISTRICT

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City