1  LATHAM & WATKINS LLP
      Stephen Stublarec (Bar No. 69451)
2     Paul T. Llewellyn (Bar No. 216887)
   505 Montgomery Street, Suite 2000
3  San Francisco, California 94111-6538
   Telephone: (415) 391-0600
4  Facsimile: (415) 395-8095
   Email: Paul.Llewellyn@lw.com
5
   Attorneys for Plaintiff
6  PLANTRONICS, INC.

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11

12 | PLANTRONICS, INC., a Delaware          | CASE NO. C07-06038 PVT
    corporation,
13 |                                         | **PLAINTIFF PLANTRONICS, INC.'S
                     Plaintiff,               NOTICE OF MOTION AND MOTION TO
14 |                                         | STAY PROCEEDINGS**
          v.
15 |                                         |
    AMERICAN HOME ASSURANCE              Date:  March 18, 2008
16 | COMPANY, a New York corporation; THE  Time:  10:00 a.m.
    INSURANCE COMPANY OF THE STATE       Place: Courtroom 5
17 | OF PENNSYLVANIA, a Pennsylvania       Trial Date: None Set
    corporation; ATLANTIC MUTUAL
18 | INSURANCE COMPANY, a New York        (Honorable Patricia V. Trumbull)
    corporation,
19 |
                     Defendants.
20

21

22

23

24

25

26

27

28

TO THIS HONORABLE COURT, TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on March 18, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 5 of the United States District Court, Northern District of California, located at 280 S. First Street, San Jose, California 95113, plaintiff Plantronics, Inc. will and hereby does move this Court to stay this action pending resolution of the underlying actions currently pending against Plantronics, as to which this action relates.

This Motion to Stay is based upon this Notice of Motion, the Memorandum of Points and Authorities and the Declaration of Paul T. Llewellyn filed herewith, all pleadings and records in this case, and such oral argument and evidence as may be allowed by the Court at the time of the hearing.

Dated: February 5, 2008

Respectfully submitted,

LATHAM & WATKINS LLP
Stephen Stublarec
Paul T. Llewellyn

By: _____/s/_____
Paul T. Llewellyn
Attorneys for Plaintiff
Plantronics, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff, Plantronics, Inc. ("Plantronics"), respectfully requests that this Court exercise its inherent power to stay this action pending resolution of underlying litigation that is the subject matter of this coverage dispute.

On November 29, 2007, Plantronics filed this declaratory relief action against the three defendant insurance companies, American Home Assurance Company ("American Home"), The Insurance Company of the State of Pennsylvania ("ICSOP"), and Atlantic Mutual Insurance Company ("Atlantic Mutual"). The action arose out of the denial of insurance coverage by defendants for seven putative class actions that have been filed against Plantronics ("underlying actions").[1] *See* Complaint, Exs. F-M. The underlying actions concern the use of "Bluetooth Headsets"[2] marketed, manufactured and distributed by Plantronics. The underlying actions have been consolidated by the Judicial Panel on Multidistrict Litigation, and the consolidated proceedings are currently pending before the Honorable Dale S. Fischer in the Central District of California. *See* Declaration of Paul T. Llewellyn In Support of Motion to Stay Proceedings ("Llewellyn Decl."), Ex. A (Transfer Order of the Judicial Panel on Multidistrict Litigation, dated February 20, 2007).

In this action, Plantronics seeks to establish that the insurance policies require defendants to defend and indemnify Plantronics in the underlying actions. In circumstances such as those

---

[1] The seven actions are: *Schiller, et al. v. Plantronics, Inc.*, filed in Los Angeles County Superior Court on October 10, 2006; *Edwards, et al. v. Plantronics, Inc.*, filed in the U.S. District Court for the Middle District of Florida on October 17, 2006; *Raines, et al. v. Plantronics, Inc.*, filed in the U.S. District Court for the Central District of California on October 20, 2006; *Wars, et al. v. Plantronics, Inc.*, filed in the U.S. District Court for the Eastern District of Texas, Marshall Division, on November 14, 2006; *Cook, et al. v. Plantronics, Inc.*, filed in the U.S. District Court for the Eastern District of Virginia on January 10, 2007; *Pierce, et al. v. Plantronics, Inc.*, filed in the U.S. District Court for the Eastern District of Arkansas on February 8, 2007; and *In re: Bluetooth Headset Products Liability Litigation*, a consolidated class action complaint filed in the U.S. District Court for the Central District of California on July 9, 2007.

