Exhibit A

**MDL 1822**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FEB 20 2007
FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1822*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE BLUETOOTH HEADSET PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, D. LOWELL JENSEN,[*] J. FREDERICK MOTZ,[**] ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

*TRANSFER ORDER*

    This litigation currently consists of thirteen actions as follows: four actions in the Central District of California, three actions in the Middle District of Florida, and an action each in the Eastern District of Arkansas, the Northern District of Illinois, the Southern District of Mississippi, the District of New Hampshire, the Eastern District of Oklahoma, and the Western District of Tennessee as listed on Schedule A.[1] Plaintiffs in a Central District of California action (*Jones*) move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Central District of California before Judge Dale S. Fischer. Defendants[2] and all responding plaintiffs[3] support plaintiffs' motion.

    On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in each of the actions allege that defendants designed, manufactured, marketed, distributed and/or sold Bluetooth headsets, which are products that allow the wearer to use a mobile phone without holding the phone next to the face and without the necessity of

---

  [*] Judges Hodges and Jensen took no part in the decision of this matter.

  [**] In light of the fact that Judge Motz could be a member of the putative class(es) in this litigation, he has filed with the Clerk of the Panel a formal renunciation of any claim that he may have as a putative class member, thereby removing any basis for a disqualification of Judge Motz on that ground.

  [1] The Panel has been notified of twelve potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

  [2] Motorola, Inc.; Plantronics, Inc. (Plantronics); GN Jabra North America; and GN Netcom, Inc.

  [3] Plaintiffs in eleven actions and six potential tag-along actions.

**OFFICIAL FILE COPY**

IMAGED FEB 2 0 2007

- 2 -

wires connecting the phone to the headset. Plaintiffs assert, among other things, that use of the headsets for certain periods of time can cause noise-induced hearing loss. The actions are brought as nationwide or statewide class actions, and plaintiffs seek relief under various theories of liability, such as unjust enrichment, breach of express and/or implied warranties, and strict products liability. In addition, several actions contain claims that defendants violated various state consumer protection laws. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In accordance with the agreement of the parties to centralize this litigation in the Central District of California before Judge Fischer, the Panel is persuaded that this choice provides an appropriate transferee forum. Relevant discovery may be found in this district, inasmuch as defendant Plantronics is headquartered there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Dale S. Fischer for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

_____
J. Frederick Motz
Acting Chairman

## SCHEDULE A

<u>MDL-1822 -- In re Bluetooth Headset Products Liability Litigation</u>

<u>Eastern District of Arkansas</u>

*Hayley Frye v. Motorola, Inc.*, C.A. No. 4:06-1533

<u>Central District of California</u>

*Michael Jones, et al. v. Motorola, Inc.*, C.A. No. 2:06-5182
*Betsee Finlee v. GN Jabra North America, et al.*, C.A. No. 2:06-6280
*Amy Karle v. Motorola, Inc., et al.*, C.A. No. 2:06-6706
*Lori Raines v. Plantronics, Inc.*, C.A. No. 2:06-6708

<u>Middle District of Florida</u>

*Steve Edwards v. Motorola, Inc.*, C.A. No. 8:06-1909
*Kyle Edwards v. Plantronics, Inc.*, C.A. No. 8:06-1910
*Gary Hamrick v. GN Jabra North America, et al.*, C.A. No. 8:06-1911

<u>Northern District of Illinois</u>

*Martin Alpert, et al. v. Motorola, Inc.*, C.A. No. 1:06-5586

<u>Southern District of Mississippi</u>

*Jessica Smith v. Motorola, Inc.*, C.A. No. 2:06-242

<u>District of New Hampshire</u>

*Mark Davis v. GN Jabra North America, et al.*, C.A. No. 1:06-402

<u>Eastern District of Oklahoma</u>

*Jarred Swink v. Motorola, Inc.*, C.A. No. 6:06-456

<u>Western District of Tennessee</u>

*Mark Benfield v. Motorola, Inc.*, C.A. No. 2:06-2690