```
GLENN A. FRIEDMAN, SB# 104442
    E-Mail: friedman@lbbslaw.com
TIMOTHY S. KIRK, SB#161598
    E-Mail: kirk@lbbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
One Sansome Street, Suite 1400
San Francisco, CA 94104
Telephone no. 415.362.2580
Facsimile no. 415.434.0882
```

FILED
2008 FEB 20 A 11: 12
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Attorneys for Defendants
AMERICAN HOME ASSURANCE COMPANY and
THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PLANTRONICS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOME ASSURANCE COMPANY, a New York Corporation; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania Corporation; ATLANTIC MUTUAL INSURANCE COMPANY, a New York Corporation,<br><br>Defendants. | CASE NO. C07 06038 PVT<br><br>ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES<br><br>Action Filed: 11/29/07 |

Defendants AMERICAN HOME ASSURANCE COMPANY ("American Home") and THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA ("ICSOP"), answering the Complaint for Declaratory Relief and Damages of Plaintiff PLANTRONICS, INC., hereby admit, deny and allege as follows:

**THE PARTIES**

1.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of Plaintiff's Complaint.

2.  American Home admits the truth of the allegations of paragraph 2 of Plaintiff's Complaint.

1      3.     ICSOP admits the truth of the allegations of paragraph 3 of Plaintiff's Complaint.

    4.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of Plaintiff's Complaint.

    5.     ICSOP admits that it is qualified to do business, and has done business, in the State of California. ICSOP admits that it issued policy numbers GL 359-79-82 and GL 382-89-16 to Plantronics, Inc. American Home admits that it is qualified to do business, and has done business, in the State of California. American Home admits that it issued policy numbers GL 382-94-49 and GL 721-75-41 to Plantronics, Inc. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of Plaintiff's Complaint and therefore deny the remaining allegations of paragraph 5.

## JURISDICTION AND VENUE

    6.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of Plaintiff's Complaint.

    7.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of Plaintiff's Complaint.

## INTRADISTRICT ASSIGNMENT

    8.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of Plaintiff's Complaint.

## THE UNDERLYING ACTIONS

    9.     Defendants admit that they denied coverage for Plantronics, Inc. with regard to Plaintronics, Inc.'s tenders of defense in connection with the seven underlying actions. Defendants deny knowledge or information sufficient to form a belief as to the truth of this allegation with respective to defendant ATLANTIC MUTUAL INSURANCE COMPANY ("Atlantic"). Defendants deny knowledge or information sufficient to form a belief as to the truth of the dates of filing of each of the seven underlying actions and therefore denies the allegations of paragraph 9 as they pertain to the filing dates of the underlying actions.

1      10.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of Plaintiff's Complaint.

    11.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of Plaintiff's Complaint.

    12.    Defendants deny the truth of the allegations of paragraph 12 of Plaintiff's Complaint.

## DEFENDANTS' DENIALS OF COVERAGE UNDER THE POLICIES

    13.    Defendants admit the truth of the allegations of paragraph 13 of Plaintiff's Complaint.

    14.    Defendants admit the truth of the allegations of paragraph 14 of Plaintiff's Complaint.

    15.    Defendants admit the truth of the allegations of paragraph 15 of Plaintiff's Complaint.

    16.    Defendants admit the truth of the allegations of paragraph 16 of Plaintiff's Complaint.

    17.    Defendants admit the truth of the allegations of paragraph 17 of Plaintiff's Complaint.

    18.    Defendants allege that the allegations of paragraph 18 are not directed to American Home or ICSOP. Defendants thus deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of Plaintiff's Complaint.

    19.    Defendants admit the truth of the allegations of paragraph 19 of Plaintiff's Complaint.

    20.    Defendants deny the truth of the allegations of paragraph 20 of Plaintiff's Complaint.

    21.    Defendants deny the truth of the allegations of paragraph 21 of Plaintiff's Complaint insofar as those allegations pertain to the policies issued by American Home and ICSOP. Defendants deny knowledge or information sufficient to form a belief as to

1  the truth of the allegations of paragraph 21 of Plaintiff's Complaint insofar as those
2  allegations pertain to any policy or policies issued by Atlantic.

