DEAN A. PAPPAS (SBN 115140)
LAURA L. REIDENBACH (SBN 158335)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone:   (650) 364-8200
Facsimile:   (650) 780-1701
E-mail: dpappas@rmkb.com
E-mail: lreidenbach@rmkb.com

Attorneys for Defendant
ATLANTIC MUTUAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PLANTRONICS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN HOME ASSURANCE COMPANY, a New York corporation; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation; ATLANTIC MUTUAL INSURANCE COMPANY, a New York corporation<br><br>    Defendants. | CASE NO. C 07-06038PVT<br><br>**DEFENDANT ATLANTIC MUTUAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS**<br><br>Date:         March 18, 2008<br>Time:         10:00 a.m.<br>Courtroom:  5<br>Judge: Magistrate Judge Patricia V. Trumbull |

Atlantic Mutual hereby submits the following opposition to Plantronics' motion to stay.

I.

**INTRODUCTION**

Plantronics' motion to stay must be denied because as Atlantic Mutual's motion to dismiss illustrates, the issue of coverage can be determined on the pleadings and therefore, there can be no impact on any factual issues of consequence in the underlying class action lawsuits. The coverage issue regarding whether the underlying class action lawsuits allege injuries or damage potentially covered by the Atlantic Mutual policy is purely a question of law that does

RC1/5076706.1/BS                                                    - 1 -

not implicate any questions of fact in the underlying class action lawsuits.

The underlying class action lawsuits arise from Plantronics' marketing, manufacture, and distribution of devices commonly known as "Bluetooth Headsets" which permit the use of a mobile phone without the necessity of holding the phone next to the face and without the necessity of wires connecting the phone to the Headset. The underlying suits allege that the Headsets can cause hearing loss and the packaging lacks any warning regarding the noise induced hearing loss. However, each of the underlying lawsuits expressly states that that the claimants *do not seek damages for physical injury*. The putative class members claim that the Bluetooth Headsets were defectively designed and unfairly marketed. The putative class members claim that the defective design of the Bluetooth Headsets constitutes a breach of warranty entitling them to a refund of the purchase price of the product.

As supported by all controlling case law, and the clear and unambiguous terms of the policy, the class action plaintiffs do not allege damages sufficient to trigger a duty to defend under the Atlantic Mutual policy issued to Plantronics. As such, Atlantic Mutual's motion to dismiss does not require a determination of any fact of consequence in the underlying class action lawsuits that could possibly prejudice Plantronics in those lawsuits. Accordingly, Plantronics' motion to stay must be denied.

## II.
## THE COVERAGE QUESTION AT ISSUE IS
## NOT LOGICALLY RELATED TO ANY FACTUAL ISSUES
## IN THE UNDERLYING ACTION

The mere pendency of an underlying action against the insured is not, in and of itself, grounds to stay an insurer's declaratory relief action seeking to adjudicate coverage. (*Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.3d 287, 301-302.) Rather, the insured seeking a stay must first demonstrate that a factual determination in the declaratory relief action could prejudice the insured's defense in the underlying action. (*Montrose Chemical Corp. v. Superior Court, supra* 6 Cal.3d at 301-302.) The *Montrose* court explained:

"To eliminate the risk of inconsistent factual determinations that

could prejudice the insured, a stay of the declaratory relief action pending resolution of the third part suit is appropriate ***when the coverage question turns on facts to be litigated in the underlying action***. (See, e.g., *California Ins. Guarantee Assn. v. Superior Court* (1991) 231 Cal.App.3d 1617, 1627-1628; *General of America Ins. Co. v. Lilly* (1968) 258 Cal.App.2d 465, 471.) For example, when the third party seeks damages on account of the insured's negligence, and the insurer seeks to avoid providing a defense by arguing that its insured harmed the third party by intentional conduct, the potential that the insurer's proof will prejudice its insured in the underlying litigation is obvious. This is the classic situation in which the declaratory relief action should be stayed. By contrast, when the coverage question is logically unrelated to the issues of consequence in the underlying case, the declaratory relief action may properly proceed to judgment. An illustration of this latter sort of case is found in *Flynt, supra*, 17 Cal.App.3d 538.[1/] There, the question whether the owner had granted permission for the driver's use of the car was irrelevant to the third party's personal injury claim, and could properly be determined in the declaratory relief action independently of the timing of the third party suit. [emphasis added.]" (*Id.* at 301-302.)

