DEAN A. PAPPAS (SBN 115140)
LAURA L. REIDENBACH (SBN 158335)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone: (650) 364-8200
Facsimile: (650) 780-1701
E-mail: dpappas@rmkb.com
E-mail: lreidenbach@rmkb.com

Attorneys for Defendant
ATLANTIC MUTUAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PLANTRONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HOME ASSURANCE COMPANY, a New York corporation; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation; ATLANTIC MUTUAL INSURANCE COMPANY, a New York corporation <br><br> Defendants. | CASE NO. 5:07-cv-06038 PVT <br><br> **REPLY IN SUPPORT OF ATLANTIC MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS** <br><br> Date: March 18, 2008 <br> Time: 10:00 a.m. <br> Courtroom: 5 <br> Judge: Magistrate Judge Patricia V. Trumbull |

I.

**THE UNDERLYING ACTIONS DO NOT SEEK THE RECOVERY OF DAMAGES BECAUSE OF BODILY INJURY FROM THE INSURED**

The issue before this court can be summed up as follows: Does an insurer have an obligation defend a suit under the bodily injury liability coverage provisions of a commercial general liability policy where the claimants concede unequivocally that they are not seeking damages for physical injury? The answer both logically and legally is, "No."

RC1/5078079.3/LLR                                              1

### A. The Claims Against Plantronics Do Not *Potentially* Seek Damages For Physical Injury

What makes the facts of this case distinguishable from each of the cases relied upon by Plantronics is this: The pleadings in the underlying class action lawsuits unequivocally state that the claimants *do not seek damages for physical injury*. While Plantronics describes such judicial admission as temporary, strategic, a mere statement, a choice of legal theory, it is, in fact, none of these.

As Plantronics concedes, "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." (Plantronics Opp. at p. 8:24-8:26 quoting *American Title Ins. Co. v. Lacelaw Corp.* (9th Cir. 1988) 861 F.2d 224, 226.) Accordingly, the admissions contained in the class action complaints provide conclusive proof that the claims against Plantronics do not include damages for physical injury.

Contrary to Plantronics' assertion, Atlantic Mutual does not argue that the effect of this judicial admission is to bind Plantronics or any other party other than the class action plaintiffs. As stated in *Gray v. Zurich* (1966) 65 Cal.2d 263, 275), an insurer "must defend a suit which *potentially* seeks damages within the coverage of the policy." The effect of this judicial admission as applied to an insurer's defense obligation is to eliminate any *potentiality* from the picture. A judicial admission is "a conclusive concession of the truth of a matter and has the effect of removing it from the issues." (*Troche v. Daley* (1990) 217 Cal. App. 3d 403, 410; 1 Witkin, Calif. Evidence (4th ed., 2000) Hearsay, § 97, p. 799.) Accordingly, a judicial admission takes the issue out of contention. The class action plaintiffs do not seek damages for physical bodily injury. Therefore, any argument that the policy is *potentially* triggered because the class action lawsuits contain references to the *risk* of physical injuries is erroneous.

### B. Atlantic Mutual Is Not Obligated To Defend A Speculative Contradictory Claim For Bodily Injury

*Gray v. Zurich Insurance Company*, supra, (65 Cal.2d at 272, 276) instructs that pleadings are malleable, changeable and amendable, and that when a suit seeks damages because of bodily

injury, an insured would reasonably expect an insurer to defend him from whatever the alleged cause of the injury, whether intentional or inadvertent. In *Gray,* the court found significant the fact that the underlying claim for assault and battery potentially was based upon nonintentional conduct and therefore, such potential *liability,* although not pled, had to be considered when determining whether a duty to defend is owed. (*Gray v. Zurich Insurance Company, supra,* 65 Cal.2d at 272, 276)

That situation is not before us. The underlying plaintiffs unequivocally renounce any claims for damages because of bodily injury. Plantronics wants to assert that the class action complaints might be amended to state claims for physical injury completely contrary to the judicial admission that the class action plaintiffs do not seek damages for physical injury. Certainly, *Gray* does not purport to allow this sort of speculation which taken to its extreme would require every insurer to defend every lawsuit reasoning that such complaint (no matter what the subject) could be amended to allege bodily injury covered by the policy. Neither *Gray* nor other authority mandates such an absurd result and would not support Plantronics' position that Atlantic Mutual should be required to defend a suit under the terms of the bodily injury liability coverage when the class action lawsuits do not seek damages because of physical bodily injury.

