LATHAM & WATKINS LLP
   Stephen Stublarec (Bar No. 69451)
   Paul T. Llewellyn (Bar No. 216887)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: Paul.Llewellyn@lw.com

Attorneys for Plaintiff
PLANTRONICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PLANTRONICS, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>   v.<br><br>AMERICAN HOME ASSURANCE COMPANY, a New York corporation; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation; ATLANTIC MUTUAL INSURANCE COMPANY, a New York corporation,<br><br>              Defendants. | CASE NO. C07-06038 PVT<br><br>**PLAINTIFF PLANTRONICS, INC.'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS**<br><br>Date: March 18, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 5<br>Trial Date: None Set<br><br>(Honorable Patricia V. Trumbull) |

## I. INTRODUCTION

As plaintiff, Plantronics, Inc. ("Plantronics"), pointed out in its motion to stay, in circumstances such as those presented here, where there are questions of insurance coverage related to underlying litigation, the insured is not required simultaneously to wage a "two-front" war against the third-party plaintiffs and its insurance carriers. Two of the three defendants, American Home Assurance Company and The Insurance Company of the State of Pennsylvania, do not oppose a stay of this action. The third defendant, Atlantic Mutual Insurance Company ("Atlantic Mutual"), acted alone in filing an opposition to Plantronics' motion.[1] According to Atlantic Mutual, the issue of coverage "is purely a question of law that does not implicate any questions of fact in the underlying class action lawsuits." Opp. at 1-2. It even goes as far as to suggest that the coverage question is "not logically related to any factual issues in the underlying action." *Id.* at 2.

Atlantic Mutual is wrong. There will be litigation in the underlying actions, for example, over the allegations that the use of Bluetooth Headsets caused noise induced hearing loss (*i.e.*, bodily injury), which is directly related to Atlantic Mutual's duty to defend and indemnify Plantronics. Additionally, with respect to the issue of indemnification, Plantronics is entitled to factual development in the underlying litigation on the issue of damages on account of bodily injury. For these reasons, Plantronics is entitled to a stay of this action so that the duty to defend can be determined after the allegations of the underlying litigation have been developed.

Atlantic Mutual has not even attempted to argue that it would suffer any prejudice from the granting of a temporary stay of these proceedings. Plantronics' motion should be granted and this action stayed pending resolution of the underlying litigation.

---

[1] Similarly, Atlantic Mutual was the only defendant that moved to dismiss Plantronics' complaint. The remaining defendants filed an answer in response to the complaint.

## II. ARGUMENT

### A. THERE ARE QUESTIONS OF INSURANCE COVERAGE IN THIS ACTION THAT ARE RELATED TO ISSUES THAT WILL BE LITIGATED IN THE UNDERLYING ACTIONS

In opposition to a stay, Atlantic Mutual argues that this action does not "turn on facts to be litigated in the underlying action," citing *Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287, 301-302 (1993).[2] It claims that its motion to dismiss establishes that the only facts necessary to the coverage questions are the issuance and terms of the insurance policies and the allegations contained in the underlying class action complaints. Opp. at 3. In that motion, Atlantic Mutual pointed to a single sentence from the underlying actions that plaintiffs "do not [presently] seek damages for physical injury which has already occurred to Class members, and thus individualized determination as to causation related to bodily injury already suffered will not be required." Mot. to Dismiss at 5-7; *Schiller* Compl. ¶ 35.[3] Atlantic Mutual then relied on that sentence in an attempt to escape from its agreed-upon obligations under the policy. Such argument does not provide a basis to deny coverage under the policy, and it does not provide a basis to defeat Plantronics' request for a stay.

As set forth in Plantronics' opposition to Atlantic Mutual's motion to dismiss, the Atlantic Mutual policy clearly provides coverage for the underlying actions. To begin with, to make its arguments, Atlantic Mutual is forced to ignore allegations in the underlying actions that clearly establish the requisite potential for coverage that supports Atlantic Mutual's duty to defend Plantronics. In those actions, Plaintiffs allege that they suffered "bodily injury" in the form of noise induced hearing loss from the use of Plantronics' headsets. For example, the *Schiller* complaint alleges that "noise induced hearing loss is the slow loss of hearing caused by too much noise. Hearing loss happens when too much noise *hurts the hair cells in the inner ear*." *Schiller* complaint ¶ 13, attached as Ex. F to complaint (emphasis added). The same

---

[2] Atlantic Mutual incorrectly cites the case as 6. Cal. 3d 287.

[3] The other underlying actions contain identical or similar allegations. *See* Compl., Exs. G-L.

complaint further alleges that "[t]here is no treatment, no medicine, no surgery, and no device which can correct hearing once damaged by noise." *Id.* The *Schiller* complaint also alleges that Plantronics "risk[ed] the health and safety of millions of consumers," that plaintiffs "have each been directly and proximately injured by the conduct of" Plantronics and that they "have suffered injury in fact" as a result of the alleged conduct of Plantronics. *Id.* ¶¶ 30, 47, 52. There is likewise no question that the plaintiffs seek damages based on the facts alleged in their complaints. *See, e.g., Schiller* complaint, ¶¶ 30, 34(i), 39, 55, 84 and prayer for relief. The six other underlying actions contain comparable allegations. *See* Compl., Exs. G-L. Thus, in simple, straightforward terms, these actions allege that Plantronics caused the plaintiffs bodily injury because sound from its headsets hurt the hair cells in their inner ears, which resulted in noise induced hearing loss.

