UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PLANTRONICS, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>AMERICAN HOME ASSURANCE COMPANY, et al.,<br><br>        Defendants. | Case No.: C 07-6038 PVT<br><br>**ORDER DENYING DEFENDANT ATLANTIC MUTUAL INS. CO.'S MOTION TO DISMISS** |

Presently before the court is Defendant Atlantic Mutual Insurance Company motion to dismiss.[1] Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that, for the reasons discussed herein, the motion of Defendant Atlantic Mutual Insurance Company ("Atlantic Mutual") to dismiss is DENIED.

### I.  LEGAL STANDARDS

#### A.  MOTIONS TO DISMISS

In evaluating a Rule 12(b)(6) motion, courts must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Barron v.*

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

*Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). A cause of action will be dismissed only where there is either "a lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

Matters outside the pleadings are not usually appropriate on a motion to dismiss. *Cassettari v. County of Nevada*, 824 F.2d 735, 737 (9th Cir. 1987). "[A] document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." FED.R.CIV.PRO. 10©.

### B.  INSURER'S DUTY TO DEFEND

A liability insurer has a broad duty to defend its insured against claims that create a potential for indemnity. *See Gray v. Zurich Insurance Co.*, 65 Cal.2d 263 (1966). This duty to defend is broader than the duty to indemnify; an insurer may owe a duty to defend its insured in an action in which no damages ultimately are awarded. *Id*. at 278.

The determination whether the insurer owes a duty to defend is made by comparing the allegations of the complaint with the terms of the policy. Facts extrinsic to the complaint can also give rise to a duty to defend if they reveal a possibility that the claim may be covered by the policy. *Id*. at 276. Similarly, "where the extrinsic facts eliminate the potential for coverage, the insurer may decline to defend even when the bare allegations in the complaint suggest potential liability." *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 19 (1995).

### II.  THE UNDERLYING PUTATIVE CLASS ACTIONS

The underlying putative class action lawsuits are identified in the complaint as *Schiller et al. v. Plantronics, Inc.*; *Edwards, et al. v. Plantronics, Inc.*; *Raines et al. v. Plantronics, Inc.*; *Wars, et al. v. Plantronics, Inc.*; *Cook et al. v. Plantronics, Inc.*; *Pierce et al. v. Plantronics, Inc.*; and *In re Bluetooth Headset Products Liability Litigation* (collectively referred to as the Underlying Actions"). (See Complaint at 2:28-3:24, and Exhibits F, G, H, I, J, K, L and M thereto.)

The Underlying Actions arise from Plantronics' marketing, manufacture, and distribution of "Bluetooth Headsets." They allege that the Bluetooth Headsets can cause noise induced hearing loss

and that the packaging lacks any warning about such potential hearing loss.

The complaints in each of the Underlying Actions indicate that the claimants do not seek damages for physical injury. The putative class members claim that the Bluetooth Headsets were defectively designed and unfairly marketed. They also claim that the defective design of the Bluetooth Headsets constitutes a breach of warranty entitling them to a refund of the purchase price of the product.

### III.   THE RELEVANT INSURANCE POLICY

Atlantic Mutual issued Commercial General Liability Policy No. 761-00-67-45-0000 to named insured Plantronics, Inc., effective from June 30, 2002 to June 30, 2003, providing $1,000,000 per occurrence with a $2,000,000 general aggregate limit. (*See* Complaint, Exh. E, hereinafter "the Policy.") The Policy includes Commercial General Liability Coverage which promises to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' * * * * to which this insurance applies." (Complaint, Exh. E, at Sec. I., Coverage A, ¶ 1.a.) Atlantic Mutual also agreed to "defend the insured against any 'suit' seeking those damages." (Complaint, Exh. E, at Sec. I., Coverage A, ¶ 1.a. and Sec. I., Coverage B, ¶ 1.a.)

The Policy defines a "suit" as "a civil proceeding in which damages because of 'bodily injury' * * * * to which the insurance applies are alleged." (Complaint, Exh. E, at Sec. V., ¶ 18.) The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time." (Complaint, Exh. E, at Special General Liability Endorsement, ¶ 15.)

### IV.   DISCUSSION

The complaints in the Underlying Actions expressly allege that the intended use of Plaintiff's product can cause noise induced hearing loss ("NIHL"). They specifically claim that "[h]earing loss happens when unsafe levels of noise hurt the hair cells in the inner ear." There are no allegations that any of the plaintiffs in the Underlying Actions have actually suffered NIHL. However, an insurer's duty to defend is not limited to what is alleged in a complaint against its insured; extrinsic

information available to the insurer can trigger the duty to defend.  *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th at 19.

Here, the complaints in the Underlying Actions clearly informed Defendant Atlantic Mutual that claims had been made that Plaintiff's Headsets can cause noise induced hearing loss.  Noise induced hearing loss easily fits within the Policy's definition of "bodily injury."  If Plaintiff loses in any of the Underlying Actions, it will become legally obligated to pay damages.  The present motion hinges on two questions.  First, absent any finding in the Underlying Actions that actual bodily injury occurred to any specific individual, would any damages Plaintiff becomes obligated to pay be "because of" bodily injury?  Second, if not, do the Underlying Actions *potentially* seek damages within the coverage of the policy?

The answer to the first question is at least arguably yes because, but for the potential for bodily injury caused by the Bluetooth Headsets, there would be no viable claims for defective design, unfair marketing or breach of warranty.  Thus, any damages Plaintiff becomes obligated to pay are at least arguably "because of" bodily injury.  However, the court need not decide this question, because the answer to the second question is clearly yes.

Any of the plaintiffs in the Underlying Actions could amend his or her complaint at any time to allege that he or she has suffered damages due to having suffered noise induced hearing loss as a result of using the Bluetooth Headsets they purchased.  Any such amended complaint would include covered claims.  In *Gray v. Zurich Insurance Co.*, the California Supreme Court found there was a duty to defend even in a case where the complaint was *never* amended to include a covered cause of action and the underlying judgment found liability only for conduct that was *excluded* from coverage.  *See Gray v. Zurich Insurance Co.*, 65 Cal.2d 263.

Because the duty to defend can be triggered by extrinsic facts, the complaints in the Underlying Actions, by themselves, cannot form the basis for a finding of *no* duty to defend in the context of a motion to dismiss.  On a motion to dismiss, a plaintiff has no obligation to submit such extrinsic evidence, so the absence of such evidence from the record does not create any presumption

that no such evidence exists.[2]

### V.   CONCLUSION

Because, at a minimum, the Underlying Actions *potentially* seek damages within the coverage of the policy, dismissal is not warranted.

Dated: *10/20/08*

　　　　　　　　　　　　　　　　　　PATRICIA V. TRUMBULL
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[2] Had Defendants submitted indisputable extrinsic evidence that affirmatively eliminated the potential for coverage, conversion of this motion to a summary judgment motion might have been warranted. *See Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 19 (1995) ("where the extrinsic facts eliminate the potential for coverage, the insurer may decline to defend even when the bare allegations in the complaint suggest potential liability"). Defendants, however, have not done so.