1  Denis J. Moriarty (Bar No. 106064)
   e-mail: dmoriarty@hbblaw.com
2  Christopher Kendrick (Bar No. 162869)
   email: ckendrick@hbblaw.com
3  HAIGHT BROWN & BONESTEEL LLP
   555 South Flower Street, Forty-Fifth Floor
4  Los Angeles, California 90071
   Telephone: 213.542.8000
5  Facsimile: 213.542.8100

6  Attorneys for Defendants AMERICAN HOME
   ASSURANCE COMPANY and THE INSURANCE
7  COMPANY OF THE STATE OF PENNSYLVANIA

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE COURTHOUSE

| | |
|---|---|
| 11  PLANTRONICS, INC., a Delaware corporation, | Case No. 5:07-cv-06038-PSG |
| 12        Plaintiff, | **NOTICE OF MOTION AND MOTION** |
| 13     vs. | **FOR SUMMARY JUDGMENT OF DEFENDANTS AMERICAN HOME** |
| 14  AMERICAN HOME ASSURANCE | **ASSURANCE COMPANY AND THE INSURANCE COMPANY OF THE** |
| 15  COMPANY, a New York corporation; THE INSURANCE COMPANY OF THE | **STATE OF PENNSYLVANIA** |
| 16  STATE OF PENNSYLVANIA, a Pennsylvania corporation; ATLANTIC | Date:  May 13, 2014 |
| 17  MUTUAL INSURANCE COMPANY, a New York corporation, | Time:  10:00 a.m. |
| 18        Defendants. | Ctrm:  5 |
| 19 | |

20      TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

21          PLEASE TAKE NOTICE that on May 13, 2014, at 10:00 a.m. in Courtroom 5 of

22  United Stated District Court, Northern District of California, San Jose Courthouse, located

23  at 280 S. First Street, San Jose, California 95113, (408) 535-5438, Defendants American

24  Home Assurance Company and The Insurance Company of the State of Pennsylvania

25  ("ICSOP") will and hereby do move the Court for an order granting summary judgment on

26  Plaintiff Plantronics' first amended complaint.

27          This motion is made on the ground that there is no triable issue of material fact, and

28  the Defendants are entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(a).

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7                                      1

1    The Defendants' motion will be based on this notice and motion, the attached

2 memorandum of points and authorities, upon the documents on file with the Court herein,

3 and upon such other oral or documentary evidence as the Court may consider at the time of

4 the hearing.

5

6 Dated: April 8, 2014       HAIGHT BROWN & BONESTEEL LLP

7

8            By:  /s/ Denis J. Moriarty

9               Denis J. Moriarty
               Christopher Kendrick

10             Attorneys for Defendants
             AMERICAN HOME ASSURANCE

11            COMPANY and THE INSURANCE
             COMPANY OF THE STATE OF

12            PENNSYLVANIA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7

2

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................1

1. STATEMENT OF ISSUES .....................................................................................1

2. STATEMENT OF RELEVANT FACTS ................................................................1

3. SUMMARY OF ARGUMENT ...............................................................................5

4. CALIFORNIA LAW GOVERNS INTERPRETATION OF THE AMERICAN HOME AND ICSOP INSURANCE POLICIES ................................6

5. THE UNDERLYING LAWSUITS DID NOT ALLEGE BODILY INJURY ..................................................................................................................6

6. THE UNDERLYING LAWSUITS DID NOT ALLEGE PROPERTY DAMAGE ...............................................................................................................8

7. SPECULATION ABOUT UNPLED CLAIMS DOES NOT TRIGGER COVERAGE ...........................................................................................................9

8. DENIAL OF A CO-DEFENDANT'S MOTION TO DISMISS DOES NOT PRECLUDE SUMMARY JUDGMENT FOR AMERICAN HOME AND ICSOP .........................................................................................................15

9. THE COURT CAN ENTER JUDGMENT ON THE FIRST AMENDED COMPLAINT IN ITS ENTIRETY .................................................17

10. CONCLUSION .......................................................................................................18

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L. L. P.
Los Angeles

AE31-0000003
10043592.7

i

## **Cases**

*Aim Ins. Co. v. Culcasi,*
    229 Cal.App.3d 209 (1991) ...................................................................7

*Allen v. Cedar Real Estate Group, LLP,*
    236 F.3d 374, 376 (7th Cir. 2001) ........................................................6

*American Title Ins. Co. v. Lacelaw Corp.,*
    861 F.2d 224, 226 (9th Cir. 1988) ......................................................11

*Ball v. FleetBoston Fin'l. Corp.*
    164 Cal.App.4th 794, 800 (2008) .......................................................18

*CalFarm Ins. Co. v. Krusiewicz,*
    131 Cal.App.4th 273 ............................................................................17

*Chelsea Neighborhood Ass'ns v. United States Postal Serv.,*
    516 F.2d 378, 390 (2nd Cir. 1975) .....................................................15

*Christianson v. Colt Indus. Operating Corp.,*
    486 U.S. 800, 817 (1988)...............................................................15, 16

*Erie Railroad v. Tompkins,*
    304 U.S. 64 (1938)..................................................................................6

*F.B.T. Productions, LLC v. Aftermath Records,*
    621 F.3d 958, 963-965 (9th Cir. 2010).................................................17

*Giddings v. Industrial Indem. Co.,*
    112 Cal.App.3d 213, 219 (1980) ...........................................................9

*Gonzalez v. Arizona,*
    624 F.3d 1162, 1185-1191 (9th Cir. 2010)...........................................16