[2] These headsets permit wearers to utilize a mobile telephone without holding the telephone next to the face and without the necessity of wires connecting the telephone to the headset.

presented here, where there are questions of insurance coverage related to underlying litigation, the insured is not required to wage a "two-front war" at the same time. *See, e.g., David Kleis, Inc. v. Superior Court*, 37 Cal. App. 4th 1035 (1995); *California Insurance Guarantee Association v. Superior Court*, 231 Cal. App. 3d 1617 (1991). Additionally, a stay of this action makes sense, because Plantronics' damages are accruing on an on-going basis in the underlying actions. A temporary stay of this action until the underlying actions are resolved will serve this Court's and the parties' interests in conserving scarce resources, avoiding potentially wasteful duplication of effort, and preventing the risk to the parties of inconsistent obligations. A temporary stay will not prejudice any party to these nascent proceedings.[3]

Before filing this motion, counsel for Plantronics met and conferred with counsel for defendants to determine whether they intend to oppose this motion. Two of the three defendants, American Home and ICSOP do not anticipate an opposition to these proceedings being stayed. Llewellyn Decl., ¶ 2.

## II.  ARGUMENT

A district court has the inherent power to stay the proceedings before it. As the Supreme Court has explained, this power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The decision to stay a case is within a court's discretion and "is appropriate when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney World Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). When considering a motion to stay, a court typically balances the competing interests that will be affected by the stay. Among these competing interests are (1) the possible damage or prejudice which may result from the granting of a stay, (2) the hardship or inequity which a party

---

[3]  These proceedings are in their infancy. Atlantic Mutual filed its responsive pleading to the Complaint on February 4, 2008, and by stipulation of the parties American Home and ICSOP are not due to file their responsive pleadings until February 20, 2008. The parties have engaged in no discovery, and their initial disclosures are not due to be exchanged until March 11, 2008.

may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *See Landis*, 299 U.S. at 254-55; *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see also Rivers*, 980 F. Supp. at 1360. Here, all three factors weigh strongly in favor of a temporary stay pending resolution of the underlying actions.

### A. PLANTRONICS WILL SUFFER HARDSHIP IF THIS ACTION IS NOT STAYED

Plantronics will suffer a significant amount of hardship if this action is not stayed. As the courts have noted, a "stay of a declaratory relief action to determine coverage is often in order when the coverage question turns on facts to be litigated in the underlying third party action . . . ." *David Kleis, Inc.*, 37 Cal. App. 4th at 1044; *see also* Croskey, Heeseman & Popik, *Cal. Prac. Guide: Insurance Litigation*, ¶ 15:163 (The Rutter Group 2007) (concurrent litigation of the declaratory relief and liability actions could prejudice the insured by forcing it to "fight a two-front war").

In this case, questions of insurance coverage to be determined in this action are related to issues that will be litigated in the underlying actions. For example, there will be litigation in the underlying actions over the harm allegedly caused by the Bluetooth Headsets which is related to the duty to defend and indemnify Plantronics. Additionally, the issue of indemnification cannot be determined until the underlying litigation is resolved. In circumstances such as those presented here, the courts prevent a litigant from having to fight a "two-front war" at the same time through the granting of a stay. *See, e.g., California Insurance Guarantee Association v. Superior Court*, 231 Cal. App. 3d 1617, 1628 (1991) ("[w]here, as here, the question of coverage turns upon one or more factual issues which will necessarily be resolved in the underlying action, then it was entirely appropriate for the trial court to stay the declaratory relief action pending resolution of those issues.") As the Supreme Court of California stated in *Montrose Chemical Corporation of California v. Superior Court*, 6 Cal. 4th 287 (1993) (Kennard, J., concurring):

> When an insured calls upon a liability insurer to defend a third party action, the insurer as a general rule may not escape the