### FIRST CAUSE OF ACTION: DECLARATORY RELIEF
### (Against All Defendants)

22. Respecting the allegations referred to in paragraph 22 of Plaintiffs' Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 21, inclusive, set forth above as though fully set forth herein.

23. Defendants deny the truth of the allegations of paragraph 23 of Plaintiff's Complaint insofar as those allegations pertain to American Home and ICSOP. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of Plaintiff's Complaint insofar as those allegations pertain to Atlantic.

24. Defendants deny the truth of the allegations of paragraph 24 of Plaintiff's Complaint insofar as those allegations pertain to American Home and ICSOP. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of Plaintiff's Complaint insofar as those allegations pertain to Atlantic..

25. Defendants admit that Plaintiff seeks a judicial declaration as to the legal issues listed in paragraph 25 of Plaintiff's Complaint. Defendants deny the truth of the allegation that Plaintiff is entitled to any of the judicial declarations Plaintiff seeks insofar as those allegations pertain to American Home and ICSOP. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of Plaintiff's Complaint insofar as those allegations pertain to Atlantic.

### SECOND CAUSE OF ACTION
### BREACH OF CONTRACT
### (Against All Defendants)

26. Respecting the allegations referred to in paragraph 26 of Plaintiffs' Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 25, inclusive, set forth above as though fully set forth herein.

27. Defendants deny the truth of the allegations in paragraph 27 of Plaintiff's Complaint insofar as those allegations pertain to American Home and ICSOP. Defendants

1  deny knowledge or information sufficient to form a belief as to the truth of the allegations
2  of paragraph 27 of Plaintiff's Complaint insofar as those allegations pertain to defendant
3  Atlantic.
4      28.    Defendants deny the truth of the allegations in paragraph 28 of Plaintiff's
5  Complaint insofar as those allegations pertain to American Home and ICSOP. Defendants
6  deny knowledge or information sufficient to form a belief as to the truth of the allegations
7  of paragraph 28 of Plaintiff's Complaint insofar as those allegations pertain to defendant
8  Atlantic.

## PRAYER

1.   As to each item requested in paragraph 1 of Plaintiff's prayer for judgment, Defendants respond as follows:

   a.   As to the claim in paragraph 1.a. of Plaintiff's prayer for judgment, Defendants deny the allegations insofar as they pertain to American Home and ICSOP; Defendants deny knowledge or information sufficient to form a belief of the allegations insofar as they pertain to Atlantic.

   b.   As to the claim in paragraph 1.b. of Plaintiff's prayer for judgment, Defendants deny the allegations insofar as they pertain to American Home and ICSOP; Defendants deny knowledge or information sufficient to form a belief of the allegations insofar as they pertain to Atlantic.

   c.   As to the claim in paragraph 1.c. of Plaintiff's prayer for judgment, Defendants deny the allegations insofar as they pertain to American Home and ICSOP; Defendants deny knowledge or information sufficient to form a belief of the allegations insofar as they pertain to Atlantic.

   d.   As to the claim in paragraph 1.d. of Plaintiff's prayer for judgment, Defendants deny the allegations insofar as they pertain to American Home and ICSOP; Defendants deny knowledge or information sufficient to form a belief of the allegations insofar as they pertain to Atlantic.

   e. As to the claim in paragraph 1.e. of Plaintiff's prayer for judgment, Defendants deny the allegations insofar as they pertain to American Home and ICSOP; Defendants deny knowledge or information sufficient to form a belief of the allegations insofar as they pertain to Atlantic.

  2. As to the claim for relief in paragraph 2 of the Prayer of Plaintiff's Complaint, Defendants deny the allegations insofar as they pertain to American Home and ICSOP; Defendants deny knowledge or information sufficient to form a belief of the allegations insofar as they pertain to Atlantic.

  3. As to the claim for relief in paragraph 3 of the Prayer of Plaintiff's Complaint, Defendants deny the allegations insofar as they pertain to American Home and ICSOP; Defendants deny knowledge or information sufficient to form a belief of the allegations insofar as they pertain to Atlantic.