On remand, the Court of Appeal found guidance in Justice Kennard's separate concurring opinion in *Montrose* explaining the circumstances where a stay is, or is not, warranted:

" . . . First, declaratory relief is available if the insurer can establish lack of coverage by means of facts that the insured does not dispute. Second, declaratory relief is available if the insurer's defense to coverage hinges on factual issues that are unrelated to the issues in the third party liability action. [Citation] ***In each of these situations, the duty to defend can be determined without forcing the insured to litigate issues that may arise in the third party action*** . . .[¶] Of course, the insurer may have more than one defense to coverage. In that event, the trial court will need to consider each defense separately to decide whether it can be determined without prejudice to the insured . . .' [Emphasis added; citation omitted.]" (*Montrose Chemical Corp. of California v. Superior Court* (1994) 25 Cal.App.4th 902, 908, fn. 4; See also *David Kleis, Inc. v. Superior Court* (1995) 37 Cal.App.4th 1035, 1051.)

Here, the coverage question does not " . . . turn[] on facts to be litigated in the underlying action." (*Montrose Chemical Corp. v. Superior Court, supra*, 6 Cal.3d at 301-302.) Atlantic Mutual's motion to dismiss establishes that the only facts necessary to the coverage question are the issuance and terms of the insurance policies and the ***allegations*** contained in the underlying class action complaints. These facts establish that none of the claims alleged seek damages

---

1/    *State Farm Mut. Auto. Ins. Co. v. Flynt* (1971) 17 Cal.App.3d 538.

covered under the Atlantic Mutual policy. None of these facts are at issue in the underlying class action lawsuits which seek to establish Plantronics' liability for economic damages and the cost to repair or replace the Bluetooth Headsets. This action does not require resolutions of those claims. Certainly Plantronics does not dispute the fact that the class action plaintiffs are suing it for economic damages and repair or replacement of the Bluetooth Headsets and have disavowed any claims for bodily injury.

Plantronics' reliance on *California Insurance Guarantee Association v. Superior Court* ((1991) 231 Cal.App.3d 1617) is misplaced. There, the coverage issue in the declaratory relief action was identical to a critical factual issue on liability in the underlying action, namely whether the plaintiff's injuries occurred during the course and scope of her employment. Obviously the danger of inconsistent conclusions of this important factual issue would prejudice the insured if the coverage action proceeded first. Here, to the contrary, there is no common issue of fact between the underlying class action lawsuits and the purely legal question of whether Atlantic Mutual has a duty to defend or indemnify its insured from class action lawsuits that do not seek damages covered by the policy.

Atlantic Mutual's motion to dismiss must be allowed to proceed as scheduled. The court should proceed with the motion to dismiss which presents purely a question of law, based upon undisputed facts, that is ripe for determination. (*Montrose Chemical Corp. v. Superior Court, supra*, 25 Cal.App.4th at 908, fn. 4; *David Kleis, Inc. v. Superior Court, supra*, 37 Cal.App.4th at 1051.)

## III.

## CONCLUSION

Plantronics' motion to stay must be denied. At a minimum, Atlantic Mutual is entitled to a determination of whether, as a matter of law, none of the claims presented in the underlying class action lawsuits trigger Atlantic Mutual's duty to defend or indemnify Plantronics. This determination does not implicate any facts at issue in the underlying class action lawsuits since it is based simply on the pleadings. Accordingly, Plantronics can suffer no prejudice.

Atlantic Mutual respectfully requests the court to deny Plantronics' motion to stay as

1  unsupported by California law.

2  Dated: February 26, 2008                           ROPERS, MAJESKI, KOHN & BENTLEY

3

4                                                     By:_____/s/_____
                                                          DEAN A. PAPPAS
5                                                         LAURA L. REIDENBACH
                                                          Attorneys for Defendant
6                                                         ATLANTIC MUTUAL INSURANCE
                                                          COMPANY