**C.    Case Law Relied Upon By Plantronics Does Not Support Plantronics' Position**

That the class action plaintiffs do not seek damages for physical injury makes this case distinguishable from all the others relied upon by Plantronics. This case is not analogous to the situation discussed in *Vandenburg v. Superior Court* ((1999) 21 Cal.4th 815, 840) where the court found that claimant's choice of a contractual legal theory instead of a tort theory did not affect the insurers obligations under the policy since the damages awarded against the insured were for damages because of property damage. Unlike the situation in *Vandenburg,* the class action plaintiffs' disclaimer of damages for physical injury is not an assertion of *a legal theory;* the class action plaintiffs are simply clarifying the fact that their claims for damage do not include those for physical injury.

As addressed previously in our motion papers, the facts in *Dobrin v. Allstate Ins. Co.* ((1995) 897 F. Supp. 442) are distinguishable. The judicial admission that the class action plaintiffs are not seeking damages for physical injury is not a mere statement. In *Dobrin*, the complaint did, in fact, seek damages for a claim potentially covered by the policy. (*Id.* at 444.) In the case at bar, the underlying complaints state on their face that the class action plaintiffs do not seek damages for physical injury.

The case of *Motorola Inc. v. Associated Indemnity Corp.* ((La. Ct. App. 2004) 878 So.2d 824) is distinguishable based on the facts and reasoning of the Louisiana Court of Appeal. Motorola was named as defendant in a number of class action lawsuits seeking recovery of sums of money to alleviate customers' allegedly harmful exposure to radio frequency radiation. The class action plaintiffs' made the decision to amend their complaint to omit certain allegations involving claims for medical monitoring expenses and other claims for any individualized physical injury. Motorola filed an action for declaratory judgment against, inter alia, Zurich American Insurance Company seeking a determination of that the Zurich policy applied to the claims asserted in the class actions. Unlike the Atlantic Mutual policy at issue, the record before the court in *Motorola* did not include a definition of the term "bodily injury." The court, therefore, treated "bodily injury" as an undefined term. (*Id.* at 831.) Further, applying applicable Louisiana state law, the court also observed, "The liberal interpretation of the term 'bodily injury' for purposes of insurance coverage in Louisiana is further illustrated by those cases which have held that 'mental anguish' and 'mental injury' may constitute 'bodily injury' within the meaning of a liability insurance policy." (*Id.* at 833 (citations omitted).) The Louisiana court reasoned that since the class plaintiffs' interests were predicated on "bodily injury integrity" (*Id.* at 834) the potential remained for application of the Zurich policy to the class claims.

In stark contrast to the basis for the Louisiana court decision, California law does not support such reasoning. First, the overwhelming majority of courts applying California law have concluded that emotional distress, by itself, is not "bodily injury." (E.g., *Aim Insurance Company v. Culcasi* (1991) 229 Cal.App.3d 209, 220; *Chatton v. Nat'l Union Fire Ins. Co.* (1992) 10 Cal.

App. 4th 846, 854 ("The cases overwhelmingly hold that the phrase 'bodily injury, sickness or disease' is plain and unambiguous and that coverage under the bodily injury clause is limited to physical injury to the body and does not include nonphysical, emotional or mental harm.") Second, the California Supreme Court has held that "bodily injury" liability coverage does not obligate an insurer to defend claims of "emotional and physical distress" following from economic losses. (*Waller v. Truck Insurance Exchange* (1995) 11 Cal.4th 1, 15-16; *accord Keating v. National Union Fire Ins. Co.* (9th Cir. 1993) 995 F.2d 154, 156.)

The class plaintiffs have expressly and conclusively limited their claims to economic losses. For example, the complaint (and amended complaint) in the coordinated action – *In re: Bluetooth Headset Products Liability Litigation* – state, "The claims at issue herein seek damages for economic injury and do not seek damages for physical injury which has already occurred to the Class members. Specifically excluded from the relief sought in this proceeding are damages for personal injury claims." (Exhibit L to Complaint at ¶ 62f; Exhibit M to Complaint at ¶ 62g.) The unequivocal statements in the class plaintiffs' pleadings and the cases applying California law illustrate that reliance upon the facts and reasoning in *Motorola Inc. v. Associated Indemnity Corp.* is misplaced.

The unpublished opinion of the Court of Appeals for the Fourth Circuit applying Maryland law relied on by plaintiff does not address circumstances analogous to this case. (*Northern Ins. Co. of New York v. Baltimore Business Communications, Inc.* ((4th Cir. 2003) 68 Fed.Appx. 414) In *Northern Ins. Co. of New York*, the class action plaintiffs were seeking unspecified compensatory damages flowing from the alleged bodily injuries on the face of the complaint. Northern Insurance asserted that a legal memoranda filed by the plaintiffs indicating that they were not seeking compensation for physical injuries established that there was no potential of coverage. The court, however, concluded that it was unable to rely on the memorandum to excuse the duty to defend. The court reasoned, in part, that "such legal memoranda, *unlike pleadings* or affidavits, do not generally constitute binding judicial admissions." (*Id.* at 421 (emphasis added, citations omitted).) Northern Insurance, therefore, was

not able to establish that the class plaintiff's had foresworn any claim for damages because of bodily injury.