Moreover, a third-party plaintiff's strategic choice—to disclaim seeking certain damages in order to facilitate certification of a class—does not change the essential facts alleged in the complaint.[4] As the courts have stated, "as a matter of policy, however, the insurer cannot avoid coverage simply because the complainant seeks a tactical advantage in the lawsuit. . . . A mere statement by the complainant that he does not intend to make such a claim is insufficient to establish as a matter of law that such a claim does not exist." *Dobrin v. Allstate Insurance Co.*, 897 F. Supp. 442, 444 (C.D. Cal. 1995). Notwithstanding the third-party plaintiffs' purported disclaimer, the *facts* alleged in the complaint describe "bodily injury" and the third-party plaintiffs seek recovery of damages based on those facts. Moreover, the third-party plaintiffs could amend their complaints at any time. *See, e.g., Gray v. Zurich Insurance Company*, 65 Cal. 2d 263, 276 (1966) ("Defendant cannot construct a formal fortress of the third party's pleadings

---

[4] Atlantic Mutual argues, without any supporting citation, that "Plantronics does not dispute the fact that the class action plaintiffs are suing it for economic damages and repair and replacement of the Bluetooth Headsets and have disavowed any claims for bodily injury." Opp. at 4. Plantronics has never conceded this. To the contrary, a third-party plaintiff's tactical choice to (presently) disclaim seeking certain damages, does not change the nature of the suit as one for bodily injury. *See, e.g., Vandenberg v. Superior Court*, 21 Cal. 4th 815, 840 (1999) ("Predicating coverage upon an injured party's choice of remedy or the form of action sought is not [California] law.")

PLANTRONICS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS

and retreat behind its walls. The pleadings are malleable, changeable and amendable."); *see also Armstrong v. Davis*, 275 F.3d 849, 878 n. 40 (9th Cir. 2001) ("an amended pleading supersedes the original.") It is unclear what plaintiffs will allege if their tactical disclaimer is unsuccessful and class certification is nevertheless denied. If that should occur, it would presumably obviate the third-party plaintiffs' incentive to disclaim personal injury damages and provide the contrary incentive to recover bodily injury damages based on the facts alleged in the complaints. Such extrinsic facts may provide additional grounds for coverage under the policy. *See, e.g., Horace Mann Insurance Company v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993) ("Facts extrinsic to the complaint also give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy.")

This illustrates why an insured should not be required to fight a "two-front war" against third-party plaintiffs and its insurers at the same time. *See, e.g., David Kleis, Inc. v. Superior Court*, 1035, 1044 (1995) (a "stay of a declaratory relief action to determine coverage is often in order when the coverage question turns on facts to be litigated in the underlying third party action"); *California Insurance Guarantee Association v. Superior Court*, 231 Cal. App. 3d 1617, 1628 (1991) ("[w]here, as here, the question of coverage turns upon one or more factual issues which will necessarily be resolved in the underlying action, then it was entirely appropriate for the trial court to stay the declaratory relief action pending resolution of those issues.")[5] In addition to litigation in the underlying actions over the harm allegedly caused by the Bluetooth Headsets, the issue of indemnification is dependent on the evolution of the underlying litigation. Plantronics is entitled to the benefit of factual development in the underlying actions—including the development of the third-party allegations of bodily injury—without having its insurer

---

[5] Atlantic Mutual attempts to distinguish *California Insurance Guarantee Association* by arguing that here, there is no common issue of fact between the underlying class action lawsuits and the "purely legal question of whether Atlantic Mutual has a duty to defend or indemnify its insured. . . ." Opp. at 4. As discussed above, issues of coverage are related to factual development in the underlying actions, including the development of third-party allegations of bodily injury.

attempt to capitalize on the third-party plaintiffs' (perhaps temporary) tactical choices to escape its obligations under the policies.

### B. ATLANTIC MUTUAL DOES NOT ARGUE THAT IT WOULD BE PREJUDICED BY A STAY

As set forth in Plantronics' motion, Atlantic Mutual will not suffer any prejudice if this case is temporarily stayed until the underlying actions are resolved. *See* Mot. at 5. No discovery has occurred, and the parties have not begun their meetings and exchanges required by Rule 26(f) of the Federal Rules of Civil Procedure. In its opposition, Atlantic Mutual does not even attempt to argue that it would be prejudiced by a stay. The absence of any prejudice on the part of Atlantic Mutual weighs heavily in favor of staying these proceedings.

## III. CONCLUSION

For the foregoing reasons, Plantronics respectfully requests that this Court stay the instant case until the underlying actions are resolved.

Dated: March 4, 2008

Respectfully submitted,

LATHAM & WATKINS LLP
 Stephen Stublarec
 Paul T. Llewellyn


By: _____/s/_____
 Paul T. Llewellyn
 Attorneys for Plaintiff
 Plantronics, Inc.