*Gray v. Zurich Insurance Co.,*
    65 Cal.2d 263 (1966) ......................................................................12, 13

*Gunderson v. Fire Ins. Exch.,*
    37 Cal.App.4th 1106, 1114 (1995) ....................................10, 12, 13, 14

*Harris v. Parker College of Chiropractic,*
    286 F.3d 790, 793(5th Cir. 2002) ..........................................................6

*Hoffman v. Tonnemacher,*
    593 F.3d 908, 910-911 (9th Cir. 2010)..................................................16

*Hurley Const. Co. v. State Farm Fire & Cas. Co.,*
    10 Cal.App.4th 533, 538 (1992) ........................................10, 12, 13, 15

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7

ii

|  | Page(s) |
|---|---|

*Jefferson Block 24 Oil & Gas, L.L.C. v. Aspen Ins. UK Ltd.,*
    652 F.3d 584, 589 (5th Cir. 2011) .................................................................. 17

*Low v. Golden Eagle Ins. Co.,*
    99 Cal.App.4th 109 (2002) ...................................................................... passim

*Milgard Tempering, Inc. v. Selas Corp. of America,*
    902 F.2d 703, 715 (9th Cir. 1990) ................................................................ 16

*Montrose Chemical Corp. v. Superior Court,*
    6 Cal.4th 287 (1993) ............................................................................. 12, 13

*Morin v. Caire,*
    77 F.3d 116, 119 (5th Cir. 1996) ................................................................. 15

*San Miguel Community Assn. v. State Farm Gen. Ins. Co.,*
    220 Cal.App.4th 798, 809 (2013) ............................................................. 10, 11

*Santamarina v. Sears, Roebuck & Co.,*
    466 F.3d 570, 572 (7th Cir. 2006) ................................................................ 16

*Smith v. Massachusetts,*
    543 U.S. 462, 475 (2005) ............................................................................. 16

*Sony Computer Ent. Am., Inc. v. Am. Home Assur. Co.,*
    532 F.3d 1007 (9th Cir. 2008) ................................................................. 13, 15

*State Farm Mut. Auto Ins. Co. v. Sup.Ct.,*
    228 Cal.App.3d 721 ...................................................................................... 17

*State of New York v. Blank,*
    27 F.3d 783, 788 (2nd Cir. 1994) .................................................................... 6

*Storek v. Fidelity & Guar. Ins. Underwriters, Inc.,*
    504 F.Supp.2d 803, 812 (N.D. Cal. 2007) ..................................................... 10

*Twaite v. Allstate,*
    216 Cal.App.3d 239, 264 (1989) ................................................................... 17

*United States ex rel. Lujan v. Hughes Aircraft Co.,*
    243 F.3d 1181, 1187 (9th Cir. 2001) ............................................................. 17

*United States v. Scrivner,*
    189 F.3d 825, 827 (9th Cir. 1999) ................................................................ 17

*Upper Deck Co. v. Fed. Ins. Co.,*
    358 F.3d 608 (9th Cir. 2004) .................................................................. 13, 14

*Waller v. Truck Insurance Exchange*
    11 Cal. 4th 1 (1995) ............................................................................. 7, 8, 17

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P
Los Angeles

AE31-0000003
10043592.7

| | Page(s) |
|---|---|

*Westoil Terminals Co., Inc. v. Industrial Indem. Co.,*
    110 Cal.App.4th 139, 153-154 (2003) ....................................................10

*White v. ARCO/Polymers, Inc.,*
    720 F.2d 1391, 1396 (5th Cir. 1983) ....................................................11

## **Statutes**

*Cal. Civ. Code*
    Section 3534 ....................................................15

## **Rules**

*Fed. R. Civ. P.*
    12(b)(6) ....................................................1, 5
    54(b) ....................................................16
    56(a) ....................................................1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7

iv

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.

## STATEMENT OF ISSUES

Plaintiff Plantronics, Inc. alleges that Defendants American Home Assurance Company and The Insurance Company of the State of Pennsylvania breached their insurance contracts, in bad faith, by refusing to defend Plantronics against a series of class action lawsuits brought by purchasers of Bluetooth wireless headsets manufactured and sold by Plantronics. The underlying lawsuits all settled for relief outside of coverage and the sole issue is whether the defendant insurers had a duty to defend Plantronics.

There was no breach of contract or bad faith. The class action lawsuits did not allege bodily injury, property damage, or any other loss covered by the insurers' policies. In fact, the class action lawsuits expressly disclaimed any damages for bodily injury. That would have splintered the respective classes and led to class decertification. Nor was there any claim for covered property damage, because the economic harm alleged in those lawsuits did not involve physical injury to tangible property. And nothing alleged resembled the policies' personal and advertising injury offenses for false arrest, etc.

Yet, relying on an earlier order denying a co-defendant insurer's Rule 12(b)(6) motion to dismiss, Plantronics alleges that "law of the case" precludes summary judgment for American Home and ICSOP. Plantronics is incorrect. The order entered by the prior Magistrate Judge denying the other insurer's Rule 12(b)(6) motion was interlocutory only, and nowhere addressed the controlling California and federal authorities explicitly holding that there is no duty to defend in this precise situation.

Nothing prevents this court from relying on that applicable law to grant summary judgment in favor of American Home and ICSOP. The Court can and should do so.

## 2.

## STATEMENT OF RELEVANT FACTS

The Insurance Company of the State of Pennsylvania (ICSOP) issued policy no. GL 359-79-82, in effect from 6/30/03 to 6/30/04, and policy no. GL 382-89-16, in effect from

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7

1

1  6/30/04 to 6/30/05, to named insured Plantronics, Inc.  American Home Assurance

2  Company issued policy no. GL 382-94-49, in effect from 6/30/05 to 6/30/06, and policy

3  no. GL 721-75-41, in effect from 6/30/06 to 6/30/07, to named insured Plantronics, Inc.