> burden of defense by obtaining a declaratory judgment that it has no duty to defend. Were the rule otherwise, the insured would be forced to defend simultaneously against both the insurer's declaratory relief action and the third party's liability action. Because the duty to defend turns on the potential for coverage, and because coverage frequently turns on factual issues to be litigated in the third party liability action, litigating the duty to defend in the declaratory relief action may prejudice the insured in the liability action. To prevent this form of prejudice, the insurer's action for declaratory relief may be either stayed (see *California Ins. Guarantee Assn. v. Superior Court* (1991) 231 Cal.App.3d 1617, 1626-1627 [283 Cal.Rptr. 104]) or dismissed (see *General of America Ins. Co. v. Lilly* (1968) 258 Cal.App.2d 465, 471 [65 Cal.Rptr. 750]).

*Id.* at 386.

This reasoning is equally applicable where an insured seeks to stay its own declaratory relief action, as in this case. For example, in *David Kleis, Inc. v. Superior Court*, 37 Cal. App. 4th 1035 (1995), the insured convalescent home and its administrator had been sued by employees alleging sexual harassment. After tender of the defense to its insurance companies, the insured filed a declaratory relief action to determine the extent of the coverage under the policies. Thereafter, the insured filed a motion to stay the declaratory relief action, arguing that in order to prove the alleged acts fell outside the insurance policies, the insurance companies "would have to try certain aspects of the underlying action to establish that the sexual harassment did in fact occur and that the insureds acted intentionally." *Id.* at 1042. Following the trial court's denial of the request for a stay, the insured petitioned for a writ. The Court of Appeal held that the trial court erred in denying plaintiffs' motion to stay the trial, and issued a writ of mandate. As the court stated, "[t]he record presented to the trial court was insufficient to conclude that the issues to be tried in the declaratory relief action did not infringe upon the issues to be tried in the underlying action." *Id.* at 1051. The potential hardship to Plantronics of having to fight a "two-front war" can only be alleviated by staying this case until the underlying actions are resolved. Additionally, a stay of this action makes sense, because Plantronics' damages are accruing on an on-going basis in the underlying actions. This Court will only be able to finally resolve coverage issues when it knows the full extent of Plantronics' damages.

4

**B.    A STAY WILL NOT PREJUDICE ATLANTIC MUTUAL**

Two of the three defendants, American Home and ICSOP, do not anticipate an opposition to this action being stayed. Llewellyn Decl., ¶ 2. The only remaining defendant, Atlantic Mutual, will not suffer any prejudice if this case is temporarily stayed. No discovery has occurred; and the parties have not begun their meetings and exchanges required by Rule 26(f) of the Federal Rules of Civil Procedure. If this case is stayed, the only potential impact upon Atlantic Mutual would be a temporary delay before this action proceeds. A delay of this nature does not present a sufficient basis to deny a stay motion. *See, e.g., Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (granting defendants' motion to stay pending a final decision by the Judicial Panel on Multidistrict Litigation, and rejecting plaintiff's assertion that he would be prejudiced by the resulting delay). In short, Atlantic Mutual will not suffer any legally cognizable prejudice if this case is temporarily stayed until the underlying actions are resolved.

**C.    A STAY WILL SIMPLIFY THE ISSUES BEFORE THE COURT**

For the reasons explained above, a stay of the declaratory relief action will simplify the issues before the Court. By staying this action, the Court will have the benefit of factual development from the underlying actions, thus conserving judicial resources. A stay will also avoid the risk of inconsistent rulings.

**III.    CONCLUSION**

For the foregoing reasons, Plantronics respectfully requests that this Court stay the instant case until the underlying actions are resolved.

| | | |
|---|---|---|
| 1 | Dated: February 5, 2008 | Respectfully submitted, |
| 2 | | LATHAM & WATKINS LLP |
| 3 | | Stephen Stublarec |
| | | Paul T. Llewellyn |
| 4 | | |
| 5 | | By: _____/s/_____ |
| | | Paul T. Llewellyn |
| | | Attorneys for Plaintiff |
| 6 | | Plantronics, Inc. |

SF\642235.2