  4. As to the claim for relief in paragraph 4 of the Prayer of Plaintiff's Complaint, Defendants deny the allegations insofar as they pertain to American Home and ICSOP; Defendants deny knowledge or information sufficient to form a belief of the allegations insofar as they pertain to Atlantic.

  5. As to the claim for relief in paragraph 5 of the Prayer of Plaintiff's Complaint, Defendants deny the allegations insofar as they pertain to American Home and ICSOP; Defendants deny knowledge or information sufficient to form a belief of the allegations insofar as they pertain to Atlantic.

  6. As to the claim for relief in paragraph 6 of the Prayer of Plaintiff's Complaint, Defendants deny the allegations insofar as they pertain to American Home and ICSOP; Defendants deny knowledge or information sufficient to form a belief of the allegations insofar as they pertain to Atlantic.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure To State A Claim Upon Which**
**Relief Can Be Granted -- All Causes Of Action)**

As a first and separate affirmative defense to the Complaint, Defendants American Home and ICSOP allege:

1. All causes of action alleged in the Complaint fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Negligence Of Third Parties – All Causes of Action)

As a second and separate affirmative defense to the Complaint, Defendants American Home and ICSOP allege:

2. The acts or omissions of third persons other than Defendants American Home and ICSOP proximately caused or contributed to the events leading up to and the occurrence by which Plaintiff allegedly sustained losses, damages or injuries. Defendants American Home and ICSOP are entitled to a judicial determination of the percentage of fault of each person who is a proximate cause of Plaintiff's alleged losses, damages and injuries sustained, if any. Defendants American Home and ICSOP are further entitled to a reduction of the total amount of damages to which Plaintiff is entitled, if any, on account of the acts or omissions of said third persons.

### THIRD AFFIRMATIVE DEFENSE
### (Failure To Mitigate Damages – All Causes Of Action)

As a third and separate affirmative defense to the Complaint, Defendants American Home and ICSOP allege:

3. Plaintiff's damages, if any, have been aggravated as a result of the failure of Plaintiff and its attorneys and agents to exercise reasonable diligence in caring for its alleged losses, damages and injuries. Defendants American Home and ICSOP's liability, if any, must therefore be limited to the amount of damage that would have been suffered, if any, if Plaintiff and its attorneys and agents had exercised the diligence required of them.

### FOURTH AFFIRMATIVE DEFENSE
### (No Duty to Defend – All Causes of Action)

As a fourth and separate affirmative defense to the Complaint, Defendants American Home and ICSOP allege:

1     4.     The Complaint and each cause of action contained therein, fails to state a claim upon which relief can be granted because Defendants American Home and ICSOP owe no duty to defend Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE
(No Duty to Indemnify -- All Causes of Action)

As a fifth and separate affirmative defense to the Complaint, Defendants American Home and ICSOP allege:

5.     The Complaint and each cause of action contained therein, fails to state a claim upon which relief can be granted because Defendants American Home and ICSOP owe no duty to indemnify Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE
(No Coverage Under Insurance Contract -- All Causes Of Action)

As a sixth and separate affirmative defense to the Complaint, Defendants American Home and ICSOP allege:

6.     Coverage for Plaintiff's claim is barred by the terms, conditions, exclusions and exceptions to coverage of the policies issued to Plaintiff by American Home and ICSOP.

WHEREFORE, Defendants American Home and ICSOP prays for judgment as follows:

1.     That Plaintiff take nothing by reason of the Complaint on file herein;

2.     That the Complaint be dismissed with prejudice;

3.     That Defendants American Home and ICSOP be awarded the costs of suit herein; and

//
//
//
//
//
//

4. For such other and further relief as the Court may deem just and proper.

DATED: February 20, 2008    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Joseph
Glenn A. Friedman
Timothy S. Kirk
Attorneys for Defendants AMERICAN HOME
ASSURANCE COMPANY and THE INSURANCE
COMPANY OF THE STATE OF PENNSYLVANIA