That the court refused to allow extrinsic evidence -- i.e., legal memoranda that does not constitute binding judicial admissions -- to have the effect of eliminating such claims is in accord with the holding in *Dobrin v. Allstate Ins. Co.* (*supra*, 897 F. Supp. 442). As explained in Atlantic Mutual's moving papers (at p. 8), the *Dobrin* court found that extrinsic evidence that the complaint was drafted to avoid coverage did not change the fact that the pleading alleged potentially covered damages. In contrast, the class action plaintiffs state that they are not seeking such damages on the face of the complaints at issue. This is a distinction with a difference.

In *Voicestream Wireless Corporation v. Federal Insurance Co.* (9th Cir. 2004) 112 Fed.Appx. 553), an unpublished opinion of the Ninth Circuit Court of Appeals applying Washington law, this issue was simply not before the court. The court found that the class action complaints alleged bodily injury and there were no judicial admissions regarding any disclaimer of the bodily injury claims. The reasoning and rule in *Voicestream Wireless Corporation* have no application to the circumstances in which bodily injury damages are expressly disavowed in a plaintiff's complaint.

Finally, *Samsung Electronics America, Inc. v. Federal Ins. Co.* (Tex.App.2006) 202 S.W.3d 372) (Petition for review granted Nov. 30, 2007), illustrates how a court has distinguished between a complaint that expressly disclaimed damages for physical injury, i.e. the *Dahlgen* complaint and those that did not, i.e. the *Pinney* complaints. Where the complaint disclaimed damages for physical injury, the court found no duty to defend.

D. **Plantronics May Not Speculate About Future Claims**

Plaintiff's arguments are not unlike those unsuccessfully advanced by the insured in *Hurley Construction Co. v. State Farm Fire & Casualty Co.* (1992) 10 Cal.App.4th 533), where the court refused to allow the insured to speculate about extraneous facts regarding potential liability or ways in which the claimant might amend its complaint in the future. The court in *Hurley* analyzed the allegations in the complaint and found the complaint, on its face, did not

involve any potential claim for property damage or bodily injury. Likewise the alleged claims for bodily injury were specifically disclaimed on the face of each of the class action lawsuits, leaving no doubt that the lawsuits do not involve any potential claim covered under the Atlantic Mutual policy.

That Plantronics should not be allowed to speculate about future claims is not inappropriate and represents California law. (*Golden Eagle Ins. Corp. v. Cen-Fed, Ltd.* (2007) 148 Cal. App. 4th 976; *Gunderson v. Fire Ins. Exchange* (1995) 37 Cal.App.4th 1106, 1114 ; see also *Friedman Prof. Management Co., Inc. v. Norcal Mutual Ins. Co.* (2004) 120 Cal.App.4th 17, 35 [the potentiality rule for duty to defend depends on "possibility of actual indemnity coverage, not the mere existence of a plausible argument"]; *Hurley Construction Co. v. State Farm Fire & Casualty Co., supra,* 10 Cal.App.4th 533, 538 [insured's counsel sought to justify coverage by arguing that the third party complaint might be amended to allege property damage].) Moreover, there is nothing inappropriate about the court dismissing this case at this time. If at some point in the future, one or more of the class action complaints is amended to assert claims for physical injury, Plantronics may tender such claims to Atlantic Mutual for consideration.[1]

## II.
## CONCLUSION

The class action lawsuits do not *potentially* seek the recovery of damages because bodily injury within the scope of coverage provided in the Atlantic Mutual policy.[2] The express disavowals of any effort to recover damages because of physical bodily injury in the underlying pleadings are conclusively established facts compelling the conclusion that the class action plaintiffs do not seek damages for because of "bodily injury" within the meaning of the Atlantic Mutual policy.

///

///

---

[1] Such claim would also have to meet the threshold requirement in the policy that the bodily injury occur during the policy period of June 30, 2002 to June 30, 2003.
[2] Plantronics did not present any argument in opposition to the conclusion that that coverage for damages because of "property damage" or "personal and advertising injury" does not apply.

For all of the foregoing reasons, Atlantic Mutual respectfully requests that the Court grant its motion to dismiss.

Dated: March 4, 2008                    ROPERS, MAJESKI, KOHN & BENTLEY


                                        By: /s/
                                        DEAN A. PAPPAS
                                        LAURA L. REIDENBACH
                                        Attorneys for Defendant
                                        ATLANTIC MUTUAL INSURANCE
                                        COMPANY