4  The American Home and ICSOP insurance policies issued to Plantronics are pled in and

5  attached to Plantronics' first amended complaint.  (First Amended Complaint "FAC",

6  Exhibits A-D; Court Document 94-1 to Document 94-4.)  For purposes of this motion for

7  summary judgment the Defendants do not dispute the authenticity, foundation or accuracy

8  of those exhibits.  They are typical general liability insurance policies that cover damages

9  because of bodily injury, property damage, and personal and advertising injury.

10      The insurers' policies granted coverage as follows:  "We will pay those sums that

11 the insured becomes legally obligated to pay as damages because of bodily injury or

12 property damage to which this insurance applies."  (See, e.g., FAC, Ex. A; Document 94-1,

13 p. 21.)  However, "This insurance applies to bodily injury and property damage only if:

14 (1) The bodily injury or property damage is caused by an occurrence that takes place in the

15 coverage territory; (2) The bodily injury or property damage occurs during the policy

16 period."  (FAC, Ex. A; Document 94-1, p. 21.)

17      The policies' definitions sections state that:  "Bodily injury means bodily injury,

18 sickness or disease sustained by a person, including death resulting from any of these at

19 any time.  (FAC, Ex. A; Document 94-1, p. 39.)  Further, "property damage" means:  "a.

20 Physical injury to tangible property, including all resulting loss of use of that property.  All

21 such loss of use shall be deemed to occur at the time of the physical injury that caused it."

22 (FAC, Ex. A; Document 94-1, p. 42.)[1]

23      Plaintiff Plantronics alleges that it was sued in seven underlying class actions.  The

24 operative complaints from those actions are pled in and attached to Plantronics' first

25

26

_____

27      [1] The policies' personal and advertising injury coverages are unquestionably
inapplicable.  That coverage only applied to:  (1) false arrest; (2) malicious prosecution;
28 (3) wrongful eviction; (4) slander; (5) privacy violations; (6) misappropriation of
advertising ideas; and (7) copyright infringement.  (FAC, Ex. A, D. 94-1, p. 41.)

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7                              2

amended complaint as exhibits E-L. (Case no. 5:07-cv-06038 Document 94-5 to Document 94-12.) Those lawsuits are:

1. *Schiller et al. v. Plantronics, Inc.*, Los Angeles County Superior Court Case No. BC360076, filed October 10, 2006 (FAC, Ex. E; Document 94-5);

2. *Edwards, et al. v. Plantronics, Inc.*, United States District Court, Middle District of Florida Case No. 8:06-cv-1910, filed October 17, 2006 (FAC, Ex. F; Document 94-6);

3. *Raines, et al. v. Plantronics, Inc.*, United States District Court, Central District of California Case No. CV-06-6708, filed October 20, 2006 (FAC, Ex. G; Document 94-7);

4. *Wars, et al. v. Plantronics, Inc.*, United States District Court, Eastern District of Texas Case No. 2-06cv-470, filed November 14, 2006 (FAC, Ex. G; Document 94-8);

5. *Cook, et al. v. Plantronics, Inc.*, United States U.S. District Court, Eastern District of Virginia Case No. 2:07-cv-12, filed January 10, 2007 (FAC, Ex. H; Document 94-9);

6. *Pierce, et al. v. Plantronics, Inc.*, United States District Court, Eastern District of Arkansas Case No. 4-07-cv-00079, filed February 8, 2007 (FAC, Ex. I; Document 94-10);

7. *In Re: Bluetooth Headset Products Liability Litigation*, United States District Court, Central District of California Case No. 07-ml-01822, filed July 9, 2007 (FAC, Ex. J; Document 94-11) (and first amended complaint for MDL No. 1822, FAC, Ex. K; Document 94-12.).

The lawsuits all generally alleged that:

"37. Defendants' misrepresentations about the time that headsets can be used, and the absence of warnings of the risk of noise induced hearing loss, substantially influenced Plaintiffs' decision to purchase Bluetooth Headsets from Defendants.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7

3

* * *

40.    Plaintiffs seek damages, on behalf of themselves and the
Classes as defined below, injunctive relief, product repair,
restitution, disgorgement, and all other appropriate relief.
Defendants misrepresented the time period over which
consumers could safely use the Headsets.  In marketing and
advertising the Headsets, Defendants concealed and omitted
material information as to the capacity for the headsets to cause
hearing loss.  Plaintiffs and the members of the classes thus:
(1) cannot safely use the Headsets for the length of time for
which the Headsets were advertised as usable; or (2) must turn
the volume of the Headsets so low as to render the headsets
unusable in most environments, thereby drastically limiting
and/or eliminating the usability of the product."  (FAC, Ex. K;
Document 94-11, p. 10-12.)

The class action lawsuits all expressly disclaimed any damages for bodily injury as
follows:

"F.    The claims at issue herein seek damages for economic
injury and do not seek damages for physical injury which has
already occurred to the Class members.  Specifically excluded
from the relief sought in this proceeding are damages for
personal injury claims.  Thus, individualized determination as
to causation related to bodily injury already suffered will not
be required.  The economic damages sustained by the members
of the classes arise from a common nucleus of operative facts
involving the respective Defendant's misconduct."  (FAC, Ex.
K; Document 94-11, p. 20-21.)

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7

4

1    According to Plantronics: "The allegations made in the underlying actions give rise

2    to the potential for coverage under the Policies." Plantronics alleges that it tendered the

3    defense and indemnity of the underlying lawsuits to American Home and ICSOP, but that

4    coverage was wrongfully denied.

5    This lawsuit followed. On October 20, 2008, Magistrate Judge Trumbull issued an

6    order denying a Federal Rules of Civil Procedure Rule 12(b)(6) motion brought by another

7    insurer that had also been sued by Plantronics, Atlantic Mutual Insurance Co. The order

8    stated: "because, at a minimum, the Underlying Actions potentially seek damages within

9    the coverage of the policy, dismissal is not warranted." (FAC, Ex. M; Document 94-13.)

10    **3.**

11    **SUMMARY OF ARGUMENT**

12    The American Home and ICSOP insurance policies issued to Plantronics are pled in

13    and attached to the first amended complaint. These are general liability insurance policies

14    that cover bodily injury and property damage as defined, caused by an occurrence,

15    meaning an accident, that causes injury or damage during the policy period.

16    Plantronics does not dispute that the policies' personal and advertising injury

17    coverages are inapplicable. That coverage only applies to: (1) false arrest; (2) malicious

18    prosecution; (3) wrongful eviction; (4) slander; (5) privacy violations; (6) misappropriation

19    of advertising ideas; and (7) copyright infringement, none of which are at issue. (FAC, Ex.

20    A; Document 94-1, p. 41.)

21    In fact, Plantronics has never asserted that the coverage for damages because of

22    "property damage" applies. Instead, Plantronics points only to the October 20, 2008 order

23    in this case denying co-defendant Atlantic Mutual Ins. Co.'s motion to dismiss as the basis

24    for its allegation in the first amended complaint that "[t]he allegations made in the

25    underlying actions give rise to the potential for coverage under the Policies." The order

26    was based solely on the hypothetical possibly that the underlying class actions might, in

27    fact, be amended to include claims for damages because of bodily injury, for noise induced

28    hearing loss. However, the order failed to consider the holding in *Low v. Golden Eagle*

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7

5

1  *Ins. Co.*, 99 Cal.App.4th 109 (2002), that there is no duty to defend class action lawsuits

2  such as the seven lawsuits underlying this case, particularly where, as here, the class

3  plaintiffs specifically disclaim any individualized damages for bodily injury that could

4  destroy class certification. That *Low* decision and federal cases that followed it are

5  controlling and dispositive, as discussed below. Based on those authorities, the Court can

6  and should order the entry of summary judgment for American Home and ICSOP.

**4.**

**CALIFORNIA LAW GOVERNS INTERPRETATION OF THE AMERICAN**
**HOME AND ICSOP INSURANCE POLICIES**

10          Where, as here, federal jurisdiction rests on diversity of citizenship, the federal

11  court is bound to apply the substantive law of the state in which it sits. *Erie Railroad v.*

12  *Tompkins*, 304 U.S. 64 (1938). Federal courts in diversity cases apply state rules

13  governing interpretation of contracts. Such rules are deemed "substantive" for *Erie*

14  purposes. *State of New York v. Blank,* 27 F.3d 783, 788 (2nd Cir. 1994); *Allen v. Cedar*

15  *Real Estate Group, LLP*, 236 F.3d 374, 376 (7th Cir. 2001); *Harris v. Parker College of*

16  *Chiropractic*, 286 F.3d 790, 793(5th Cir. 2002). Moreover, Plantronics alleges that its

17  principal place of business in Santa Cruz, California, which is where the policies were

18  delivered. Those principles and facts indicate that California law controls interpretation of

19  the American Home and ICSOP policies.

**5.**

**THE UNDERLYING LAWSUITS DID NOT ALLEGE BODILY INJURY**

22          The class actions all expressly disclaimed any damages for physical injury. In

23  *Schiller*, *Edwards*, *Raines*, *Wars*, *Cook* and *Pierce* the complaints all alleged that: "The

24  claims at issue herein do not seek damages for physical injury which has already occurred

25  to the Class members, and thus individualized determination as to causation related to

26  bodily injury already suffered will not be required." (FAC, Ex. E ¶ 35; Ex. F. ¶ 37; Ex. G

27  ¶ 39; Ex. H ¶ 26; Ex. I ¶ 37; Ex. J ¶ 37: Document 94-5 to 94-10.) The MDL *In re:*

28

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7

6

*Bluetooth Headset Products Liability Litigation* complaints add an additional admission that the damages sought were purely economic:

> "The claims at issue herein seek damages for economic injury and do not seek damages for physical injury which has already occurred to the Class members. Specifically excluded from the relief sought in this proceeding are damages for personal injury claims. Thus, individualized determination as to causation related to bodily injury already suffered will not be required."
>
> (FAC, Ex. K ¶ 62(f) and Ex. L ¶ 62(g); Document 94-11 and 94-12.)

The court in *Aim Ins. Co. v. Culcasi*, 229 Cal.App.3d 209 (1991), rejected the notion that liability insurance coverage for "bodily injury" could be triggered absent physical harm. The court noted that dictionary definitions for "bodily" all reference the physical body, and distinguish the mental state:

> "[T]he ordinary and popular meaning of the word 'bodily' does not reasonably encompass, and in fact suggests a contrast with, the purely mental, emotional and spiritual. . . . Given the clear and ordinary meaning of the word 'bodily' we find the term 'bodily injury' unambiguous. It means physical injury and its consequences. It does not include emotional distress in the absence of physical injury." *Aim*, 229 Cal.App.3d at 220

In addition, the California Supreme Court has stated that an emotional distress claim based on otherwise uncovered economic claims does not trigger coverage for bodily injury. In *Waller v. Truck Insurance Exchange*, 11 Cal. 4th 1 (1995), the Court held that it is "not within the intent of parties to a CGL contract that the 'bodily injury' provision requires an insurer to defend a third party lawsuit in which the uncovered economic loss is the gravamen of the complaint even though incidental emotional distress damages are alleged." *Waller, supra*, 11 Cal.4th at 28.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7

7

1    "[W]hen the third party complaint alleges emotional and/or

2    physical distress flowing from economic losses—as was the

3    case in *Chatton*, *Keating*, and *McLaughlin* as well as the

4    present lawsuit—the occurrence or event that causes damages

5    is an economic loss.  There is no separate 'bodily injury'

6    occurrence within the terms of the policy.  Thus, the injured

7    party's claim that he suffered emotional distress flows directly

8    from the economic occurrence and, hence, is not covered by

9    the CGL policy."  *Waller*, *supra,* 11 Cal.4th at 27.

10   Thus, none of the class action lawsuits naming Plantronics actually alleged a claim

11   for bodily injury covered by the Defendants' insurance policies.  Nor, as discussed below,

12   did the hypothetical possibility that the complaints might be amended to do so trigger a

13   duty to defend.

14                                          **6.**

15   **THE UNDERLYING LAWSUITS DID NOT ALLEGE PROPERTY DAMAGE**

16   The class action plaintiffs did not allege that they suffered any consequential

17   property damage.  They did not even allege that the Bluetooth headsets were themselves

18   defective.  Rather, they alleged that the headsets worked, but Plantronics failed to warn of

19   the possible dangers from use of the product.  The plaintiffs alleged that Plantronics'

20   product packaging failed to include warnings that extended use could lead to noise-induced

21   hearing loss, and that they would not have purchased the products had they been so

22   warned.  The precise injury was alleged as follows in the *Schiller* complaint:

23                "39.   The Class members have been monetarily damaged and

24        suffered injury in fact as a result of Defendants' misconduct in

25        that each member purchased an unsafe Headset which the

26        member would not have purchased if the true facts as to the

27        product's safety and limitations had been revealed by

28        Defendants.  The Class members would not have purchased the

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7                                      8

1   Headsets and/or paid as much had they known the truth about

2   the product." (FAC, Ex. E; Document 94-5.)

3   That is not "property damage" within the coverage of general liability insurance.

4   "Property damage" is defined in the American Home and ICSOP insurance policies as

5   "physical injury to tangible property." (FAC, Ex. A; Document 94-1, p. 42.) However,

6   the law is well-settled that "strictly economic losses like lost profits, loss of goodwill, loss

7   of the anticipated benefit of a bargain, and loss of an investment, do not constitute damage

8   or injury to tangible property covered by a comprehensive general liability policy."

9   *Giddings v. Industrial Indem. Co.,* 112 Cal.App.3d 213, 219 (1980). Thus, "[n]o coverage

10  and no duty to defend exists[s] if the [underlying action] potentially s[eeks] recovery only

11  for damage to intangible economic interests and property rights." *Id.*

12  Beside the absence of any claim within the policies' grant of coverage, the policies

13  also excluded: "k. Damage to your product [meaning] property damage to your product

14  arising out of it or any part of it." (FAC, Ex. A; Document 94-1, p. 26.) Likewise,

15  exclusion (m) barred coverage for "'property damage' to 'impaired property' or property

16  that has not been physically injured, arising out of . . . a defect, deficiency, inadequacy, or

17  dangerous condition in your product." (FAC, Ex. A; Document 94-1, p. 26.) The policies'

18  exclusion (n) also excluded damages resulting from any recall of defective or dangerous

19  products. (FAC, Ex. A; Document 94-1, p. 26.) Thus, nothing alleged in the class action

20  lawsuits sounded in physical injury to tangible property covered by the Defendant insurers'

21  policies.

22                                          **7.**

23  **SPECULATION ABOUT UNPLED CLAIMS DOES NOT TRIGGER COVERAGE**

24  The October 20, 2008 order denying Atlantic Mutual's motion to dismiss, which

25  Plantronics characterizes as establishing law of the case, was premised on the theoretical

26  possibility that the class plaintiffs could amend their complaints to plead bodily injury

27  claims. While conceding that such claims were expressly disclaimed by the plaintiffs in

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7

9

the complaints then on file, the October 20, 2008 order denying the motion to dismiss stated:

> "Any of the plaintiffs in the Underlying Actions could amend his or her complaint at any time to allege that he or she has suffered damages due to having suffered noise induced hearing loss as a result of using the Bluetooth Headsets they purchased. Any such amended complaint would include covered claims."
>
> (FAC, Ex. 13; Document 49.)

Consequently, the Court found Atlantic Mutual's motion inconclusive, and denied it. (FAC, Ex. 13; Document 49.)

However, an insurer has no duty to speculate about unpled claims, particularly in the face of express disclaimers. Notwithstanding a general obligation to defend if the pleadings or facts give rise to a potential for liability, the insured may not speculate about unpled third party claims to manufacture coverage. There must be something in the existing complaint or other facts known to the insurer indicating a potential for coverage. *Gunderson v. Fire Ins. Exch.*, 37 Cal.App.4th 1106, 1114 (1995) ("[a]n insured may not trigger the duty to defend by speculating about extraneous 'facts' regarding potential liability or ways in which the third party claimant might amend its complaint at some future date"); *Hurley Const. Co. v. State Farm Fire & Cas. Co.*, 10 Cal.App.4th 533, 538 (1992) (no duty to defend based on speculation that existing complaint for conspiracy might be amended to plead property damage); *Westoil Terminals Co., Inc. v. Industrial Indem. Co.*, 110 Cal.App.4th 139, 153-154 (2003) ("Westoil's speculative claim is insufficient to give rise to a duty to defend"); *Storek v. Fidelity & Guar. Ins. Underwriters, Inc.*, 504 F.Supp.2d 803, 812 (N.D. Cal. 2007) (no duty to defend when third party complaint "sets forth neither the facts nor the legal claims necessary to bring the lawsuit within the terms of the policy").

In *San Miguel Community Assn. v. State Farm Gen. Ins. Co.*, 220 Cal.App.4th 798, 809 (2013), the court refused to infer a duty to defend absent any allegation of covered

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7

10

damages. The initial pleading had been limited to claims for injunctive relief and punitive damages, and the insured argued that the insurer wrongfully denied a defense until the plaintiffs filed a second amended complaint actually praying for money damages. While acknowledging the theoretical possibility to claim money damages based on the earlier allegations, the *San Miguel* court held that the insurer was entitled to rely on the allegations actually pled as establishing the relief sought. The court rejected a "rule that insurers must infer the existence of additional allegations not actually included within the underlying third party complaint, merely because it is aware those additional claims might have been plausibly included." *San Miguel, supra*, 220 Cal. App. 4th at 809.

Relevant here, the *San Miguel* court attached particular significance to express admissions from the plaintiffs as to what relief they were seeking: "Perhaps more important, the attorney made it clear that the plaintiffs' goal—the 'gravamen' of their underlying case—was to obtain injunctive relief, and he thus acknowledged that the plaintiffs 'weren't actually looking for a payout on those monetary damages. . . .'" *San Miguel, supra,* 220 Cal. App. 4th at 810.

That result is consistent with the principle that a party is conclusively bound by factual allegations in his or her pleadings in litigation. *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Pleadings frame the issues for trial and define the scope of relevant evidence. Parties may not introduce evidence contrary to their own pleadings. *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983). Thus, the class action complaints tendered by Plantronics not only framed, but also limited, the recovery that would have been available to the class plaintiffs. And Plantronics would have been entitled to an order excluding evidence of damages for physical injury at trial.

Most importantly, both California and federal courts have applied those rules in this precise context to conclude that no duty to defend is triggered under the circumstances presented here. Where, as here, a class action lawsuit expressly disclaims any damages for bodily injury, there is no duty to defend. *Low v. Golden Eagle Ins. Co.*, 99 Cal.App.4th 109 (2002).

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7

11

1    In *Low*, a manufacturer of appetite suppressants was sued in a proposed class action

2    for failure to disclose dangers associated with ingesting Metabolife 356 and other diet drug

3    products containing ephedrine. As here, the complaint expressly alleged that: "Plaintiff

4    expressly disclaims seeking recovery for personal injuries attributable to the use of

5    consumed [sic] the appetite suppressant Metabolife 356 and other diet drug products

6    containing ephedrine in this class action." *Low, supra,* 99 Cal.App.4th at 112. In the

7    following insurance coverage lawsuit over the insurer's declination to defend, the trial and

8    appeals courts agreed that there was no duty to defend.

9        Stating the "familiar proposition that the duty to defend is broader than the duty to

10   indemnify" under precedent including *Gray v. Zurich Insurance Co.*, 65 Cal.2d 263 (1966)

11   and *Montrose Chemical Corp. v. Superior Court*, 6 Cal.4th 287 (1993), the *Low* court

12   found those authorities distinguishable and inapposite. Citing instead *Gunderson* and

13   *Hurley, supra*, the *Low* court stated:

14           "We think these latter precedents [*Gunderson* and *Hurley*] are

15           on point in the circumstances presented on this record. As

16           noted, ante, the *Perez* complaint is not only couched

17           overwhelmingly in class action terms, but the named plaintiff

18           expressly disclaims any interest in seeking recovery of

19           damages for her alleged personal injuries, despite that fact that

20           such an allegation is required to trigger coverage and a related

21           duty to defend under the policy. All told, we think these

22           features take the case beyond even the enlarged pale cast by

23           such duty to defend cases as *Gray* and *Montrose*. True, the

24           complaint is subject to amendment, if leave to do so is granted

25           by the trial court. However, given the nature of the *Perez*

26           action as gleaned from the unamended complaint, revisions to

27           that pleading to eliminate the class action allegations and

28           revoke the plaintiff's disclaimer of any interest in seeking

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7

12

damages for personal injury would in effect substitute one cause of action for another. We think that amounts to speculating about unpled causes of action and runs afoul of the rule enunciated in such cases as *Gunderson* and *Hurley*, cited above, as limiting the sweep of the rule of *Gray* and *Montrose*." *Low, supra,* 99 Cal.App.4th at 113 – 114.

The *Low* decision was subsequently followed in *Upper Deck Co. v. Fed. Ins. Co.,* 358 F.3d 608 (9th Cir. 2004) and *Sony Computer Ent. Am., Inc. v. Am. Home Assur. Co.,* 532 F.3d 1007 (9th Cir. 2008). *Upper Deck* involved a class action over trading cards. The insured was accused of racketeering and unfair business practices for its method of distributing special and more valuable cards with its ordinary trading cards. The specific allegation alleged to trigger coverage for bodily injury was that minors would develop a "habit" of buying and selling the cards, which the insured tried to argue was tantamount to gambling and addiction. However, the court did not agree that this triggered coverage for bodily injury, saying: "A passing reference to a passing fancy is hardly sufficient to sustain even a theoretical recovery under the 'bodily injury or disease' clause." *Upper Deck Co., supra,* 358 F.3d at 615.

*Low* and *Upper Deck* were then cited, and followed, in *Sony Computer,* which involved class action allegations of design defects and false advertising in connection with Sony Playstation games. Sony attempted to argue that allegations that game operation would freeze when discs were inserted into the machine could be read as stating a claim for property damage. However, the court noted that nothing in the record showed an actual claim of resultant property damage covered by liability insurance – the game simply did not operate as advertised. The court rejected a claim that the plaintiffs "might" be able to plead actual property damage, stating:

"Though the duty to defend is broad, 'the insured may not speculate about unpled third party claims to manufacture coverage.' *Hurley Construction Co. v. State Farm Fire & Cas.*

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7

13

*Co.*, 10 Cal.App.4th 533, 538, 12 Cal.Rptr.2d 629 (Ct. App. 1992). California courts have held that no duty to defend attaches where, as here, the third party complaint did not allege the type of damages covered by the policy, and the class representatives explicitly disavowed any interest in the type of damages covered by the policy. See *Low v. Golden Eagle Ins. Co.*, 99 Cal.App.4th 109, 113-14, 120 Cal.Rptr.2d 827 (Ct. App. 2002) (no duty to defend where 'the . . . complaint is . . . couched overwhelmingly in class action terms, but the named plaintiff expressly disclaims any interest in seeking recovery of damages for [the type of damages] . . . required to trigger coverage and a related duty to defend under the policy'); see also *The Upper Deck Co. v. Federal Ins. Co.*, 358 F.3d 608, 615 (9th Cir. 2004) ('Upper Deck asked us to remember that the underlying suit is a class action and that, even if the named plaintiffs did not suffer bodily injury, members of the class could have suffered bodily injury. This argument contradicts the complaint itself, which states [that the named class plaintiffs are typical of the class as a whole.]'). Moreover, the customer complaints of scratches and other damage to discs – which could potentially establish physical damage – were never incorporated into the third party lawsuit. *Gunderson v. Fire Ins. Exch.*, 37 Cal.App.4th 1106, 1116, 44 Cal.Rptr.2d 272 (Ct. App. 1995) (no duty to defend where 'none of the allegations concerning damage to the fence [which could have been covered under the policy] . . . were ever incorporated in [the] complaint against appellants') (emphasis in original). Further, American Home need not rely on the assertions of

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7

14

Sony's own counsel about potential covered claims in

determining whether it has a duty to defend. *Hurley*, 10

Cal.App.4th at 538." *Sony Computer, supra*, 532 F.3d at 1020-

1021.

Those decisions are squarely on point and dispositive. The October 20, 2008 order denying Atlantic Mutual's motion to dismiss was based solely upon general principles governing the duty to defend, holding that it was theoretically possible for the class plaintiffs to amend their complaint to allege damages for noise-induced hearing loss. But the order failed to consider or account for the cases specifically holding that where class action plaintiffs expressly disclaim damages for bodily injury that might destroy the class, the insurer has no duty to defend such lawsuits. It is a maxim of jurisprudence in California that "particular expressions qualify those which are general." Cal. Civ. Code § 3534. In this matter, the specific cases on point are controlling and limit the applicability of more general principles of insurance law.

**8.**

## DENIAL OF A CO-DEFENDANT'S MOTION TO DISMISS DOES NOT PRECLUDE SUMMARY JUDGMENT FOR AMERICAN HOME AND ICSOP

Plantronics places great import on the October 20, 2008 denial of the motion to dismiss brought by Atlantic Mutual Insurance Company. Plantronics amended its complaint to specifically allege that the ruling "is now law of the case." However, that is not correct.

Law of the case is generally a post-appellate doctrine; when an appellate court decides a legal issue, whether explicitly or by necessary implication, that decision becomes "law of the case" as to subsequent proceedings in the same case. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). However, an order denying a motion to dismiss is not a final order or judgment. With few exceptions it is, therefore, not an appealable order. *Chelsea Neighborhood Ass'ns v. United States Postal Serv.*, 516 F.2d 378, 390 (2nd Cir. 1975); *Morin v. Caire*, 77 F.3d 116, 119 (5th Cir. 1996). Such an order

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592 7

15

1 is interlocutory only and "[a] district court has the inherent power to reconsider and modify

2 its interlocutory orders prior to the entry of judgment. . . ." *Smith v. Massachusetts*, 543

3 U.S. 462, 475 (2005).

4 The court's inherent power extends to prior rulings in the same litigation, even if

5 made by a district judge previously presiding in the case, including (where the case has

6 been transferred) a judge of a different court. *Santamarina v. Sears, Roebuck & Co.*, 466

7 F.3d 570, 572 (7th Cir. 2006) (where a district court has misunderstood the party or made

8 error of apprehension, reconsideration may be proper). And, absent a determination of

9 finality, "any order or other decision, however designated, that adjudicates fewer than all

10 the claims or the rights and liabilities of fewer than all the parties does not end the action

11 as to any of the claims or parties and may be revised at any time before the entry of a

12 judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ.

13 P. 54(b).

14 In effect, the denial of Atlantic Mutual's motion to dismiss operates the same as the

15 denial of a summary judgment motion – it is an interlocutory order, not a final judgment,

16 and has no res judicata effect. District courts have discretion to entertain successive

17 summary judgment motions on the same (or different) grounds. Indeed, "a successive

18 motion for summary judgment is particularly appropriate on an expanded factual record."

19 *Hoffman v. Tonnemacher*, 593 F.3d 908, 910-911 (9th Cir. 2010).

20 Moreover, even if law of the case had some application, the doctrine is not a

21 jurisdictional restriction on the reconsideration of legal issues. *Christianson, supra*, 486

22 U.S. at 817 (doctrine "merely expresses the practice of courts generally to refuse to reopen

23 what has been decided, not a limit on their power"). Rather, it is merely a "judicial

24 invention designed to aid in the efficient operation of court affairs." *Milgard Tempering,*

25 *Inc. v. Selas Corp. of America*, 902 F.2d 703, 715 (9th Cir. 1990). And application of the

26 law of the case doctrine is discretionary. *Gonzalez v. Arizona*, 624 F.3d 1162, 1185-1191

27 (9th Cir. 2010). A court may properly exercise its discretion to reconsider a previously-

28 decided issue where the first decision was erroneous or a manifest injustice would

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7

16

otherwise result. *United States v. Scrivner*, 189 F.3d 825, 827 (9th Cir. 1999); *United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1187 (9th Cir. 2001) (manifest injustice basis).

In short, Plantronics is incorrect that the law of the case doctrine applies here, and nothing precludes granting summary judgment for American Home and ICSOP.

**9.**

## THE COURT CAN ENTER JUDGMENT ON THE FIRST AMENDED
## COMPLAINT IN ITS ENTIRETY

This case is particularly amenable to summary judgment. Interpretation of clear and unambiguous contract provisions is a question of law for the court, allowing summary judgment. *Jefferson Block 24 Oil & Gas, L.L.C. v. Aspen Ins. UK Ltd.*, 652 F.3d 584, 589 (5th Cir. 2011) (when contract language is unambiguous, the court discerns parties' intent 'as a matter of law, and summary judgment is thus appropriate'); *F.B.T. Productions, LLC v. Aftermath Records,* 621 F.3d 958, 963-965 (9th Cir. 2010) (contract language defining 'records sold' found unambiguous).

Plantronics claims breach of contract and bad faith for failing to defend or indemnify the underlying claim. Breach of insurance contract has five elements: (1) the insurer had a contractual duty; (2) the insurer had timely notice of claim or it was excused; (3) the insured performed his or her duties; (4) the insurer breached its duty; and (5) the insured was damaged. *Twaite v. Allstate*, 216 Cal.App.3d 239, 264 (1989). But absent facts establishing a claim within coverage there is no duty to pay and, consequently, no breach of contract for declining to do so. *Id.* Thus, Plantronics' second cause of action for breach of contract has no merit.

That same fact also disposes of Plantronics' third cause of action for breach of implied covenant of good faith and fair dealing, because there is no bad faith in the absence of coverage. *Waller v. Truck Ins. Exch.* 11 Cal.4th 1, 36 (1995). At a minimum, genuine dispute of law negates bad faith, as does Defendants' good faith reliance on advice of counsel. *CalFarm Ins. Co. v. Krusiewicz*, 131 Cal.App.4th 273, 286 (2005); *State Farm*

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7

17

1 *Mut. Auto Ins. Co. v. Sup.Ct.*, 228 Cal.App.3d 721, 725-726 (1991). Accordingly,

2 Plantronics' third cause of action has no merit.

3       Finally, declaratory relief is not a substantive claim based on different facts or law,

4 and the fact that Plantronics pleads a cause of action for declaratory relief does not

5 preclude summary judgment. Declaratory relief is not a substantive claim; it merely

6 provides for a particular remedy as a matter of procedure. And a declaratory relief claim is

7 subject to dismissal where it relates to a substantive claim that is invalid as a matter of law.

8 For example, where a plaintiff fails to state sufficient facts to support a statutory claim, the

9 court can dismiss both the statutory claim and an accompanying claim for declaratory

10 relief that is "wholly derivative" of the proposed statutory claim. *Ball v. FleetBoston*

11 *Fin'l. Corp.* 164 Cal.App.4th 794, 800 (2008). Here, Plantronics' cause of action for

12 declaratory relief is wholly dependent on the claims for breach of contract and bad faith

13 which, as discussed above, are without merit as a matter of law.

14 **10.**

15 **CONCLUSION**

16       The class action lawsuits all expressly disclaimed any damages for bodily injury.

17 Under *Low v. Golden Eagle Ins. Co.*, there is no duty to defend such claims. Nor did the

18 class action lawsuits contain any allegations of property damage or personal and

19 advertising injury covered by the American Home or ICSOP policies.

20       The October 20, 2008 order denying Atlantic Mutual Insurance Company's motion

21 to dismiss did not become law of the case. The order was interlocutory only, and failed to

22 consider the controlling case law squarely on point.

23       The facts are undisputed. This Court has the authority to grant summary judgment

24 and should do so.

25       For all of the foregoing reasons, Defendants American Home Assurance Company

26 and The Insurance Company of the State of Pennsylvania respectfully request that the

27 Court grant this motion, and order the entry of judgment in favor of American Home and

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7

18

ICSOP, and against Plaintiff Plantronics, Inc., on the first amended complaint of Plantronics.

Dated: April 8, 2014

HAIGHT BROWN & BONESTEEL LLP

By: _____/s/ Denis J. Moriarty_____
Denis J. Moriarty
Christopher Kendrick
Attorneys for Defendants
AMERICAN HOME ASSURANCE
COMPANY and THE INSURANCE
COMPANY OF THE STATE OF
PENNSYLVANIA

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

AE31-0000003
10043592.7

19